Daniel S. Szalkiewicz, Esq.
VERIDIAN LEGAL P.C.
23 West 73rd Street, Suite 102
New York, New York 10023
Attorneys for the Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RONALD DAVID INGBER and JOHN DOES 1-99,<br><br>　　　　Defendants. | Case No. 25-cv-5478 |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT
OF HER MOTION TO PROCEED UNDER PSEUDONYM**

**Table of Contents**

2

## **Table of Authorities**

**Cases**

K.I. v Tyagi, 2024 US Dist LEXIS 15693, at *1 [D Md Jan. 30, 2024, No. 1:23-cv-02383-JRR])6

S.S. v Collins, 2023 US Dist LEXIS 128451, at *1 (DNJ July 24, 2023, Civil Action No. 23-00892-KMW-AMD]) ................................................................................................................ 6

Sealed Plaintiff v Sealed Defendant #1, 537 F3d 185, 189 [2d Cir 2008] ..................................... 6


**Statutes**

15 U.S.C. § 6851(b)(3)(B) ............................................................................................................. 5

Federal Rule of Civil Procedure ("FRCP") 10(a) ......................................................................... 6

Plaintiff Jane Doe ("Plaintiff"), by and through her attorneys, VERIDIAN LEGAL P.C. respectfully submits this memorandum of law in support of her application for leave to proceed under a pseudonym in this matter.

## **PRELIMINARY STATEMENT**

Plaintiff brings this action after years of harassment by the defendant, RONALD DAVID INGBER ("Ingber" or "Defendant"). The Complaint details how Ingber inserted himself into Plaintiff's life and destroyed her mentally, physically, professionally, and reputationally. The abuses endured by Plaintiff at the hands of Ingber are many and include giving her a sexually transmitted infection; sending her medical records and intimate images to her family, colleagues, and friends; hiring private investigators to follow her and leading her to believe she was being followed at the direction of government officials; harassing her and those associated with her, driving one such individual to commit suicide; surveilling Plaintiff through cameras in her apartment as well as a device installed in her car; and countless other acts delineated in the Complaint.

The stigma and severe harm that Plaintiff would face as a result of the public disclosure of her identity in conjunction with the traumatic and humiliating circumstances of the harassment caused by Defendant require that Plaintiff be permitted to proceed anonymously. Simply put, if Plaintiff is required to reveal her name, Defendant would be able to continue to publicly harass Plaintiff and share her intimate media and medical records online, compounding the harm she has already felt. Given the resulting lack of prejudice to any defendant, this Court should grant Plaintiff's motion.

## FACTUAL BACKGROUND

For the sake of brevity, Plaintiff will not repeat the allegations of her Complaint; rather, she provides the following facts relevant to this application and respectfully directs the Court to her filed Complaint for a full recitation of her claims.

## ARGUMENT

Initially, Plaintiff brings this action under 15 U.S.C. § 6851. The federal statute specifically allows for a plaintiff to proceed anonymously. Specifically, 15 U.S.C. § 6851(b)(3)(B) states "[i]n ordering relief under subparagraph (A), the court may grant injunctive relief maintaining the confidentiality of a plaintiff using a pseudonym." Subparagraph (A) of the statute permits a court to issue a temporary restraining order to restrict the distribution of intimate media.

Since their enactment 15 U.S.C. § 6851, numerous federal courts have permitted Plaintiff to proceed under similar circumstances using their initials. See S.S. v Collins, 2023 US Dist LEXIS 128451, at *1 (DNJ July 24, 2023, Civil Action No. 23-00892-KMW-AMD]); see also K.I. v Tyagi, 2024 US Dist LEXIS 15693, at *1 [D Md Jan. 30, 2024, No. 1:23-cv-02383-JRR]).

