UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------x
JANE DOE,

                Plaintiff,

     -against-

RONALD DAVID INGBER and JOHN DOES 1-99,

                Defendants.

--------------------------------------------------------------------------x

Docket No. 25-cv-5478 (PK)

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO CHANGE VENUE

**GUERCIO & GUERCIO LLP**
*Attorneys for Defendant*
*Ronald Ingber*
Adam I. Kleinberg
Connor Mulry
77 Conklin Street
Farmingdale, New York 11735
(516) 694-3000

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ...................................................................................1

**STATEMENT OF FACTS**.........................................................................................1

**STANDARD OF REVIEW**.........................................................................................2

**ARGUMENT**.............................................................................................................4

    **THE COURT SHOULD ASSIGN THIS CASE TO THE CENTRAL ISLIP COURTHOUSE** ...............................................................................4

    1. Plaintiff Could Have Brought Suit in the Central Islip Division ................................4

    2. Convenience and Attendance of the Witnesses............................................................5

    3. Location of Relevant Documents and Ease of Accessibility to These Source of Proof.........................................................................................................................5

    4. Location of Operative Facts ........................................................................................5

    5. Relative Familiarity of the Forum with the Governing Law........................................5

    6. The Interests of Justice ................................................................................................6

**CONCLUSION** ........................................................................................................6

# TABLE OF AUTHORITIES

**Cases**

*Arma v. Buyseasons, Inc.*,
  591 F. Supp. 2d 637, 650-51 (S.D.N.Y. 2008) .............................................................6

*Corley v. United States*,
  11 F.4th 79, 89 (2d Cir. 2021) ....................................................................................4

*D.H. Blair & Co., Inc. v. Gottdiener*,
  462 F.3d 95, 107 (2d Cir. 2006) ..................................................................................6

*Mulgrew v. United States Dep't of Transp.*,
  717 F. Supp. 3d 281 (E.D.N.Y. 2024) .........................................................................4

*Powell v. Grajales*,
  2025 U.S. Dist. LEXIS 14833, *3-4 (E.D.N.Y. 2025) ...........................................4, 6

*Travelers Indem. Co. of Am. v. Allied World Nat'l Assur. Co.*,
  2025 U.S. Dist. LEXIS 18266, 2* (E.D.N.Y. 2025) .....................................................6

## PRELIMINARY STATEMENT

Defendant seeks the removal of this matter from the Brooklyn courthouse of the Eastern District of New York to its Central Islip courthouse. Put plainly, there is no indication in the Complaint that any alleged transgression took place in Brooklyn or anywhere else in New York City. Nor does Plaintiff allege that any relevant document or witness is located in Brooklyn for the purposes of this litigation. Conversely, the allegations concern events, documents, and or/witnesses that allegedly occurred or are located in Nassau County or Suffolk County, New York or New Jersey as plaintiff alleges in her complaint.

Plaintiff's counsel is aware of this but improperly completed the civil cover sheet, failing to indicate the location of these events. Moreover, plaintiff improperly failed to indicate that defendant resides in Suffolk County when questioned on the civil cover sheet. Whether this was intentional or not, it should not be permitted. Nor should forum shopping be permitted. In the interests of justice, defendant respectfully requests this Court remove this matter to the Central Islip courthouse.

## STATEMENT OF FACTS

Plaintiff commenced suit on October 1, 2025. (ECF Doc. No. 1.) Plaintiff sets forth nine causes of action under federal and state law. Plaintiff, mistakenly or otherwise, also claims "[v]enue in this District is appropriate pursuant to 28 U.S.C. § 1391, as the ***District Court of New Jersey…is the Judicial District in which a substantial part of the events forming the basis of the Complaint occurred***" (emphasis added), despite filing this action in the Eastern District of New York. (*Id.*, ¶ 22.)

Plaintiff alleges she and defendant dated on-and-off between 2018 and 2022. (*Id.*, ¶¶ 23, 123.) At the beginning of their alleged relationship (2018 and/or 2019), plaintiff resided in New Jersey, while defendant resided in Dix Hills, in Suffolk County, NY. (*Id.*, ¶¶ 24-25.) Plaintiff

frequently made trips to Nassau and Suffolk County to visit defendant at this time. (*Id.*, ¶ 31.) The two stopped seeing each other sometime in 2019 but allegedly continued their relationship in 2020. (*Id.*, ¶¶ 36-41.)

