UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x
JANE DOE,

                Plaintiff,

   -against-

RONALD DAVID INGBER and JOHN DOES 1-99,

                Defendants.

-------------------------------------------------------------------------------x

Docket No. 25-cv-5478 (PK)

# DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO PROCEED UNDER A PSEUDONYM AND IN THE ALTERNATIVE IN SUPPORT OF THE CROSS-MOTION

GUERCIO & GUERCIO LLP
*Attorneys for Defendant*
*Ronald Ingber*
Adam I. Kleinberg
Connor Mulry
77 Conklin Street
Farmingdale, New York 11735
(516) 694-3000

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ...................................................................................................1

**STATEMENT OF FACTS**..........................................................................................................1

**ARGUMENT** ................................................................................................................................3

    **POINT I.  PLAINTIFF SHOULD NOT BE PERMITTED TO PROCEED ANONYMOUSLY** ................................................................................................3

        1. Matters of a Highly Sensitive and Personal Nature .......................................................4

        2. Risk of Physical Retaliation or Mental Harm and Likelihood and Severity of the Harm ........................................................................................................5

        3. Vulnerability and Age of Plaintiff..................................................................................6

        4. Government or Private Actor .........................................................................................6

        5. Prejudice to Defendant ...................................................................................................6

        6. Status of Confidentiality in the Proceedings .................................................................7

        7. The Public Interest .........................................................................................................7

        8. Alternative Protections...................................................................................................9

    **POINT II.  IF THE COURT GRANTS PLAINTIFFS' MOTION TO PROCEED UNDER A PSEUDONYM DEFENDANT SHOULD BE PERMITTED TO PROCEED ANONYMOUSLY** ...................................................................9

        1. Matters of a Highly Sensitive and Personal Nature .......................................................9

        2. Risk of Physical Retaliation or Mental Harm and Likelihood and Severity of the Harm ......................................................................................................10

        3. Vulnerability and Age of Plaintiff................................................................................10

        4. Government or Private Actor .......................................................................................10

        5. Prejudice to Plaintiff.....................................................................................................10

        6. Status of Confidentiality in the Proceedings ...............................................................11

        7. The Public Interest .......................................................................................................11

8. Alternative Protections ...............................................................................................11

**POINT III.  DEFENDANT SHOULD BE ALLOWED TO FILE DECLARATION UNDER SEAL** ....................................................................................................11

**CONCLUSION** ........................................................................................................................12

# TABLE OF AUTHORITIES

**Cases**

*Doe 1 v. Branca USA, Inc.*,
   No. 22-cv-3806 (LJL), 2022 U.S. Dist. LEXIS 124177, 2022 WL 2713543, at *2
   (S.D.N.Y. July 13, 2022) .................................................................................................. 4, 8

*Doe v. Alexander ("Alexander I")*,
   No. 25-cv-1631 (JAV), 2025 U.S. Dist. LEXIS 45325, 2025 WL 784913, at *1
   (S.D.N.Y. Mar. 12, 2025) ................................................................................................. 3, 9

*Doe v. Alexander ("Alexander III")*,
   2025 U.S. Dist. LEXIS 101520 at *6, 13............................................................................ 4, 5

*Doe v. Combs ("Combs I")*,
   No. 24-cv-8852 (JPC), 2025 U.S. Dist. LEXIS 59448, 2025 WL 950685, at *2
   (S.D.N.Y. Mar. 28, 2025) ............................................................................................ *passim*

*Doe v. Combs ("Combs II")*,
   No. 24-cv-7777 (LJL), 2025 U.S. Dist. LEXIS 40940, 2025 WL 722790, at *3
   (S.D.N.Y. Mar. 6, 2025) ......................................................................................................... 5

*Doe v. Combs ("Combs IV")*,
   No. 24-cv-7777 (LJL), 2025 U.S. Dist. LEXIS 40940, 2025 WL 722790, at *3
   (S.D.N.Y. Mar. 6, 2025) ......................................................................................................... 6

*Doe v. Combs ("Combs V")*,
   No. 24-cv-8810 (LAK), 2025 U.S. Dist. LEXIS 11664, 2025 WL 268515, at *4
   (S.D.N.Y. Jan. 22, 2025)......................................................................................................... 8

