

Adam I. Kleinberg
*Partner*
77 Conklin Street
Farmingdale, New York 11735
(516) 694-3000 x236
akleinberg@guerciolaw.com

October 27, 2025

**Via ECF**
Honorable Peggy Kuo
Eastern District of New York

     Re: *Doe v. Ingber et. al.*
       Docket No. 1:25-cv-5478 (PK)

Your Honor:

  We represent the named defendant in this matter. We write to request a pre-motion conference in anticipation of moving to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6).

  Plaintiff alleges she and defendant dated on-and-off between 2018 and 2022. (ECF Doc. No. 1, ¶¶ 23, 123.) At the beginning of their relationship (2018 and/or 2019 until 2021), plaintiff resided in New Jersey, while defendant resided in Dix Hills, Suffolk County. (*Id.*, ¶¶ 24-25.) Plaintiff frequently made trips to Nassau and Suffolk County to visit defendant during this time. (*Id.*, ¶ 31.) The bulk of the allegations asserted occurred between 2021 and 2022, during which time defendant allegedly bought plaintiff an apartment in Nassau County, and she principally resided there until November 2022 when she left and moved back to New Jersey. (*Id.*, ¶¶ 13-15, 46-123.) Plaintiff levies various heinous and untrue allegations against defendant.

  The nonresident plaintiff sets forth nine causes of action, including one under federal law, two under New York state law, and six under New Jersey state law. They are: (i) violation of 15 USC § 6851, (ii) violation of N.J.S.A. 2A:58D-1, (iii) false light invasion of privacy, (iv) publicity given to private life, (v) aiding and abetting, (vi) intentional infliction of emotional distress ("IIED"), (vii) N.Y. Civil Rights Law § 52-b, (viii) harassment under N.Y. Civil Rights Law § 79-n, and (ix) intentional/negligent transmission of a sexual disease. (ECF Doc. No. 1, at pp. 29-40.) Plaintiff's claims should be dismissed as either time barred or non-actionable.

**Dissemination Causes of Action**

  15 U.S.C. § 6851 creates a federal civil cause of action for the nonconsensual disclosure of intimate images. Likewise, N.J.S.A. § 2A:58D-1 imposes civil liability for the unauthorized photography, filming, videotaping, recording, or reproduction of another person's intimate parts or sexual act. And New York's Civil Rights Law § 52-b provides a private right of action for the unlawful dissemination or publication of intimate images without consent.

  U.S.C. § 6851 does not include an express limitations period, so federal courts apply the most analogous state statute of limitations. *See North Star Steel Co. v. Thomas,* 515 U.S. 29, 34 (1995) (in the absence of a federal limitations period, "resort to state law is the accepted practice"); *see also Owens v. Okure*, 488 U.S.

235 (1989). 15 USC § 6851 is most analogous to a personal injury claim. *See Ericson v. Syracuse Univ.*, 35 F. Supp.2d 326, 330 (S.D.N.Y. 1999).

In New Jersey, there is a two-year limitations period for personal injury and privacy torts under N.J.S.A. § 2A:14-2, which provides "[e]xcept as otherwise provided by law, every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State shall be commenced within two years next after the cause of any such action shall have accrued." N.J.S.A. § 2A:14-2(a). The two-year statute of limitations has been applied to New Jersey claims involving invasion of privacy, emotional distress, and harassment. In *Rumbauskas v. Cantor*, 138 N.J. 173, 180-182 (1994), a case involving co-workers, the Supreme Court of New Jersey held that an action for intrusion on seclusion based on conduct such as stalking or threats of violence constitutes a claim for injury that is governed by the two-year statute of limitations set forth in N.J.S.A. 2A:14-2. Similarly in *Barker v. United Airlines, Inc.,* 2024 U.S. Dist. LEXIS 17659, *12 (D.N.J. 2024), a New Jersey federal district court dismissed a cause of action for invasion of privacy as time barred by applying a two-year statute of limitations.

New York Civil Rights Law § 52-b allows a claim to be filed within three years of dissemination or one year from discovery. However, the timeliness of suit is governed by New York's borrowing statute, CPLR § 202. *See* Civil Rights Law § 52-b(3). The statute mandates that "an action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either New York or the place without the state where the cause of action accrued." *Global Fin. Corp. v. Triarc Corp.*, 93 N.Y.2d 525, 528 (1999).

Because the alleged dissemination and resulting harm allegedly occurred in New Jersey, the cause of action would have accrued there. *See Antone v. General Motors Corp.*, 64 N.Y.2d 20, 27 (1984). And applying CPLR § 202, this Court must borrow the shorter of the two periods which would be New Jersey's two-year statute because the cause of action accrued in New Jersey. *See Global Fin. Corp.*, 93 N.Y.2d at 529. Defendant's New York residency does not alter this result as CPLR § 202 applies to all causes of action accruing outside of New York State as alleged by plaintiff. *See Portfolio Recovery Assocs., LLC v. King*, 14 N.Y.3d 410 (2010).

