UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
JANE DOE,

                             Plaintiff,

   -against-

RONALD DAVID INGBER and JOHN DOES 1-99,

                           Defendants.

-------------------------------------------------------------------------x

**Docket No. 25-cv-5478 (PK)**

# DEFENDANT'S MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION TO TRANSFER VENUE

 

**GUERCIO & GUERCIO LLP**
*Attorneys for Defendant*
77 Conklin Street
Farmingdale, New York 11735
(516) 694-3000

Of Counsel:
Adam I. Kleinberg
Connor Mulry

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ..................................................................................................1

**ARGUMENT**..............................................................................................................................1

    **POINT I.   THE COURT SHOULD CHANGE VENUE FROM BROOKLYN TO CENTRAL ISLIP** ..............................................................................................1

        Plaintiff Could Have Brought Suit in the Central Islip Division .....................................2

        Convenience and Attendance of the Witnesses..............................................................3

        Location of Relevant Documents and Ease of Accessibility to These Source of Proof.............................................................................................................................3

        Location of Operative Facts ...........................................................................................4

        Relative Familiarity of the Forum with the Governing Law..........................................4

        The Interests of Justice ...................................................................................................4

## TABLE OF AUTHORITIES

**Cases**

*Flaherty v. All Hampton Limousine, Inc.*,
  2002 U.S. Dist. LEXIS 15171 (S.D.N.Y. 2002) ................................................................. 4, 5

*Fontana v. E.A.R., A Div. of Cabot Corp., Inc.*,
  849 F. Supp. 212 (S.D.N.Y. 1994) ......................................................................................... 2

*Hill v. DLJ Mortg. Capital, Inc.*,
  2016 U.S. Dist. LEXIS 66423 (E.D.N.Y. 2016) .................................................................... 2

*Hossain v. Cty. of Nassau*,
  2011 U.S. Dist. LEXIS 121863 (E.D.N.Y. 2011) .................................................................. 2

*Longsworth v. Nassau County*,
  2019 U.S. Dist. LEXIS 230495 (E.D.N.Y. 2019) .................................................................. 2

*Silverberg v. Dryships Inc.*,
  541 F. Supp. 3d 265 (S.D.N.Y. 2021) .................................................................................... 1

*Stilwell v. Northwell Health, Inc.*,
  2025 U.S. Dist. LEXIS 28846 (S.D.N.Y. 2025) ................................................................. 3, 4

**Statutes**

28 U.S.C. § 1404 ............................................................................................................................ 2

## PRELIMINARY STATEMENT

Defendant submits this reply memorandum of law in further support for his request to remove this matter to the Central Islip courthouse. Plaintiff cannot justify her misrepresentations on the civil cover sheet submitted to the Court and her opposition papers cement that Central Islip is the appropriate forum to litigate this case.

Defendant respectfully refers to its original motion papers for a full recitation of the facts at issue for purposes of this motion. (*See* ECF Doc. No. 9.) But Defendant notes that Plaintiff's opposition declaration and memorandum of law is littered with mistruths that we address both herein and in Defendant's Reply Declaration. ("D's Reply Decl.")

## ARGUMENT

**POINT I     THE COURT SHOULD CHANGE VENUE FROM BROOKLYN TO CENTRAL ISLIP**

Central Islip is the appropriate venue to litigate this action. The transfer factors weigh in favor of transfer as set forth below and in Defendant's original moving papers. (ECF Doc. No. 9.)

However, preliminarily, Plaintiff undeniably submitted misrepresentations in the Civil Cover Sheet. (ECF Doc. No. 1, Attachment 1.) In opposition, Plaintiff shockingly doubles down on these fabrications. (ECF Doc. No. 13 at pp. 15-16.) Again: (i) most allegations pertain to the time period where Plaintiff resided in Nassau County, (ii) the only identified defendant resides in Suffolk County, and (iii) there is nothing to suggest any at-issue property is located in or near New York City as opposed to Long Island or New Jersey. (ECF Doc. No. 1, ¶¶ 25, 46-123.)

