

**Adam I. Kleinberg**
*Partner*
77 Conklin Street
Farmingdale, New York 11735
(516) 694-3000 x236
akleinberg@guerciolaw.com

April 3, 2026

**Via ECF**
Honorable Joanna Seybert
Eastern District of New York

Re:    *Doe v. Ingber et. al.*<br>Docket No. 1:25-cv-5478 (JS) (AYS)

Your Honor:

We represent the named defendants in this matter. We write to request a pre-motion conference in anticipation of moving to dismiss the amended complaint under Fed. R. Civ. P. 4(m), 12(b)(2), (5), and (6).

Plaintiff alleges she and defendant Ronald Ingber dated on-and-off between 2018 and 2022. (ECF Doc. No. 18, ¶¶ 23, 123.) At the beginning of their relationship (2018/2019 until 2021), plaintiff resided in New Jersey, while Ronald resided in Dix Hills, Suffolk County. (*Id.*, ¶¶ 24-25.) Plaintiff frequently made trips to Nassau and Suffolk County to visit him during this time. (*Id.*, ¶ 31.) The bulk of the allegations asserted occurred between 2021 and 2022, during which time Ronald allegedly bought plaintiff an apartment in Nassau County, where she principally resided until November 2022 when she moved back to New Jersey. (*Id.*, ¶¶ 13-15, 48-129.) Plaintiff levies various untrue allegations against Ronald. She also asserts that Ronald transferred his residence to his wife, Amy, to "avoid paying the inevitable resulting judgment." (*Id.*, ¶¶ 17, 206-211.)

The nonresident plaintiff sets forth sixteen causes of action, including one under federal law, seven under New York state law, and eight under New Jersey state law. (ECF Doc. No. 18, at pp. 34-55.) All of plaintiff's claims should be dismissed as either time barred or non-actionable.

*Improper Service of Complaint*

Preliminarily, plaintiff's failure to properly serve the original complaint requires dismissal of suit. On October 1, 2025, plaintiff filed this action, and the Court issued a summons. (ECF Doc. Nos. 1, 2, 4.). On October 3, 2025, we offered plaintiff's counsel the chance to waive service, and he did not reply. (ECF Doc No. 19, Ex. 6.) On October 14, 2025, plaintiff filed an executed summons with the Court which asserted the process server personally served Ronald on October 6, 2025. (ECF Doc. No. 8.) But Ronald was not personally served, and the affidavit of service from the process server fatally contradicts the claim of personal service. The server admitted that service was accomplished "with security camera" and that the documents were "left," meaning no physical delivery occurred to an authorized person. (*Id.*) He further claims to have observed Ronald's physical appearance despite interacting through a Ring doorbell system that does not transmit video to the visitor. (Ex. A, ¶ 12.) The declaration of Ronald and his law partner affirms that defendant was not home at the time of attempted service.

1

The 90-day limitation period for service expired on December 30, 2025. The amended complaint, filed March 20, 2026, does not restart the Rule 4(m) clock. *See Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007). Plaintiff cannot plausibly argue good cause or discretionary basis for an extension, given defense counsel's communication three days before the failed attempt at service. Thus, plaintiff's failure to timely serve has passed, and renders the Court without jurisdiction. Fed. R. Civ. P. 4(m); *see also Meilleur v. Strong*, 682 F.3d 56 (2d Cir. 2012) (facially defective affidavit cannot establish proper service). *Barreto v. Cerciello*, 2020 U.S. Dist. LEXIS 190442, * 2-3 (E.D.N.Y. 2020).

### *Dissemination Causes of Action*

15 U.S.C. § 6851 creates a federal civil cause of action for nonconsensual disclosure of intimate images. Likewise, N.J.S.A. § 2A:58D-1 imposes civil liability for unauthorized photography, filming, videotaping, recording, or reproduction of another person's intimate parts or sexual act. NY Civil Rights Law § 52-b provides a right of action for unlawful dissemination or publication of intimate images without consent.

U.S.C. § 6851 does not include an express limitations period, so federal courts apply the most analogous state statute of limitations. *See North Star Steel Co. v. Thomas,* 515 U.S. 29, 34 (1995) (in the absence of a federal limitations period, "resort to state law is the accepted practice"); *see also Owens v. Okure*, 488 U.S. 235 (1989). 15 USC § 6851 is most analogous to a personal injury claim. *See Ericson v. Syracuse Univ.*, 35 F. Supp.2d 326, 330 (S.D.N.Y. 1999); *Doe v. Parsons*, 2025 U.S. Dist. LEXIS 110962, *7 (M.D. Tenn. 2025).

