# VERIDIAN LEGAL

23 West 73rd Street
Suite 102
New York, NY 10023

T: (212) 706-1007
F: (646) 849-0033
www.veridianlegal.com

April 6, 2026

**<u>Via ECF</u>**
Honorable Anne Y. Shields
Eastern District of New York

*Re:*   ***Doe v. Ingber et al.***
***United States District Court, Eastern District of New York***
***Docket No. 1:25-cv-5478 (JS)(AYS)***

Your Honor,

We represent plaintiff Jane Doe in the above-captioned case.  On March 20, 2026, our office filed a Motion for an Extension of Time to Serve.  On March 30, 2026, Your Honor granted Plaintiff's motion on default.  Shortly thereafter, counsel for Defendant Ingber filed a letter stating that Plaintiff had filed the motion prior to submitting a pre-motion letter and that Defendant intended to challenge the motion.  Defendant also argued that the motion should have been addressed to Judge Seybert.  Defendant now seeks to vacate Your Honor's decision.

Initially, as Your Honor decided the motion, Defendant Ingber's argument about it being improperly routed to Judge Seybert is a harmless procedural irregularity corrected by Your Honor deciding the motion, as anticipated under Judge Seybert's and Your Honor's rules.  Further, Your Honor's granting of Plaintiff's motion, despite it not being preceded by a pre-motion letter was within this Court's discretion.  Courts routinely exercise their discretion to treat motions as pre-motion letters, waive pre-motion conference requirements, and also treat pre-motion letters as motions (*see Mancuso v City of New Rochelle*, 2026 US Dist LEXIS 52697, at *4 [SDNY Mar. 9, 2026, No. 26-CV-00102 (PMH)], *see also Chambers v Stynes*, 2025 US Dist LEXIS 202552, at *3 [EDNY Oct. 14, 2025, No. 25-cv-02524 (NCM) (CHK)]).

Defendant's attempt to vacate Your Honor's decision pursuant to Fed. R. Civ. P. 60 (b)(1) and/or (6) is not warranted as relief under 60(b) "is generally not favored" and is "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances" (*SEC v Cohen*, 671 F Supp 3d 319, 322 [EDNY 2023]).  Here, the circumstances set forth by Defendant – his trip to D.C. and e-mails with Plaintiff's counsel the morning the order was issued – do not rise to "exceptional circumstances" warranting relief.  More glaringly, Fed. R. Civ. P. 60 (b) applies only to "relief from a final judgment, order, or proceeding" not a routine interlocutory order allowing Plaintiff additional time to serve pleadings in a case where the improperly served Defendant is already actively participating in litigation.

Accordingly, Plaintiff respectfully submits that Defendant has set forth no reason to disturb this Court's March 30, 2026 order permitting Plaintiff additional time to serve.

Very Truly Yours,

VERIDIAN LEGAL P.C.
*/s/ Daniel S. Szalkiewicz*
By: Daniel S. Szalkiewicz, Esq.

Veridian Legal P.C.