Likewise, while Federal Rule of Civil Procedure ("FRCP") 10(a) "generally requires parties to a Likewise, while Federal Rule of Civil Procedure ("FRCP") 10(a) generally requires parties to a lawsuit to expressly identify themselves in their respective pleadings, New York courts "have nevertheless 'carved out a limited number of exceptions to the general requirement of disclosure [of the names of the parties], which permit plaintiffs to proceed anonymously" (Sealed Plaintiff v Sealed Defendant #1, 537 F3d 185, 189 [2d Cir 2008]). In Sealed Plaintiff, the Second Court of Appeals endorsed the Ninth Circuit's balancing test, specifically stating that

5

"a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs (1) prejudice to the opposing party and (2) the public's interest in knowing the party's identity." (Id.).   The Second Circuit Court of Appeals further elaborated that "several factors" should be considered, including the following "non-exhaustive" list:

>  1. whether the litigation involves matters that are 'highly sensitive and of a personal nature[;]'
>  2. whether identification poses a risk of retaliatory physical or mental harm to the…party [seeking to proceed anonymously] or even more critically, to innocent non-parties
>  3. whether identification presents other harms and the likely severity of those harms…including whether 'the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity,'
>  4. whether the plaintiff is particularly vulnerable to the possible harms of disclosure… particularly in light of his age…
>  5. whether the suit is challenging the actions of the government or that of private parties,
>  6. whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court…
>  7. whether the plaintiff's identity has thus far been kept confidential…
>  8. whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity…
>  9. 'whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities,'; and
>  10. whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.
>  (Id. at 190, citations omitted).

There can be no doubt that these factors weigh in favor of allowing Plaintiff to proceed using her initials.

First, this litigation involves intimate imagery of Plaintiff, including intimate and sexually graphic content.  Plaintiff's intimate parts are visible in the images and some show her engaging in sexual acts.  The images are highly sensitive and personal in nature.  Second, further

6

dissemination of the content – which Defendant has already disseminated without Plaintiff's permission or consent – and public linking of Plaintiff's name to Defendant's bad acts poses a mental harm to Plaintiff and is needlessly revictimizing. Third, Defendant's goal was to cause Plaintiff maximum humiliation; should Plaintiff be forced to proceed using her true name, this Court will only be assisting Defendant in reaching that goal. Fourth, while Plaintiff is not underage, she holds a professional license which may be impacted if Defendant uses this lawsuit as a means to continue to harass her. Fifth, the suit is challenging the private actions of Defendant and has no relation to government action. Sixth, Defendant is very aware of Plaintiff's true identity as he was in a serious relationship for an extended period of time. Seventh, this litigation was commenced by Plaintiff as "Jane Doe[.]" To date, Plaintiff's identity has been confidential. Any public filing made by Jane Doe has used a pseudonym. Plaintiff has not made any public statements regarding the embarrassment and harm caused by Defendant in her name. Plaintiff's name is not known to the public at large and she leads a private life. Eighth, as both parties are private individuals, there is very little public interest in the litigation. Ninth, the issues involved, while salacious, are legal in nature. Tenth, Plaintiff is not aware of any other mechanism to protect her reputation and confidentiality.

      Plaintiff tolerated Defendant's lingering harassment for years out of fear that Defendant would further publicly humiliate her and with the hope that eventually, with the passing of enough time, Defendant's harassment would end. Unfortunately, Defendant's messages have slowed but not stopped, leaving Plaintiff to bring the instant lawsuit. Plaintiff only brought this action after she received a domestic violence restraining order for fear that, without one, her physical safety would be in jeopardy.

      Plaintiff should be permitted to continue to use a pseudonym and, if one is granted,

should be allowed to litigate with some comfort that Defendant will not post her intimate images or other identifying imagery or information onto the docket which would undermine an order permitting her to proceed using a pseudonym.

Dated: September 30, 2025

                                                      Respectfully submitted

                                                      <u>Daniel S. Szalkiewicz, Esq.</u>
                                                      **Veridian Legal, P.C.**
                                                      Daniel S. Szalkiewicz, Esq.
                                                      23 West 73rd Street, Suite 102
                                                      New York, New York 10023
                                                      (212) 706-1007
                                                      daniel@veridianlegal.com
                                                      Attorneys for Plaintiff