The bulk of the at-issue allegations asserted occurred in 2021 and 2022; during that time defendant allegedly paid for plaintiff to have an apartment in Nassau County where she principally resided until September 2022. (*Id.* ¶¶ 46-123.) And while plaintiff sets forth vague allegations regarding defendant's conduct after the relationship ended in November 2022 (and at the time she resided in New Jersey), she does not claim anything took place in or around Brooklyn. (*Id.* ¶¶ 124-177.)

As for non-party witnesses, plaintiff asserts she has family and friends who reside in New Jersey but does not specify where. (*Id.*, ¶¶ 64, 71, 106.) Plaintiff's parents either live or lived in Florida in October 2022. (*Id.* ¶ 121.) Plaintiff also names an employee of defendant's law firm in Nassau County as a prospective witness. (*Id.* ¶¶ 25, 70.) Finally, plaintiff references an "ex-boyfriend" in her complaint, but that individual committed suicide. (*Id.* ¶¶ 154-159.) Thus, plaintiff does not allege any relevant witnesses resides in Brooklyn.

As for relevant documentation, plaintiff appears to claim text messages, emails, and online messages as her chief "support" to substantiate her claims. (*Id.* ¶¶ 27-28, 43, 52-55, 90-94, 117, 154, 161-177.) Thus, most documentation should be readily accessible to either party electronically. Plaintiff also cites electronic devices (including cameras), photographs, and "gifts" as prospective evidence. (*Id.* ¶¶ 45, 56-63.) Again, plaintiff does not maintain (and there is no reason to believe) any of this evidence is located in or near Brooklyn.

Attached to plaintiff's Complaint is a civil cover sheet (ECF Doc No. 1, Attachment 1). The sheet contains knowingly wrong information.

Questions 3(a) asked: "Did a substantial part of the events or omissions giving rise to claim or claims occur in Nassau or Suffolk?" to which plaintiff answered "No." This is false. As mentioned, most allegations pertain to the time period where plaintiff admittedly resided in Nassau County. (ECF Doc No. 1, ¶¶ 46-123.) Preceding then, plaintiff frequented Nassau or Suffolk County to see defendant. (*Id*., ¶ 31.) And after November 2022, plaintiff resided in New Jersey. (*Id*. ¶¶ 124-177.)

Question 3(b) asked: "Do the majority of defendants reside in Nassau or Suffolk County?", which is also answered "No." Again, this is false. The only identified defendant resides in Suffolk County. (*Id*., ¶ 25.)

Question 3(c) asked, "Is a substantial amount of any property at issue located in Nassau or Suffolk County?" which plaintiff answered "No." While plaintiff does not explicitly identify the location of any at-issue physical property, there is nothing to suggest such property is located in or near Brooklyn as opposed to Long Island.

## ARGUMENT

### THE COURT SHOULD ASSIGN THIS CASE TO THE CENTRAL ISLIP COURTHOUSE

The Rules for the Division of Business for the Eastern District of New York provides "[a] civil case shall be designated a Central Islip case if . . . a substantial part of the events or omissions giving rise to the claim or claims occurred in Nassau or Suffolk County.") Rule 1(d)(3).[1]  For the reasons set forth herein, this case should be transferred to the Central Islip courthouse.

"Under 28 U.S.C. § 1404(a), a district court has discretion to transfer an action to another district court '[f]or the convenience of parties and witnesses, in the interest of justice.'" *Corley v. United States*, 11 F.4th 79, 89 (2d Cir. 2021) (quoting 28 U.S.C. § 1404(a)). A motion to transfer requires a two-step inquiry. First, the Court must determine whether the case could have been brought in the proposed transferee district. *See Mulgrew v. United States Dep't of Transp*., 717 F. Supp. 3d 281, 286 (E.D.N.Y. 2024). Second, the Court must determine whether transfer of the case is appropriate. *Id.* at 286. For this, the Court looks to several factors, including: (1) weight accorded to plaintiff's choice of forum; (2) convenience of witnesses; (3) convenience of parties; (4) locus of operative facts; (5) availability of process to compel the attendance of unwilling witnesses; (6) location of relevant documents and other sources of proof; (7) relative financial means of the parties; (8) relative familiarity of the forum with the governing law; and (9) the interests of justice. *Powell v. Grajales*, 2025 U.S. Dist. LEXIS 148331, *3-4 (E.D.N.Y. 2025).