*Doe v. Freydin*,
   No. 21-cv-8371 (NRB), 2021 U.S. Dist. LEXIS 208637, 2021 WL 4991731, at *3
    (S.D.N.Y. Oct. 27, 2021) ........................................................................................................ 7

*Doe v. Solera Cap. LLC*,
   No. 18-cv- 1769 (ER), 2019 U.S. Dist. LEXIS 55860, 2019 WL 1437520, at *6
   (S.D.N.Y. Mar. 31, 2019). ....................................................................................................... 6

*Doe v. United States*,
   No. 16-cv- 7256 (JGK), 2017 U.S. Dist. LEXIS 83745, 2017 WL 2389701, at *3
   (S.D.N.Y. 2017) ...................................................................................................................... 6

*Doe v. Weinstein*,
   484 F. Supp. 3d 90, 94 (S.D.N.Y. 2020) ................................................................................. 4

*Sealed Plaintiff v. Sealed Defendant*,
   537 F.3d 185, 189 (2d Cir. 2008)..................................................................................... *passim*

*Shakur*,
   164 F.R.D. 359, 361 (S.D.N.Y. 1996) ................................................................................ 6, 7

*United States v. Pilcher*,
   950 F.3d 39, 45 (2d Cir. 2020).................................................................................................. 3

## PRELIMINARY STATEMENT

The named defendant in this matter submits this memorandum of law in support of his motion to: (i) oppose plaintiff's motion to proceed under a pseudonym; and (ii) alternatively, cross move to allow himself to proceed under a pseudonym should the Court grant plaintiff's motion.

In sum, the factors considered by the Second Circuit in deciding whether a plaintiff may proceed anonymously do not weigh in favor of the instant plaintiff, Jane Doe. Courts in this jurisdiction have repeatedly held that similar cases require plaintiffs to proceed using their full names in the interests of parity and justice. We ask the Court to reach the same conclusion here.

Alternatively, defendant should be permitted to proceed under a pseudonym if plaintiff is afforded that same protection. Defendant has suffered severe emotional distress, ridicule, and embarrassment already due to plaintiff's salacious claims. For instance, a fat-shaming New York Post article ran almost immediately with the filing of this lawsuit. So, from the very outset of this litigation, and without any opportunity to defend himself, defendant has been publicly named and exposed to reputational harm while plaintiff currently proceeds under a pseudonym. If the Court decides to grant plaintiff's motion, defendant should be afforded reciprocal treatment by the Court in the interest of fairness and due process.

## STATEMENT OF FACTS

We are constrained at this early juncture by plaintiff's tortured version of events. Nonetheless, plaintiff initiated this lawsuit on October 1, 2025. (ECF Doc. No. 1.) Plaintiff sets forth nine causes of action under federal and state law. (ECF Doc. No. 1 at pp. 29-40.)

Plaintiff alleges she and defendant dated on-and-off between 2018 and 2022. (*Id*., ¶¶ 23, 123.) The bulk of the allegations asserted occurred between 2021 and 2022; during that time defendant allegedly bought plaintiff an apartment in Nassau County, and she principally resided

there until November 2022 when she left to live in New Jersey where her family resides. (*Id*. ¶¶ 13-15, 46-123.)

Plaintiff contends defendant: (i) knowingly gave plaintiff a sexually transmitted disease ("STD"), (ii) invaded her personal privacy to gain access to electronic devices, (iii) falsified correspondence from a New Jersey prosecutor's office, (iv) issued correspondence implicating plaintiff as a prostitute, (v) disseminated intimate photos of plaintiff to her friends, family members, and ex-boyfriends, and (vi) sent harassing text messages, among other purported malfeasances. (*Id*., ¶¶ 28-30, 36-38, 43-45, 90-102, 117-119, 124-129, 154, 163, 165-166, 170-175.)

On October 11, 2025, the New York Post published an article about this case, entitled: "*550-pound NY lawyer allegedly stalked mistress, blasted out revenge porn after breakup*." A link to the article can be found here: https://nypost.com/2025/10/11/us-news/obese-new-york-lawyer-stalked-girlfriend-blasted-out-revenge-porn-after-breakup-lawsuit/.