Plaintiff alleges defendant disseminated lewd photographs of her to plaintiff's friends, colleagues and family members in November 2022, and an ex-boyfriend reported receiving lewd photographs in January 2023. (see ECF Doc No. 1, ¶¶ 117-119, 154). Thus, the Court cannot consider these allegations as any asserted dissemination cause of action must have been asserted by November 2024 or at latest January 2025.

**False Light Invasion of Privacy, Publicity, & Transmission of Sexually Transmitted Disease**

Plaintiff allegedly learned she contracted a sexually transmitted infection in April 2019. (ECF Doc No. 1, ¶¶ 36-38.) Her false light invasion of privacy and publicity given to life claims stem from emails and text messages allegedly sent in July and November 2022. (*Id.*, ¶¶ 6, 94, 117, 200-216.) For the reasons set forth above, the two-year statute of limitations should apply as the alleged injuries are personal injury/privacy torts. *See* N.J.S.A. § 2A:14-2(a); *Rumbauskas*, 138 N.J. 173 at 182.; *Boring v. Google Inc.*, 200 U.S. App. LEXIS 1891 (3d Cir. 2010). Thus, plaintiff should have brought the referenced causes of action actions by April 2021, and July and November 2024, respectively. Her failure to do so bars the bringing of such claims now.

**Aiding & Abetting**

Plaintiff alleges "upon information or belief" that defendant used third parties to send "spoof" phone calls to her friends and family and disseminate harassing messages (including the lewd photographs). (*Id.*, ¶¶

2

14, 118, 130-132, 217-223.) Plaintiff does not allege that any conduct occurring after November 2022 involved third parties (*Id.*, ¶¶ 161-177, 217-223.) Thus, to the extent plaintiff alleges an aiding and abetting discrimination claim, it would also be subject to a two-year statute of limitations and also time barred. *See Warwick v. New Jersey Office of the AG*, 2022 U.S. Dist. LEXIS 96999 (D.N.J. 2022).

### N.Y. Civil Rights Law § 79-n

NY Civil Rights Law § 79-n (2) provides that a person who intentionally selects a person for harm or causes physical injury because of a belief or perception regarding that person's gender shall be liable to that person for injunctive relief, damages, or any other appropriate relief in law or equity. *See id.*; *A.M.P. v. Benjamin*, 201 A.D.3d 50 (3d Dept. 2021). This cause of action is inapplicable to the allegations levied.

The timeliness of this claim is also governed by New York's borrowing statute. *See* N.Y.C.P.L.R § 202. And the only "timely allegations," that plaintiff claims defendant sent harassing messages to her in September and December 2024, do not connote any harm due to a "belief or perception" regarding plaintiff's sex. (ECF Doc No. 1, ¶¶ 161-163, 165-166, 170-175.) These allegations do not maintain that defendant "intended to cause physical injury or harm because of a belief or perception regarding [her] gender."

### IIED

To allege a viable claim, plaintiff must allege: (i) defendant acted intentionally or recklessly, (ii) the conduct must be so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community, (iii) defendant's actions must have been the proximate cause of plaintiff's emotional distress, and (iv) the emotional distress suffered must be so severe that no reasonable person could be expected to endure it. *See Schachtel v. Hughes*, 2024 N.J. Super. Unpub. LEXIS 2609, *20-21. In New Jersey, the statute of limitations is two years. *Gould v. JPMorgan Chase Bank, N.A.*, 2021 U.S. Dist. LEXIS 180230, *8-9 (D.N.J. 2021) (citing N.J.S.A. 2A:14-2).

Again, the only "timely allegations" are that plaintiff claims defendant sent "harassing" messages to her in September and December 2024. (ECF Doc No. 1, ¶¶ 161-163, 165-166, 170-175.) This alleged complained-of conduct amounts to, at most, "indignities, threats, annoyances, petty oppressions, or other trivialities." *See E.S. v. Elizabeth Bd. of Educ.*, 2024 U.S. Dist. LEXIS 49749, *43 (citation omitted). And "[p]erceived unkindness has no remedy at law" for the purposes of plaintiff's IIED claim. *See id.*

Last, we also seek permission under Fed. R. Civ. P. 12(f) to strike various scandalous portions of the complaint that are wholly irrelevant to the actual causes of action pleaded. Due to spatial considerations, we cannot list all of these in this letter, but fat-shaming allegations are blatant violations of this rule. We look forward to discussing these issues with the Court at a pre-motion conference.

        Respectfully submitted,

        GUERCIO & GUERCIO, LLP

        ADAM I. KLEINBERG

Cc:    All counsel of record (via ECF)