Plaintiff's failure to be transparent from the outset of this litigation must be recognized and should result in the case's transfer to Central Islip. *See Silverberg v. Dryships Inc.*, 541 F. Supp. 3d 265, 270 (S.D.N.Y. 2021) ("It should go unsaid…that counsel is expected to be candid when certifying information to the Court on the civil cover sheet. Failure to do so results in substantial interruption, delay and waste of resources. The actions of [plaintiff's counsel] in this matter in

1

falsely certifying…are reprehensible and could well have subjected the firm to sanctions); *see also Hossain v. Cty. of Nassau*, 2011 U.S. Dist. LEXIS 121863 (E.D.N.Y. 2011) (transferring case from Brooklyn to Long Island *sua sponte* where plaintiff incorrectly marked the civil cover sheet); *Hill v. DLJ Mortg. Capital, Inc.*, 2016 U.S. Dist. LEXIS 66423 (E.D.N.Y. 2016) (same).

Additionally, Plaintiff misapplies the ruling in *Longsworth v. Nassau County*, 2019 U.S. Dist. LEXIS 230495 (E.D.N.Y. 2019). The *Longsworth* court did not hold that intra-district transfers cannot be made under 28 U.S.C. § 1404(a). Rather, they held a movant may request such a transfer pursuant to the Court's local rules. *See id*. at *7. The relevant local rules are the Rules for the Division of Business for the Eastern District of New York, which provide "[a] civil case shall be designated a Central Islip case if . . . a substantial part of the events or omissions giving rise to the claim or claims occurred in Nassau or Suffolk County."). Rule 1(d)(3). *See* https://img.nyed.uscourts.gov/files/local_rules/Rules4_DOB.pdf.

***Plaintiff Could Have Brought Suit in the Central Islip Division***

Plaintiff does not deny that this case could have been brought in Central Islip. (ECF Doc. No. 13 at pp. 7-9.) On rebuttal, she merely contends suit could have been brought in "multiple forums," including New Jersey. (*See id*.) But while a plaintiff's choice of forum is generally afforded substantial weight on a motion to transfer venue, when she brings suit outside her home forum (or in a forum with no material connection to the action) this factor should bear little weight. *See Fontana v. E.A.R., A Div. of Cabot Corp., Inc.*, 849 F. Supp. 212, 215 (S.D.N.Y. 1994) ("the emphasis that a court places on plaintiff's choice of forum diminishes where . . . the facts giving rise to the litigation bear little material connection to the chosen forum").

As mentioned, Plaintiff is a resident of New Jersey, and the operative facts allegedly occurred in New Jersey and Long Island. Because Plaintiff effectively concedes there is no

connection to Brooklyn for this case, her choice of venue should be afforded little weight. *See Stilwell v. Northwell Health, Inc.*, 2025 U.S. Dist. LEXIS 28846 (S.D.N.Y. 2025) (plaintiff's choice of forum is afforded limited deference when the plaintiff lacks any "bona fide connection" to the chosen district, as does the overall lawsuit.)

***Convenience and Attendance of the Witnesses***

Plaintiff also concedes that no known relevant witnesses reside in Brooklyn. She merely argues that travelling to Brooklyn would be more convenient for some who reside in New Jersey, including herself. (ECF Doc. No. 13, Attachment No. 1, ¶¶ 2-3.) However, Plaintiff (as she notes in opposition) could have attempted to bring this action in New Jersey if travel was as substantial of a concern as she now makes it out to be.

While there are allegedly other prospective defendants to this action, none of them are named at this juncture. Plaintiff's own pleadings admit ignorance of where other potential defendants reside. Thus, any assertion that Brooklyn will be a more convenient location for them to appear is convenient conjecture. Because the sole identified defendant lives in the proposed transferee division, this factor weighs in favor of a transfer to Central Islip. *See Stilwell v. Northwell Health, Inc.*, 2025 U.S. Dist. LEXIS 28846 (S.D.N.Y. 2025).