In New Jersey, there is a two-year limitations period for personal injury and privacy torts under N.J.S.A. § 2A:14-2, which provides "[e]xcept as otherwise provided by law, every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State shall be commenced within two years next after the cause of any such action shall have accrued." The same statute of limitations has been applied to New Jersey claims involving invasion of privacy, emotional distress, and harassment. In *Rumbauskas v. Cantor*, 138 N.J. 173, 180-182 (1994), a case involving co-workers, the Supreme Court of New Jersey held an action for intrusion on seclusion based on conduct such as stalking or threats of violence constituted a claim governed by the two-year statute of limitations in N.J.S.A. 2A:14-2. Similarly in *Barker v. United Airlines, Inc.,* 2024 U.S. Dist. LEXIS 17659, *12 (D.N.J. 2024), a New Jersey federal district court dismissed an invasion of privacy claim as time barred by applying a two-year statute of limitations.

New York Civil Rights Law § 52-b allows a claim to be filed within three years of dissemination or one year from discovery. However, the timeliness of suit is governed by New York's borrowing statute, CPLR § 202. *See* Civil Rights Law § 52-b(3). The statute mandates that "an action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either New York or the place without the state where the cause of action accrued." *Global Fin. Corp. v. Triarc Corp.*, 93 N.Y.2d 525, 528 (1999).

Because the alleged dissemination and resulting harm allegedly occurred in New Jersey, the cause of action would have accrued there. *See Antone v. General Motors Corp.*, 64 N.Y.2d 20, 27 (1984). And applying CPLR § 202, this Court must borrow the shorter of the two periods which would be New Jersey's two-year statute because the cause of action accrued in New Jersey. *See Global Fin. Corp.*, 93 N.Y.2d at 529. Defendants' New York residency does not alter this result as CPLR § 202 applies to all causes of action accruing outside of New York State as alleged by plaintiff. *See Portfolio Recovery Assocs., LLC v. King*, 14 N.Y.3d 410 (2010).

Plaintiff alleges Ronald disseminated lewd photographs of her to plaintiff's friends, colleagues and family members in November 2022, and an ex-boyfriend reported receiving lewd photographs in January

2

2023. (ECF Doc. No. 18, ¶¶ 121-124, 160). Thus, the Court cannot consider these allegations as any asserted dissemination cause of action must have been asserted by November 2024 or at latest January 2025.

### False Light Invasion of Privacy, Publicity, Intrusion Upon Seclusion & Transmission of Sexually Transmitted Disease

Plaintiff allegedly learned she contracted a sexually transmitted infection in April 2019. (ECF Doc. No. 18, ¶¶ 37-39.) Her false light invasion of privacy and publicity given to life claims stem from emails and text messages allegedly sent in July and November 2022. (*Id.*, ¶¶ 6, 97, 121, 236-242.) Her intrusion upon seclusion claim is premised on some alleged "surveillance" tactics used by Mr. Ingber, principally through November 2022. (*Id.*, ¶¶ 283-293.)

For the reasons set forth above, the two-year statute of limitations should apply as the alleged injuries are personal injury/privacy torts. *See* N.J.S.A. § 2A:14-2(a); *Rumbauskas*, 138 N.J. 173 at 182.; *Boring v. Google Inc.*, 200 U.S. App. LEXIS 1891 (3d Cir. 2010). Thus, plaintiff should have brought the referenced causes of action actions by April 2021, July 2024, and November 2024, respectively. Her failure to do so bars the bringing of such claims now.

### Aiding and Abetting & Fraud

Plaintiff alleges "upon information or belief" that Ronald used third parties to send "spoof" phone calls to her friends and family and disseminate harassing messages (including the lewd photographs). (ECF Doc. No. 18, ¶¶ 14, 122, 136-138, 243-250.) Plaintiff does not allege that any conduct occurring after November 2022 involved third parties (*Id.*, ¶¶ 167-183, 243-250.) Thus, to the extent plaintiff alleges an aiding and abetting discrimination claim, it would also be subject to a two-year statute of limitations, and also be time barred. *See Warwick v. New Jersey Office of the AG*, 2022 U.S. Dist. LEXIS 96999 (D.N.J. 2022).