### *1. Plaintiff Could Have Brought Suit in the Central Islip Division*

This suit should have been brought in the Central Islip division of the Court. There is a federal claim and diversity jurisdiction is also alleged thus federal jurisdiction applies. Plaintiff is a New Jersey resident and defendant is a New York resident residing in Suffolk County. (ECF Doc

---

[1] The rules are available here: https://img.nyed.uscourts.gov/files/local_rules/Rules4_DOB.pdf.

No. 1, ¶¶ 17-18.) And, as discussed above, the at-issue allegations primarily occurred in Nassau and/or Suffolk County. (*Id*., ¶¶ 23-123.) Whether an oversight, a preference, or outright forum shopping, none of them justify ignoring the obligation to provide accurate information to the Court on the Civil Cover Sheet. Had plaintiff correctly completed it, the case would have been assigned appropriately.

### 2. Convenience and Attendance of the Witnesses

The key, primary witnesses identified are plaintiff and defendant who reside in New Jersey and Suffolk County, respectively. None of the other alleged witnesses reside in Brooklyn. It is axiomatic to litigate this matter in Brooklyn when not a single party or non-party witness resides there.

### 3. Location of Relevant Documents and Ease of Accessibility to These Source of Proof

As mentioned, most discovery materials appear to be available electronically to both parties. And there is no reason to suggest any physical evidence is in, or is in close proximity to, Brooklyn.

### 4. Location of Operative Facts

The events are alleged to have taken place primarily in Nassau and/or Suffolk County. From 2018 to 2019, plaintiff frequently made trips to Nassau and Suffolk County to visit defendant. (*Id*., ¶ 31.) And most allegations asserted occurred between 2021 and November 2022 while plaintiff largely resided in Nassau County. (*Id*. ¶¶ 46-123.) Plaintiff does not claim any issue with defendant occurred in or around Brooklyn. (*Id*. ¶¶ 124-177.)

### 5. Relative Familiarity of the Forum with the Governing Law

With respect to the relative familiarity of each district with governing law, both courthouses lie within the same jurisdiction are equally equipped to handle the causes of action. When this is

the case, this factor is a neutral one. *See Powell, 2*025 U.S. Dist. LEXIS 148331 at *11; *Arma v. Buyseasons, Inc.*, 591 F. Supp. 2d 637, 650-51 (S.D.N.Y. 2008) (the court will turn to other more significant factors where both potential districts are "well-equipped" to preside over the claims).

### 6. The Interests of Justice

Finally, a transfer to Central Islip would best serve the interests of justice. While a plaintiff's initial choice of venue is ordinarily afforded "great weight," *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 107 (2d Cir. 2006), that choice receives less deference when the "facts giving rise to the action have no . . . significant connection to the plaintiff's chosen forum." *Travelers Indem. Co. of Am. v. Allied World Nat'l Assur. Co.*, 2025 U.S. Dist. LEXIS 182665, *2 (E.D.N.Y. 2025) (quotation omitted).

Where, as here, the complaint reveals no factual connection whatsoever to Brooklyn, plaintiff's initial choice of venue should be afforded "little weight." *See id*. And because the events underlying this case largely occurred in the Suffolk and or Nassau County, the "locus of operative facts" (and all other related factors, including witnesses and documentation) plainly lies in Central Islip.

**CONCLUSION**

For all of the foregoing reasons, defendant respectfully submits that this Court should reassign this matter to the Central Islip courthouse, together with such other and further relief as this Court may deem just, equitable, and proper.

Dated: Farmingdale, New York
     October 20, 2025

                            **GUERCIO & GUERCIO LLP**
                            *Attorneys for Defendant*

                            _____
          By:    Adam I. Kleinberg
               Connor Mulry

77 Conklin Street
Farmingdale, NY 11735
(516) 694-3000