The first three sentences of the article reads: "He did this with a heavy heart. A smelly, morbidly-obese married Long Island lawyer allegedly tormented his much younger lover for years — setting up secret cameras in her apartment, a tracker in her car, and a keystroke recorder on her computer. [Defendant] allegedly manipulated the Bergen County woman until she was isolated from her family and dependent on him, then blasted out sexual photos and videos of her to friends and family when she tried to leave, she said in a lawsuit." *Id*.

In addition to the facts mentioned above, we refer the Court to the declaration of defendant, filed in opposition to plaintiff's motion and in support of the cross-motion, for additional relevant facts pertaining to this matter.

## ARGUMENT

**POINT I:    PLAINTIFF SHOULD NOT BE PERMITTED TO PROCEED ANONYMOUSLY**

Federal Rule of Civil Procedure 10(a) requires that a complaint "name all the parties." A district court, however, has "discretion to grant an exception" and "allow a party to proceed under a pseudonym." *Doe v. Alexander ("Alexander I")*, No. 25-cv-1631 (JAV), 2025 U.S. Dist. LEXIS 45325, 2025 WL 784913, at *1 (S.D.N.Y. Mar. 12, 2025). "[W]hen determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008). "[P]seudonyms are the exception and not the rule, and in order to receive the protections of anonymity, a party must make a case rebutting that presumption." *United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020).

The Second Circuit has set forth ten non-exhaustive factors for courts to balance when ruling on a motion to proceed anonymously. They are: (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously, or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure particularly in light of his or her age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his or her claims anonymously, whether the nature of the prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept

confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose her identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff. *Id.* at 189-90. "[A] district court is not required to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion." *Sealed Plaintiff*, 537 F.3d at 191 n.4.

### *1. Matters of a Highly Sensitive and Personal Nature*

The first factor asks whether the litigation involves matters of a highly sensitive and personal nature. *Sealed Plaintiff*, 537 F.3d at 190.

Defendant acknowledges the allegations contain sensitive and personal subject matter between the parties, but this alone does not entitle plaintiff to proceed under a pseudonym. New York courts have repeatedly found cases involving allegations of sexual assault (of which there are none here) do not automatically entitle a plaintiff to proceed under a pseudonym. *See Doe v. Alexander ("Alexander III")*, 2025 U.S. Dist. LEXIS 101520 at *6, 13 (citing *Doe v. Alexander ("Alexander II")*, No. 25-cv-2107 (LJL), 2025 U.S. Dist. LEXIS 72806, 2025 WL 1126617, at *2 (S.D.N.Y. Apr. 16, 2025) (internal quotation marks omitted); *see also, e.g., Doe v. Combs ("Combs I")*, No. 24-cv-8852 (JPC), 2025 U.S. Dist. LEXIS 59448, 2025 WL 950685, at *2 (S.D.N.Y. Mar. 28, 2025); *Alexander I*, 2025 U.S. Dist. LEXIS 45325, 2025 WL 784913, at *2; *Doe 1 v. Branca USA, Inc.,* No. 22-cv-3806 (LJL), 2022 U.S. Dist. LEXIS 124177, 2022 WL 2713543, at *2 (S.D.N.Y. July 13, 2022); *Doe v. Weinstein*, 484 F. Supp. 3d 90, 94 (S.D.N.Y. 2020).

Although the allegations levied against defendant may be shocking when taken at face value, they do not rise to the level of comparable cases that assert even more monstrous charges against those accused. *See id*.

### *2. Risk of Physical Retaliation or Mental Harm and Likelihood and Severity of the Harm*

The second and third factors consider the potential risks of disclosing plaintiff's identity, specifically "whether disclosure of the plaintiff's name in the course of the lawsuit would uniquely cause harm and how grave the resultant harm would prove to be." *Alexander III*, 2025 U.S. Dist. LEXIS 101520, *6-7 (citation omitted). A plaintiff must therefore "establish with sufficient specificity the incremental injury that would result from disclosure of her identity." *Id*. (internal quotation marks omitted). "[S]peculative claims of physical or mental harms are insufficient to bolster a request for anonymity." *Doe v. Combs ("Combs II")*, No. 24-cv-7777 (LJL), 2025 U.S. Dist. LEXIS 40940, 2025 WL 722790, at *3 (S.D.N.Y. Mar. 6, 2025) (quoting *Doe v. Skyline Autos. Inc.*, 375 F. Supp. 3d 401, 406 (S.D.N.Y. 2019)).