Plaintiff also names Defendant's wife as a potential witness despite not mentioning her anywhere in the Complaint. (*See* ECF Doc. No. 1; ECF Doc. No. 13 at p. 9.) She resides with Defendant in Suffolk County and lives much closer to Central Islip than Brooklyn. (D's Reply Decl., ¶ 6.) If convenience to the witnesses is a paramount concern to the Court, the inconvenience of having Defendant's family travel to Brooklyn for this matter should be taken into consideration as well. (*Id.*)

***Location of Relevant Documents and Ease of Accessibility to Sources of Proof***

3

Plaintiff does not claim there to be any prospective relevant documents in Brooklyn and simply asserts there is a "higher likelihood relevant documents would exist in New Jersey." (ECF Doc. No. 13 at p. 12.) Again, most discovery materials appear to be available electronically to both parties, and so this factor does not weigh in favor of keeping the case in Brooklyn.

### *Location of Operative Facts*

Likewise, Plaintiff does not argue anywhere in opposition that Brooklyn is the locus of operative facts. And, as mentioned, most allegations asserted occurred between 2021 and November 2022 while Plaintiff largely resided in Nassau County. (*Id*. ¶¶ 46-123.) This factor too weighs in favor of transfer.

### *Relative Familiarity of the Forum with the Governing Law*

Plaintiff agrees this is a neutral factor. (ECF Doc. No. 9 at p. 5; ECF Doc. No. 13 at p. 14.)

### *Interests of Justice*

Finally, trial efficiency and the interests of justice strongly supports a transfer of venue given this action's nexus to Long Island. *See Flaherty v. All Hampton Limousine, Inc*., 2002 U.S. Dist. LEXIS 15171 (S.D.N.Y. 2002). Plaintiff's contrary contentions are wrong and unsupported.

First, the means of the parties is not in evidence. While Plaintiff claims to make "significantly less than $100,000 per year" working for a New Jersey public school district, she provides no proof of this, nor does she explicitly state this is her sole form of income. (ECF Doc. No. 13, Attachment No. 1, ¶ 10.)

Second, Defendant does not actively practice in federal court. (D's Reply Decl. ¶ 2) He has litigated a grand total of four cases in the Eastern District in the 27 plus years he has practiced law. (*Id*.) His firm filed all four cases in state court, and they were removed to federal court by opposing counsel asserting a basis for federal court jurisdiction. Plaintiff's "concerns" about trying this

4

matter in Central Islip are absurd. Defendant's request to remove the matter is enforced by practical and equitable considerations recognized as legitimate reasons for removal under law. The notion that he has influence on the federal bar is preposterous.

Third, Plaintiff's contentions that Defendant has "boasted" about connections to "attorneys, judges and police" on Long Island is false, but also a transparent attempt to avoid litigating in the more practicable forum. (*Id.*, ¶ 4.) Again, Defendant does not litigate in federal court and to suggest that the federal judges in Central Islip could not abide by any recusal obligations is another wild contention that lacks any basis in fact.

Fourth, Defendant is not and could not be familiar with "all of the private investigation agencies" on Long Island. (*Id.*, ¶ 5.) Such a notion belies common sense. (*Id.*)

Finally, Defendant is the only known and named defendant. He resides in Suffolk County, with his wife who is (apparently now) a prospective witness in this case. (*Id.*, ¶ 6.) Defendant's wife resides, works, and cares for their children on Long Island. (*Id.*)

Dated: Farmingdale, New York
November 10, 2025

**GUERCIO & GUERCIO LLP**
*Attorneys for Defendant*

By: Adam I. Kleinberg
Connor Mulry
77 Conklin Street
Farmingdale, NY 11735
(516) 694-3000

5