For similar reasons, plaintiff cannot sustain a "fraud" claim. This claim is largely based on the assertion that Ronald fabricated a criminal investigation by a New Jersey prosecutor's office in July 2022. (ECF Doc No. 18, ¶¶ 294-305.) This is patently untrue but, regardless, plaintiff's own allegations establish discovery of this supposed "fraud" by November 2022. (*Id.*, ¶¶ 13, 151-152.) The two-year New Jersey statute of limitations expired in November 2024. *Piscopo v. Public Serv. Elec. & Gas Co.*, 650 Fed. Appx. 106, 110 (3d Cir. 2016)

### N.Y. Civil Rights Law § 79-n

NY Civil Rights Law § 79-n (2) provides that a person who intentionally selects a person for harm or causes physical injury because of a belief or perception regarding that person's gender shall be liable to that person for injunctive relief, damages, or any other appropriate relief in law or equity. *See id.*; *A.M.P. v. Benjamin*, 201 A.D.3d 50 (3d Dept. 2021). This cause of action is inapplicable to the allegations levied.

The timeliness of this claim is also governed by New York's borrowing statute. *See* N.Y. C.P.L.R § 202. And the only "timely allegations," that plaintiff claims defendant sent harassing messages to her in September and December 2024, do not connote any harm due to a "belief or perception" regarding plaintiff's sex. (ECF Doc. No. 1, ¶¶ 161-163, 165-166, 170-175.) These allegations do not maintain that defendant "intended to cause physical injury or harm because of a belief or perception regarding [her] gender."

### IIED

For a viable claim, plaintiff must allege: (i) defendant acted intentionally or recklessly, (ii) the conduct must be so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community, (iii) defendant's actions must have been the proximate cause of plaintiff's emotional distress, and (iv) the emotional distress suffered must

3

be so severe that no reasonable person could be expected to endure it. *See Schachtel v. Hughes*, 2024 N.J. Super. Unpub. LEXIS 2609, *20-21. In New Jersey, the statute of limitations is two years. *Gould v. JPMorgan Chase Bank, N.A.*, 2021 U.S. Dist. LEXIS 180230, *8-9 (D.N.J. 2021) (citing N.J.S.A. 2A:14-2).

Again, the only "timely allegations" are that plaintiff claims defendant sent "harassing" messages to her in September and December 2024. (ECF Doc No. 1, ¶¶ 161-163, 165-166, 170-175.) This alleged complained-of conduct amounts to, at most, "indignities, threats, annoyances, petty oppressions, or other trivialities." *See E.S. v. Elizabeth Bd. of Educ.*, 2024 U.S. Dist. LEXIS 49749, *43 (citation omitted). And "[p]erceived unkindness has no remedy at law" for the purposes of plaintiff's IIED claim. *See id.*

### *Voidable Transfer, Civil Conspiracy & Unjust Enrichment*

All claims against Amy should also be dismissed. Her addition as a defendant does not automatically confer jurisdiction under Rule 12(b)(2). Also, plaintiff commenced an identical fraudulent conveyance action against Amy in the Suffolk County Supreme Court without serving her. Rather than prosecuting that action, plaintiff now seeks to litigate the identical claim in this federal court.

Regardless, the three "theories" under New York debtor and creditor law fail for myriad reasons. First, as discussed most of plaintiff's claims are time-barred so she lacks standing as a "creditor." *Wall St. Assocs. v. Brodsky*, 257 A.D.2d 526, 528 (1st Dep't 1999). Second, plaintiff has no "right to payment" because she cannot be considered as a creditor under the statute. Third, the transfer of the home was legitimate agreement, which is presumed legitimate absent evidence of concealment or insolvency. *United States v. McCombs*, 30 F.3d 310, 323 (2d Cir. 1994). Fourth, plaintiff fails to allege insolvency, a requirement for a constructive fraud claim. *In re Sharp Int'l Corp.*, 403 F.3d 43, 53 (2d Cir. 2005). Fifth, plaintiff fails to plead actual intent with particularity, defeating that prospective claim as well. *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006).

As for the civil conspiracy clam, New York does not recognize an independent tort of civil conspiracy. *Alexander & Alexander of N.Y., Inc. v. Fritzen*, 68 N.Y.2d 968, 969 (1986). Thus, without an actionable underlying tort, the conspiracy claim collapses, and there is no other actionable tort here. An unjust enrichment claim, is duplicative of the fraudulent conveyance claim, and cannot be used as a "catchall cause of action to be used when others fail." *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790 (2012). Moreover, Plaintiff and Amy have no direct relationship giving rise to an unjust enrichment claim. *See Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 182 (2011).

### *Motion to Strike*

Last, defendants also seek permission under Fed. R. Civ. P. 12(f) to strike various portions of the amended complaint. Rule 12(f) of the Federal Rules of Civil Procedure allows the court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Due to spatial considerations, we cannot list all of these in this letter, but fat-shaming allegations are blatant violations of this rule.

We look forward to discussing these issues with the Court at a pre-motion conference.

Respectfully submitted,

GUERCIO & GUERCIO LLP

ADAM I. KLEINBERG

Cc:    All counsel of record (via ECF)