This second factor weighs against plaintiff. She left defendant in November 2022, moving from New York to New Jersey. (ECF Doc. No. 1, ¶¶ 13-15.) While she levies vague assertions that defendant contacted her thereafter, not once does she clearly identify defendant as the source of any specific communication. (*Id*., ¶¶ 163, 165-166, 170-175.) Nor does she claim to have seen defendant once since she moved in November 2022. Her proffer that defendant may disseminate intimate photos again is purely speculative and insufficient. (ECF Doc. No. 2-1 at pp. 6-7; *see also Alexander III*, 2025 U.S. Dist. LEXIS 101520, *7.)

The same is true of the third factor. Plaintiff and defendant are well aware of one another's identity, so "permitting [her] to proceed anonymously would do nothing to protect [her] from future retaliat[ion] because [Defendant is] already aware of [her] identity." *Doe v. United States*,

5

No. 16-cv- 7256 (JGK), 2017 U.S. Dist. LEXIS 83745, 2017 WL 2389701, at *3 (S.D.N.Y. 2017); *see also Shakur*, 164 F.R.D. at 362 (denying similar request in part because "those who presumably would have any animosity toward [the plaintiff] already know her true identity.") Her unfounded, speculative contention that defendant intended her "maximum humiliation" is untrue but more importantly should have no bearing on the Court in weighing this factor. (ECF Doc. No. 2-1 at p. 7.)

### *3. Vulnerability and Age of Plaintiff*

The fourth factor also weighs against plaintiff. Courts have been readier to protect the privacy interest of minors in legal proceedings than of adults. *See Doe v. Combs* ("*Combs IV*"), No. 24-cv-7777 (LJL), 2025 U.S. Dist. LEXIS 40940, 2025 WL 722790, at *3 (S.D.N.Y. Mar. 6, 2025). Plaintiff acknowledges that she is not underage and is in her mid-thirties. (ECF Doc. No. 1, ¶ 24; ECF Doc. No. 2-1 at p. 7.)

### *4. Government or Private Actor*

As to the fifth factor, the Court must consider "whether the suit . . . challeng[es] the actions of the government or that of private parties." *Sealed Plaintiff*, 537 F.3d at 190. A plaintiff's interest in proceeding anonymously is stronger where "a lawsuit challenges governmental actions, actors, or policies." *Doe v. Solera Cap. LLC*, No. 18-cv- 1769 (ER), 2019 U.S. Dist. LEXIS 55860, 2019 WL 1437520, at *6 (S.D.N.Y. Mar. 31, 2019). Here, plaintiff and defendant are private citizens and so this factor also weighs against granting plaintiff's motion.

### *5. Prejudice to Defendant*

Factor six examines "whether the defendant is prejudiced by allowing the plaintiff to press h[er] claims anonymously." *Sealed Plaintiff*, 537 F.3d at 190. "In assessing whether such prejudice exists, courts examine the reputational damage to defendants, difficulties in conducting discovery,

and fundamental fairness of proceeding anonymously." *Combs I, 2025*, U.S. Dist. LEXIS 59448, 2025 WL 950685, at *5.

Plaintiff's only contention regarding this factor is that defendant "is very aware of Plaintiff's identity." (ECF Doc. No. 2-1 at p. 7.) This is insufficient to tilt this factor in her favor because, even where a defendant knows the plaintiff's identity, "concealment of plaintiff's identity from the public can still hamper defendants' ability to conduct discovery." *Doe v. Freydin*, No. 21-cv-8371 (NRB), 2021 U.S. Dist. LEXIS 208637, 2021 WL 4991731, at *3 (S.D.N.Y. Oct. 27, 2021). For example, "persons with information about [p]laintiff or her allegations that would be helpful to the defense but were unknown to the defendant might not come forward." *Alexander I*, 2025 U.S. Dist. LEXIS 45325 at *3 (alterations and internal quotation marks omitted).

Moreover, plaintiff "has made serious charges and has put her credibility in issue" by bringing this action. *Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996). "Fairness requires that she be prepared to stand behind her charges publicly." *Id*. Accordingly, this factor too weighs against granting plaintiff's motion.

### 6. Status of Confidentiality in the Proceedings

Factor seven considers whether plaintiff's identity has been kept confidential. Plaintiff claims her identify has been kept confidential. (ECF Doc. No. 2-1 at p. 7.) But even if plaintiff's name was not already within public circulation, this factor would be entitled to little weight and is certainly "not significant enough to tip the scales [in her favor]" *Freydin*, 2021 U.S. Dist. LEXIS 208637 at *3.

### 7. The Public Interest

The eighth factor considers "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose h[er] identity." *Sealed Plaintiff*, 537 F.3d at 190. "Courts have

7

put weight on the right of the public to know the identity of the litigants as well as on the interest of the accused to be able publicly to confront the accuser." *Branca*, 2022 U.S. Dist. LEXIS 124177 at \*2. Courts require "something more…to rebut the presumption of public access…[and] something more frequently has to be evidence of real (and not conclusory) harm that is substantial and that will flow directly from and is directly linked to disclosure of the party's name." *Id*.

As discussed, plaintiff has not provided anything but speculative harm. (*supra* Point II (2).) And clearly there is public interest in this litigation, considering a major newspaper published a news article about the case just days after plaintiff filed suit. The nature of plaintiff's allegations were designed to embarrass defendant, try to destroy his life, and generate publicity while Plaintiff hides behind the protections of pseudonymity. The referenced article demonstrates this. Plaintiff should not be permitted to use the complaint as a sword and a pseudonym as a shield.

Plaintiff's desire to remain anonymous considering the intimate nature of the subject matter at issue is also insufficient to tip the eighth factor in her favor. *See Doe v. Combs* ("*Combs V*"), No. 24-cv-8810 (LAK), 2025 U.S. Dist. LEXIS 11664, 2025 WL 268515, at \*4 (S.D.N.Y. Jan. 22, 2025) (denying leave to proceed anonymously despite "potential chilling effect" because "furthering this interest does not require maintaining the anonymity of every person who alleges sexual assault or other misconduct of a highly personal nature." (internal quotation marks omitted)).

Nor does the ninth factor apply in this case. That factor asks "whether, because of the purely legal nature of the issues presented…, there is an atypically weak public interest in knowing the litigants' identities." *Sealed Plaintiff*, 537 F.3d at 190.

Despite Plaintiff's bold claim to the contrary (ECF Doc. No. 2-1 at p. 7.), her "claims are factual in nature, which weighs against anonymity." *Combs I*, 2025 U.S. Dist. LEXIS 59448 at \*5

(internal quotation marks omitted). In fact, the complaint is littered with allegations irrelevant to the causes of action set forth.

### 8. Alternative Protections

Finally, the tenth factor considers "whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff." *Sealed Plaintiff*, 537 F.3 at 190. "Plaintiff can seek less drastic remedies that blanket anonymity, such as redactions to protect particularly sensitive information or a protective order." *Combs I*, 2025 U.S. Dist. LEXIS 59448, 2025 WL 950685, at *6; *see also Alexander* I, 2025 U.S. Dist. LEXIS 45325, 2025 WL 784913, at *5 (same). This factor weighs against Plaintiff.

In sum, plaintiff has not "sufficiently demonstrated that her interest in anonymity outweighs the prejudice to Defendants and the customary and constitutionally embedded presumption of openness in judicial proceedings." *Alexander I*, 2025 U.S. Dist. LEXIS 45325 at *5 (internal quotation marks omitted).

Accordingly, her motion to proceed anonymously should be denied.

**POINT II:   IF THE COURT GRANTS PLAINTIFF'S MOTION TO PROCEED UNDER A PSEUDONYM DEFENDANT SHOULD BE PERMITTED TO PROCEED ANONYMOUSLY**

Should the Court grant plaintiff's motion to proceed under a pseudonym, we respectfully request that defendant be afforded the same right in the interest of fairness by allowing him to proceed under a pseudonym or by sealing the record outright from public view.

We herein examine the ten *Sealed Plaintiff* factors as applied to defendant.

### 1. Matters of a Highly Sensitive and Personal Nature

As discussed at length above, the allegations involve sensitive and personal subject matter between the parties. Plaintiff accuses defendant of transmitting a sexually transmitted disease, infidelity, stalking, harassment, and the dissemination of illicit photographs, among other

9

transgressions. Defendant acknowledges the sensitive and personal subject matter underlying this case standing alone does not entitle him to proceed under a pseudonym. But defendant argues that this factor equally weighs as much, if not more, in his favor for the purposes of this cross-motion in comparison to plaintiff.

### *2. Risk of Physical Retaliation or Mental Harm and Likelihood and Severity of the Harm*

Defendant, by virtue of being the only party identified at this juncture, is at far greater risk of enduring continued mental harm than plaintiff. He is already the subject of one humiliating news article which has been picked up by several other news outlets and social media. There is no telling how far that news article (and undoubtedly more hereafter) will spread state and/or nation-wide. There is also no way to acutely gauge how damaging the case will be to his personal and familial relationships and professional reputation. (*See* Defendant Declaration.) But undoubtedly, the severity of the harm to him will be great. He thus suffers this disproportionate reputational risk without even having the chance to defend himself yet.

### *3. Vulnerability and Age of Plaintiff*

Defendant concedes this factor does not weigh in his favor but reiterates that it does not weigh in favor of granting plaintiff a pseudonym either.

### *4. Government or Private Actor*

Defendant concedes this factor does not weigh in his favor but reiterates that it does not weigh in favor of granting plaintiff a pseudonym either.

### *5. Prejudice to Plaintiff*

Plaintiff will not be prejudiced if both parties are permitted to proceed under pseudonyms. Of course, both parties know one another's identities. And if anything, the news article has assured

that defendant's identity will never be completely concealed from the public, which obviates any prospective discovery concerns.

### 6. Status of Confidentiality in the Proceedings

Defendant's name, through no fault of his own, is already within public circulation. But should the Court grant defendant's cross-motion, the public dissemination regarding the unsubstantiated claims at issue should mitigate.

### 7. The Public Interest

It is clear that there is, and may be more, public interest in this litigation. Thus, defendant concedes this factor does not weigh in his favor but reiterates that it does not weigh in favor of granting plaintiff a pseudonym either.

### 8. Alternative Protections

Defendant concedes this factor does not weigh in his favor but reiterates that it does not weigh in favor of granting plaintiff a pseudonym either.

For the reasons set forth, defendant requests he procced anonymously if plaintiff is granted that relief. More of the *Sealed Plaintiff* factors weigh in defendant's favor than plaintiff's at this stage, and it would be critically prejudicial and unfair if only plaintiff is able to proceed under a pseudonym.

**POINT III:    DEFENDANT SHOULD BE ALLOWED TO FILE DECLARATION UNDER SEAL**

Defendant seeks to advise the Court that plaintiff's publicly available Complaint has greatly affected his personal and professional life, rendering him incredibly embarrassed and humiliated for the reasons previously mentioned. (*supra* Point II.). However, he does not wish to place certain information on the public docket as it is highly sensitive. He therefore requests leave to file his declaration under seal.

Defendant's privacy interest in keeping his declaration sealed outweighs any public or media interest in their contents as it contains sensitive information regarding his physical and mental status and how this action has affected him and his family. This is a private action, and Plaintiff would not be prejudiced by allowing his declaration to be filed under seal. Plaintiff has not identified herself by name in any document publicly filed on this docket. Defendant respectfully requests he be afforded the same opportunity and file the referenced declaration under seal.

## CONCLUSION

For all of the foregoing reasons, Defendant respectfully submit that this Court should deny Plaintiff's motion to proceed under a pseudonym, or, if that motion is granted, permit defendant to proceed under a pseudonym, together with such other and further relief as this Court may deem just, equitable, and proper.

Dated: Farmingdale, New York
      October 20, 2025

**GUERCIO & GUERCIO LLP**
*Attorneys for Defendant*
*Ronald Ingber*

By: Adam I. Kleinberg
Connor Mulry
77 Conklin Street
Farmingdale, NY 11735
(516) 694-3000
akleinberg@guerciolaw.com