# EXHIBIT C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x

JANE DOE,

                             Plaintiff,

      -against-

RONALD DAVID INGBER and JOHN DOES 1-99,

                      Defendants.

-------------------------------------------------------------------------------x

**Docket No. 25-cv-5478 (JS) (AYS)**

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS THE COMPLAINT

GUERCIO & GUERCIO LLP
*Attorneys for Defendant*
*Ronald David Ingber*
Adam I. Kleinberg
Connor Mulry
77 Conklin Street
Farmingdale, New York 11735
(516) 694-3000

**TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** ...........................................................................................1

**STATEMENT OF FACTS**...............................................................................................1

    *Allegations in the Complaint* ........................................................................1
    *Procedural History & Failed Service of the Summons and Complaint* ........................3

**STANDARD OF REVIEW**..............................................................................................5

**ARGUMENT**..............................................................................................................7

  POINT I: THE IMPROPER SERVICE MANDATES A DISMISSAL OF THIS COMPLAINT.................7

  POINT II. THE TIME BARRED-CLAIMS .......................................................................12

    *A. The Dissemination Claims – The First, Second, and Seventh Causes*
      *of Action*.........................................................................................12
    *B. The False Light Invasion of Privacy, Publicity Given to Life, and Transmission*
      *of Sexually Transmitted Disease Claims – the Third, Fourth and*
      *Ninth Causes of Action* ...................................................................14
    *C. The Aiding & Abetting Claim – the Fifth Cause of Action*.......................15

  POINT III. PLAINTIFF FAILS TO STATE A CLAIM FOR THE TWO NON-TIME BARRED CAUSES
  OF ACTION ...........................................................................................................16

    *A. N.Y. Civil Rights Law § 79-n – the Eighth Cause of Action* ...................16
    *B. Intentional Infliction of Emotional Distress – the Sixth Cause of Action* ............18

  POINT IV. THE PUBLICITY GIVEN TO PRIVATE LIFE CLAIM CANNOT STAND ....................20

  POINT V. SEVERAL PORTIONS OF THE COMPLAINT SHOULD BE STRICKEN ..........................22

**CONCLUSION** ...........................................................................................................23

**TABLE OF AUTHORITIES**

**Cases**

*Adler v Penn Credit Corp.*,
 2022 U.S. Dist. LEXIS 43518 (S.D.N.Y. 2022) ........................................................ 20

*Antone v. General Motors Corp.*,
 64 N.Y.2d 20, 27 (1984) ........................................................................................... 13

*Ashcroft v. Iqbal*,
 556 U.S. 662, 678 (2009) ........................................................................................ 5, 6

*Barker v. United Airlines, Inc.,*
 2024 U.S. Dist. LEXIS 17659, *12 (D.N.J. 2024) .................................................... 14

*Barreto v. Cerciello*,
 2020 U.S. Dist. LEXIS 190442, * 2-3 (E.D.N.Y. 2020) .............................................. 7

*Bell Atl. Corp. v. Twombly*
 550 U.S. 544, 555, 557 (2007) ........................................................................ 6, 16, 19

*Boring v. Google Inc.*,
 200 U.S. App. LEXIS 1891 (3d Cir. 2010) ............................................................... 15

*Bray v. Purple Eagle Entm't, Inc.*,
 2019 U.S. Dist. LEXIS 10202, *24 (S.D.N.Y. 2019) ................................................ 22

*Buckley v. Trenton Sav. Fund Soc.*,
 111 N.J. 355 (1988) .................................................................................................. 19

*Burda Media, Inc. v. Viertel*,
 417 F.3d 292, 298-99 (2d Cir. 2005) .......................................................................... 5

*Bossuk v. Steinberg*,
 58 N.Y.2d 916 (1983) ................................................................................................. 9

*C3 Media & Mktg. Group, LLC. v. Firstgate Internet, Inc.*,
 419 F.Supp.2d 419, 427 (S.D.N.Y. 2005) .................................................................. 5

*Cantor Fitzgerald v. Lutnick*,
 313 F.3d 704, 710 (2d Cir. 2022) ............................................................................. 13

*Cuoco v. Moritsugu*,
 222 F.3d 99, 112 (2d Cir. 2000) ............................................................................... 11

*Doe v. Jesuit*,
 2024 U.S. Dist. LEXIS 216335, *30-31 (W.D.N.Y. 2024) ....................................... 22

*Doe v. Parsons*,
 2025 U.S. Dist. LEXIS 110962, *7 (M.D. Tenn. 2025) ............................................ 12

*E.S. v. Elizabeth Bd. of Educ.*,
 2024 U.S. Dist. LEXIS 49749, *43 (D.N.J. 2024) .................................................... 19

*Feinstein v. Bergner*,
 48 N.Y.2d 234 (1979) ................................................................................................. 8

*Feliz v. Rapid Care Sols*.
    2024 N.Y. Misc. LEXIS 7378 (Sup. Ct., Bronx Cty. 2024) ........................................ 9

*Frasca v. United States*,
    921 F.2d 450, 453 (2d Cir. 1990) ................................................................................ 11

*Gerena v. Korb*,
    617 F.3d 197, 201 (2d Cir. 2010) ................................................................................ 11

*Global Fin. Corp. v. Triarc Corp.*,
    93 N.Y.2d 525, 528 (1999) .......................................................................................... 13

*Gorlin v. Bond Richman & Co.*,
    706 F. Supp.236, 240 (S.D.N.Y. 1989) ....................................................................... 13

*Gould v. JPMorgan Chase Bank, N.A.*,
    2021 U.S. Dist. LEXIS 180230, *8-9 (D.N.J. 2021) .................................................. 19

*Griffin v. Tops Appliance City, Inc.*,
    337 N.J. Super. 15, 766 A.2d 292, 296 (N.J. Super. Ct. App. Div. 2001) ................. 18

*Harper v. City of New York*,
    424 F. App'x 36, 38 (2d Cir. 2011) ............................................................................. 11

*Hercules v. PPS Mso Ny, Inc.*,
    2024 U.S. Dist. LEXIS 178313, * 11 (E.D.N.Y. 2024) ............................................. 10

*Husser v. New York City Dep't of Educ.*,
    137 F.Supp.3d 253, 276-277 (E.D.N.Y. 2015) ........................................................... 18

*In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*,
    399 F.Supp.2d 325, 330 (S.D.N.Y. 2005) .................................................................... 5

*Khan v. Hernandez*,
    122 A.D.3d 802 (2d Dept. 2014) ................................................................................. 10

*Kogan v. Facebook, Inc.*,
    334 F.R.D. 393, 401 (E.D.N.Y. 2020) .......................................................................... 7

*Littlejohn v. City of New York*,
    795 F.3d 297, 311 (2d Cir. 2015) ................................................................................ 18

*Macchia v. Russo*,
    67 N.Y.2d 592 (1986) .............................................................................................. 8, 10

*Matter of H. v. M.*,
    47 A.D.3d 629, 629 (2d Dept. 2008) ........................................................................... 10

*McDonald v. Ames Supply Co.*,
    22 N.Y.2d 111, 115 (1968) .......................................................................................... 10

*Mende v. Milestone Tech., Inc.*,
     269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003) .................................................................. 5

*Micciche v. Kemper Nat'l Servs.*,
    560 F.Supp.2d 204, 209 (S.D.N.Y. 2008) ..................................................................... 7

*Minholz v. Lockheed Martin Corp.*,
    227 F.Supp.3d 249, 255 (N.D.N.Y. 2016) ..................................................................... 5

ii

*Moss v. Ciferri,*
2023 U.S. Dist. LEXIS 59334, \*20-21 (E.D.N.Y. 2023) ........................................................ 11

*North Star Steel Co. v. Thomas,*
515 U.S. 29, 34 (1995) ............................................................................................................ 12

*Omni Capital Int'l v. Rudolf Wolff & Co.,*
484 U.S. 97, 104 (1987) ............................................................................................................ 5

*Ostrow v. Parker,*
2014 U.S. Dist. LEXIS 2251 (E.D.N.Y. 2014) ...................................................................... 11

*Owens v. Okure,*
488 U.S. 235 (1989) ................................................................................................................ 12

*Parkes v. Walker,*
2025 U.S. Dist. LEXIS 158082, \* 8 (S.D.N.Y. 2025) ............................................................ 12

*Patane v. Clark,*
 508 F.3d 106, 112 (2d Cir. 2007) ........................................................................................... 18

*Portfolio Recovery Assocs., LLC v. King,*
14 N.Y.3d 410 (2010) .............................................................................................................. 13

*Raschel v. Rish,*
69 N.Y.2d 694 (1986) .............................................................................................................. 10

*Romaine v. Kallinger,*
109 N.J. 282 (1988) ................................................................................................................. 20

*Rumbauskas v. Cantor,*
138 N.J. 173, 180-182 (1994) ................................................................................................. 14

*Sanders v. Elie,*
29 A.D.3d 773 (2d Dept. 2006) .............................................................................................. 10

*Sartor v. Toussaint,*
70 Fed. Appx. 11 (2d. Cir. 2002) ............................................................................................ 10

*Schachtel v. Hughes,*
LEXIS 2609, \*20-21 (N.J. Sup. Ct. 2024) .............................................................................. 18

*Sherr v. HealthEast Care Sys.,*
262 F. Supp. 3d 869, 881 (D. Minn. 2017) ............................................................................. 20

*Tavor v. Troia,*
2024 U.S. Dist. LEXIS 17147, \* 8 (E.D.N.Y. 2024) .............................................................. 20

*Warwick v. New Jersey Office of the AG,*
2022 U.S. Dist. LEXIS 96999 (D.N.J. 2022) ......................................................................... 15

*Zapata v. City of New York,*
502 F.3d 192, 197 (2d Cir. 2007) ............................................................................................ 11

iii

**Statutes**

15 U.S.C. § 6851 .............................................................................................................. 12

Fed. R. Civ. P. 12(b)(6) .................................................................................................... 5

Fed. R. Civ. P. 12(f) ........................................................................................................ 22

Fed. R. Civ. P. 4(e) ....................................................................................................... 8, 9

Fed. R. Civ. P. 4(m) ................................................................................................ 7, 10, 11

New York Civil Rights Law § 52-b ............................................................................ 12, 14

New York Civil Rights Law § 79-n ................................................................................. 16

N.J.S.A. § 2A:14-2 .................................................................................................. 13, 14, 15

N.Y. CPLR § 202 ........................................................................................................ 12, 13

N.Y. CPLR § 308 ....................................................................................................... 8, 9, 10

## PRELIMINARY STATEMENT

Plaintiff commenced this action by levying a series of wild allegations against the defendant. Not only are the claims time-barred and/or lack a substantive basis to withstand a pre-answer motion to dismiss, even the alleged service of the pleading fails to meet the applicable legal standard. As fully detailed below, the Court need not decide the merits of any claim as plaintiff's procedural failures mandate the wholesale dismissal of this action pursuant to Fed. R. Civ. P. 12(b)(2), (5), and (6). Defendant also seeks permission under Rule 12(f) to strike various scandalous portions of the Complaint that were asserted while wholly irrelevant to the actual causes of action pleaded.

## STATEMENT OF FACTS

### *Allegations in the Complaint*

At this early stage of litigation, defendant is admittedly constrained to the tortured version of events set for in plaintiff's complaint. As such, the following factual allegations are taken from the Complaint in this action and are presumed true solely for purposes of this motion.

Plaintiff and defendant dated off and on between 2018 and 2022. (ECF Doc. No. 1 (plaintiff's Complaint in this action, hereinafter "Compl."), ¶¶ 23, 123.) At the beginning of their relationship (from 2018 and/or 2019 until 2021), plaintiff resided in New Jersey, while defendant resided in Suffolk County, New York. (Compl., ¶¶ 24-25.) Plaintiff frequently made trips to Nassau and Suffolk County to visit defendant during this period. (Compl., ¶ 31.) The bulk of the allegations asserted occurred between 2021 and 2022 as during that time defendant allegedly bought plaintiff an apartment in Nassau County, and she principally resided there until November 2022 when she left and returned to New Jersey. (Compl., ¶¶ 13-15, 46-123.)

In April 2019, plaintiff learned she contracted a sexually transmitted infection, supposedly because of defendant. (Compl., ¶¶ 36-38.) "Upon information and belief," plaintiff alleges

1

defendant gained access to her and her sister's cellphones or iCloud accounts and "hacked" them as well as burner phones purchased by plaintiff. (Compl., ¶¶ 124-129.) In July 2022, defendant allegedly falsified correspondence from a New Jersey prosecutor's office and made plaintiff believe she was being investigated for a crime. (Compl., ¶¶ 90-102.) On July 18, 2022, defendant allegedly sent emails "to several people that contained hyperlinks implying Plaintiff was a prostitute." (Compl., ¶ 94.)

In November 2022, defendant, or someone on his behalf, allegedly used "anonymous phone numbers" to disseminate more than a dozen intimate images of plaintiff to her friends, family, and colleagues. (Compl., ¶¶ 117-119.) These messages also allegedly contained sexually graphic conversations and medical records showing plaintiff had been diagnosed with a sexually transmitted infection. (Compl.) At or around this time, defendant or someone acting on his behalf allegedly "spoofed" plaintiff by texting and calling her friends and family. (Compl., ¶¶ 130-132.)

On January 9, 2023, plaintiff's ex-boyfriend reported "Defendant's bad conduct" to the police because he supposedly received indecent photographs of himself and plaintiff. (Compl., ¶ 154.) In April 2023, September 2024, and December 2024, defendant allegedly sent harassing messages to plaintiff using an "unknown phone number" and/or impersonating others, with said messages telling plaintiff she "look[ed] cute today" and referred to her as a "ho, ho, ho." (Compl., ¶¶ 161-163, 165-166, 170-175.)

Plaintiff sets forth nine causes of action, including one under federal law, two under New York state law, and six under New Jersey state law. Specifically, they are for: (i) violation of 15 USC § 6851; (ii) violation of N.J.S.A. 2A:58D-1; (iii) false light invasion of privacy; (iv) publicity given to private life; (v) aiding and abetting; (vi) intentional infliction of emotional distress; (vii)

N.Y. Civil Rights Law § 52-b; (viii) harassment under N.Y. Civil Rights Law § 79-n; and (ix) intentional or negligent transmission of a sexual disease. (Compl., pp. 29-40.)

***Procedural History & Failed Service of the Summons and Complaint***

On October 1, 2025, plaintiff filed the instant federal action and immediately moved for a protective order to proceed under a pseudonym. (ECF Doc. Nos. 1 and 2.). Also, on October 1, 2025, the Court issued a summons to be served upon defendant. (ECF Doc. No. 4.) On October 2, 2025, Magistrate Judge Peggy Kuo granted plaintiff's motion to proceed under a pseudonym until further order of the Court. (*See* Court Order dated October 2, 2025.)

On October 14, 2025, plaintiff filed an executed summons with the Court. (ECF Doc. No. 8.) The executed summons filed with the Court provided that an individual named Terence Kelly "*personally served the summons on the individual at 23 Majestic Dr, Dix Hills, NY 11746 on 10/06/2025 at 9:50 AM.*" (ECF Doc. No. 8.) (emphasis added.)

Yet, such service did not occur as defendant was not personally served at his home, as captured on a home security camera situated outside his residence and affirmed through a declaration of his law partner. (Ex. A; Ex. B.)[1] Defendant was working from his law office at 301 Mineola Boulevard in Mineola, NY, at the time of the attempted service. (Ex. A; Ex. B at ¶ 2.) When the process server approached the front door of the residence, he rang the doorbell. (Ex. A.) Defendant used his cell phone to speak to the process server through the Ring Video Doorbell camera. (Ex. A; Ex. B at ¶ 2.) Defendant stated that he was not on the premises, nor was anyone else there to accept service. (Ex. A.) The process server then left a set of papers on or near the front door of the residence before driving away shortly thereafter. (Ex. A.) This was the lone attempt

---

[1] Referenced exhibits are attached to the accompanying attorney declaration of Adam I. Kleinberg submitted in support of defendant's motion.

3

made to serve the individual defendant, and it occurred 147 days from the filing of this dispositive motion. (ECF Doc. No. 8.)

On October 20, 2025, defendant filed motions to: (i) change venue from the Brooklyn courthouse to the Central Islip courthouse; and, (ii) to permit defendant to proceed under a pseudonym or, alternatively, to prohibit plaintiff from doing so. (ECF Doc. Nos. 9, 11.)

On October 27, 2025, defendant requested a pre-motion conference in anticipation of moving to dismiss the complaint in its entirety. (ECF Doc. No. 12.)

On January 16, 2026, Magistrate Judge Peggy Kuo granted defendant's motion to change venue. (*See* Court Order dated January 16, 2026.) The case was then reassigned to Your Honor and Magistrate Judge Anne Y. Shields. (*See* Court Order dated January 21, 2026.) Your Honor assigned referred the pseudonym motions to Magistrate Judge Shields for a report and recommendation. (*See* Court Order dated January 22, 2026.)

On February 2, 2026, Your Honor waived the pre-motion conference requirement and set forth a briefing schedule for defendant's motion. (ECF Doc. No. 15.) Subsequent to defendant's filing of the pre-motion letter, plaintiff's time to effectuate service of process expired and we include the issue now as part of this comprehensive motion to dismiss the action.

**STANDARD OF REVIEW**

Rule 12(b)(2) of the Federal Rules of Civil Procedure requires the dismissal of an action against any defendant over whom the federal court lacks *in personam* jurisdiction. *See In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*, 399 F.Supp.2d 325, 330 (S.D.N.Y. 2005). The plaintiff bears the burden of proof to demonstrate that the Court has jurisdiction over the defendant and must provide allegations of a factually specific nature to confer jurisdiction. *See Minholz v. Lockheed Martin Corp.*, 227 F.Supp.3d 249, 255 (N.D.N.Y. 2016). Conclusory statements will be considered insufficient proof. *Id.*

Proper service of process is a jurisdictional prerequisite and without it, "a court lacks personal jurisdiction over the defendant." *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). When a court is presented with a Rule 12(b)(5) dismissal motion arguing insufficiency of process, "the court 'must look to matters outside the complaint' to determine what steps, if any, the plaintiff took to effect service." *C3 Media & Mktg. Group, LLC. v. Firstgate Internet, Inc.*, 419 F.Supp.2d 419, 427 (S.D.N.Y. 2005) (quoting *Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F.Supp.2d 382, 387 (S.D.N.Y. 2002). The burden rests squarely on the plaintiff to prove that service was valid. *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298-99 (2d Cir. 2005); *Mende v. Milestone Tech., Inc.*, 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a cause of action shall be dismissed if a complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mere "labels and conclusions" or "naked assertion[s]" devoid of "further factual enhancement" do not suffice. *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "[T]he tenet that a court must

5

accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, fail to state a claim. *Id*. (citing *Twombly*, 550 U.S. at 555). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal* 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citing *Twombly*, 550 U.S. at 556). The Complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. To meet this standard, plaintiff must "nudge [ ] their claims across the line from conceivable to plausible." *Id*. at 570.

**ARGUMENT**

**POINT I:**         THE IMPROPER SERVICE MANDATES A DISMISSAL OF THIS COMPLAINT

Plaintiff's failure to properly serve defendant in and of itself requires the dismissal of this action. Fed. R. Civ. P. 4(m) requires a plaintiff to effectuate service of their pleading on the defendant within 90 days of filing the complaint. *See Barreto v. Cerciello*, 2020 U.S. Dist. LEXIS 190442, * 2-3 (E.D.N.Y. 2020) (citing Fed. R. Civ. P. 4(m)). The failure to comply with this requirement requires a dismissal of the action, whether on motion by defendant or by the Court's own motion. *Id*. Only where a plaintiff shows good cause for a failure to effect timely service, can a Court extend the service period. *Id*.

In determining whether a plaintiff has shown "good cause" for failure to effect timely service, courts consider: "(1) the reasonableness and diligence of plaintiff's efforts to serve process, and (2) the prejudice to the defendants from the delay." *See Micciche v. Kemper Nat'l Servs.*, 560 F.Supp.2d 204, 209 (S.D.N.Y. 2008). "Good cause is generally found only in 'exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control.'" *Kogan v. Facebook, Inc.*, 334 F.R.D. 393, 401 (E.D.N.Y. 2020) (quoting *Ping Chen ex rel. U.S. v. EMSL Analytical, Inc.*, 966 F.Supp.2d 282, 306 (S.D.N.Y. 2013) (internal quotation marks omitted)).

As demonstrated below, plaintiff cannot show good cause as defined by the Courts. Reasonable and diligent efforts at service were not made, and the prejudice that would flow to the defendant by permitting a time-barred claim to proceed is immeasurable.

The rules applicable to service of process are set forth in Rule 4 of the Federal Rules of Civil Procedure. Rule 4(e) provides that in the absence of a waiver pursuant to Rule 4(d), an individual defendant must be served either by:

7

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Section 308 of the Civil Practice Laws and Rules ("CPLR") governs New York Law for service of process. The New York Court of Appeals has repeatedly held that strict compliance with CPLR § 308 is required and methods of service not authorized by statute are invalid unless ordered by the court. *See Feinstein v. Bergner*, 48 N.Y.2d 234 (1979) (service not made strictly as required by CPLR § 308 is jurisdictionally defective); *Macchia v. Russo*, 67 N.Y.2d 592 (1986) (actual notice does not cure defective service, statutory service must be strictly followed.) The statute provides four principal methods of service: (i) personal delivery, (ii) delivery to a person of suitable age and discretion plus mailing, (iii) affixing ("nailing") the summons to the door plus mailing, and (iv) ordered alternative service where other methods are impracticable. *See* CPLR § 308(1)(2)(4), and (5). In the Second Circuit, the "nail and mail" method of service is permissible under federal law when it complies with state law (i.e. CPLR § 308(4)) where the district court is located or where service is made.

Here, plaintiff's process server attempted service on one occasion when defendant, who was not home, "answered" the server through a Ring Video doorbell camera. (Ex. A.) The process server left the paperwork at or near the door, despite being informed no one was there to accept service. (Ex. A.) The documents were not left with a person of suitable age or discretion, and there

8

were no additional efforts made to effectuate service filed with the Court. (ECF Doc. No. 8.) Thus, Plaintiff failed to comply with either the federal or state statutes dictating service requirements. The Affidavit of Service filed with the Court improperly claims personal service was effectuated and provides an inaccurate description of defendant. (ECF Doc. No. 8.)[2]

Preliminarily, service via a Ring doorbell camera does not effectuate "delivery" of the summons within the meaning of CPLR § 308(1). "Delivery" requires physical transfer or leaving the papers in the defendant's immediate vicinity where the defendant is physically present. *See c.f. Bossuk v. Steinberg*, 58 N.Y.2d 916 (1983) (service was valid where the defendant refused to accept papers handed to him and the server left them at his feet because of physical presence and manual tender). Speaking through a doorbell camera involves no physical presence of the defendant, no ability to tender documents, and no evidence that the defendant actually received the documents. In fact, defendant specifically advised the process server that he was not home. (Ex. A.)

Thus, defendant was not personally served for the purposes of CPLR § 308(1) or Fed. R. Civ. P. 4(e)(2)(a). *See Feliz v. Rapid Care Sols*. 2024 N.Y. Misc. LEXIS 7378 (Sup. Ct., Bronx Cty. 2024) (improper service where the plaintiff's process server attempted service on a single occasion and an unidentified person present at the premises answered the server through a Ring Video Doorbell and allegedly instructed the server to deposit the documents into a mail slot.)

Second, under CPLR § 308(4), the "nail and mail" means of service is permissible only after due diligence of attempting §308 (1) and (2) service. The due diligence requirement is strictly enforced and the failure to comply renders the service invalid, and a court will not obtain personal

---

[2] The incorrect statement in the affidavit of service filed with the Court is consistent with plaintiff's earlier misstatement in the civil cover sheet which resulted in the venue transfer motion. While perhaps coincidental, we believe the pattern is telling.

jurisdiction over the defendant. *See Sartor v. Toussaint*, 70 Fed. Appx. 11 (2d. Cir. 2002). Here, plaintiff's lone (and ineffectual) attempt at service is statutorily ineffective for its lack of due diligence. *See Khan v. Hernandez*, 122 A.D.3d 802 (2d Dept. 2014) ("nail and mail" service invalid without specific, detailed due-diligence efforts"); *Sanders v. Elie*, 29 A.D.3d 773 (2d Dept. 2006) (failure to show meaningful attempts defeats §308(4) service).

In addition, CPLR § 308(4), explicitly requires that when personal service cannot be made with due diligence, service may be effected by (i) affixing the summons to the door of a defendant's dwelling or usual place of abode, and (ii) mailing the summons to the defendant's last known residence or actual place of business. Both affixation and mailing are mandatory components of this form of service and the failure to mail renders service invalid. *See Raschel v. Rish*, 69 N.Y.2d 694 (1986) (New York Court of Appeals held both components of the statute are mandatory and independent, and the failure to satisfy both renders service a nullity.) Even if defendant actually received the documents, it is irrelevant for a determination of whether service of process requirements are met. Raschel, 69 N.Y.2d at 697 (citing *Macchia v. Russo*, 67 N.Y.2d 592 (1986); *McDonald v. Ames Supply Co.*, 22 N.Y.2d 111, 115 (1968)); *see also Hercules v. PPS Mso Ny, Inc.*, 2024 U.S. Dist. LEXIS 178313, * 11 (E.D.N.Y. 2024); *Matter of H. v. M.*, 47 A.D.3d 629, 629 (2d Dept. 2008). Here, even if the affixation requirement was met, plaintiff did not exercise due diligence nor mail the summons to defendant as evidenced by the deficient affidavit of service. (ECF Doc. No. 8.) Service is thus ineffectual for this reason as well.

Plaintiff cannot cure this procedural deficiency at this stage. As set forth above, Rule 4(m) of the Federal Rules of Civil Procedure provides that a plaintiff must serve the summons and complaint within 90 days after filing the complaint. *See* Fed. R. Civ. P. 4(m). This period expired on December 30, 2025, and plaintiff failed to make a motion to extend.

If the plaintiff fails to timely effectuate service, the Court "must dismiss the action without prejudice" unless the plaintiff shows good cause. *See* Fed. R. Civ. P. 4(m). However, reliance on an unauthorized method of service, as is the case here, does not constitute good cause. *See Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007); *Gerena v. Korb*, 617 F.3d 197, 201 (2d Cir. 2010). Further, and as discussed more below, courts routinely dismiss actions with prejudice where, as here, the statute of limitations has expired on the claims and additional service efforts would be futile. *See Harper v. City of New York*, 424 F. App'x 36, 38 (2d Cir. 2011); *Frasca v. United States*, 921 F.2d 450, 453 (2d Cir. 1990).

Where the statute of limitations period has expired on the underlying causes of action, a dismissal without prejudice would be an empty gesture as plaintiff cannot lawfully refile the action. The service defect cannot be cured as the claims are time-barred, so seeking or affording leave to correct this deficiency would be futile. *See Zapata*, 502 F.3d 192 (a district court may dismiss an action with prejudice where additional service attempts would be futile due to an expired statute of limitations on the causes of action); *Moss v. Ciferri*, 2023 U.S. Dist. LEXIS 59334, *20-21 (E.D.N.Y. 2023) (Your Honor declined to provide a discretionary extension and dismissed a lawsuit as the defendants would have been prejudiced if required to defend claims asserted beyond the applicable statute of limitations); *Ostrow v. Parker*, 2014 U.S. Dist. LEXIS 2251 (E.D.N.Y. 2014) (Your Honor declined to extend a discretionary extension based on the facts presented and dismissed the action based on improper service.) *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Accordingly, plaintiff's claims are now time-barred under Rule 12(b)(5) due to insufficient service of process and under Fed. R. Civ. P. 4(m) for failure to serve within the required statutory period.

**POINT II:**    **THE TIME-BARRED CLAIMS**

Even if the Complaint had been properly served (which it was not) nearly all of plaintiff's causes of action (specifically, seven of the nine) are barred by the applicable statute of limitations.

*A.    The Dissemination Claims - The First, Second, and Seventh Causes of Action*

Plaintiff's first cause of action (under 15 U.S.C. § 6851), second cause of action (under N.J.S.A. § 2A:58D-1), and seventh cause of action (under N.Y. Civil Rights Law § 52-b) are grouped together in this motion as they all arise out of the alleged dissemination of intimate images. (Compl., ¶¶ 186-193, 194-199, 236-241.)

15 U.S.C. § 6851 creates a federal civil cause of action for the nonconsensual disclosure of intimate images. Likewise, N.J.S.A. § 2A:58D-1 imposes civil liability for the unauthorized photography, filming, videotaping, recording, or reproduction of another person's intimate parts or sexual act. Additionally, New York Civil Rights Law § 52-b provides a private right of action for the unlawful dissemination or publication of intimate images without consent.

15 U.S.C. § 6851 does not include an express limitations period, so federal courts apply the most analogous state statute of limitations. *See North Star Steel Co. v. Thomas,* 515 U.S. 29, 34 (1995) (in the absence of a federal limitations period, "resort to state law is the accepted practice"); *see also Parkes v. Walker*, 2025 U.S. Dist. LEXIS 158082, * 8 (S.D.N.Y. 2025) (finding that a state law statute of limitations applies because 15 U.S.C. § 6851 has no statute of limitations of its own); *Owens v. Okure*, 488 U.S. 235 (1989); *Doe v. Parsons*, 2025 U.S. Dist. LEXIS 110962, *7 (M.D. Tenn. 2025).

However, the timeliness of suit is governed by New York's borrowing statute, CPLR § 202. *See* NY Civil Rights Law § 52-b(3). The statute mandates that "an action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited

12

by the laws of either New York or the place without the state where the cause of action accrued."

*Global Fin. Corp. v. Triarc Corp.*, 93 N.Y.2d 525, 528 (1999).

Because the alleged dissemination and resulting "harm" occurred in New Jersey where plaintiff resides and her family, friends, and colleagues allegedly received the images, the cause of action "accrued" there. *See Antone v. General Motors Corp.*, 64 N.Y.2d 20, 27 (1984) (tort cause of action accrues where the plaintiff sustains the injury); *Gorlin v. Bond Richman & Co.*, 706 F. Supp.236, 240 (S.D.N.Y. 1989) ("For purposes of the New York borrowing statute, a cause of action accrues where the injury is sustained") (citing *Armstrong v. McAlpin*, 699 F.2d 79, 89 (2d Cir. 1983)). In applying CPLR § 202, this Court must "borrow" the shorter of the two periods, which would be New Jersey's two-year statute because the causes of action allegedly accrued in New Jersey. *See Global Fin. Corp.*, 93 N.Y.2d at 529. Defendant's New York residency does not alter this result as CPLR § 202 applies to all causes of action accruing outside the state, regardless of his domicile, and to both federal and state law claims. *See Portfolio Recovery Assocs., LLC v. King*, 14 N.Y.3d 410 (2010); *Gorlin*, 706 F. Supp. 236; *Cantor Fitzgerald v. Lutnick*, 313 F.3d 704, 710 (2d Cir. 2022) ("Under New York's borrowing statute,' N.Y. CPLR § 202, a case filed by a non-resident plaintiff requires application of the shorter statute of limitations period, as well as all applicable tolling provisions, provided by either New York or the state where the cause of action accrued.") (citations omitted).

In New Jersey, there is a two-year limitations period for personal injury and privacy torts under N.J.S.A. § 2A:14-2, which provides "[e]xcept as otherwise provided by law, every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State shall be commenced within two years next after the cause of any such action shall have

accrued." N.J.S.A. § 2A:14-2(a). The two-year statute of limitations has been applied to New Jersey claims involving invasion of privacy, emotional distress, and harassment.

In *Rumbauskas v. Cantor*, 138 N.J. 173, 180-182 (1994), a case involving co-workers, the Supreme Court of New Jersey held that an action for intrusion on seclusion based on conduct such as stalking or threats of violence constitutes a claim subject to the two-year statute of limitations set forth in N.J.S.A. 2A:14-2. Similarly in *Barker v. United Airlines, Inc.,* 2024 U.S. Dist. LEXIS 17659, *12 (D.N.J. 2024), a New Jersey federal district court dismissed a cause of action for invasion of privacy as time barred by applying a two-year statute of limitations.

New York Civil Rights Law § 52-b allows a claim to be filed within three years of dissemination or one year from discovery. However, for the reasons discussed above, the borrowing statute shortens this period to two years of dissemination.

Here, plaintiff alleges defendant disseminated lewd photographs of her to plaintiff's friends, colleagues, and family members in November 2022, and also claims that an ex-boyfriend reported receiving lewd photographs in January 2023. (Compl., ¶¶ 117-119, 154.) Thus, the Court cannot consider these allegations as any asserted dissemination cause of action must have been asserted by November 2024 for all but the ex-boyfriend, and that would have had to have been asserted by January 2025. Thus, all of these claims were time-barred at the time the complaint was filed on October 1, 2025. (ECF Doc. No. 1.)

**B.      *The False Light Invasion of Privacy, Publicity Given to Life, and Transmission of Sexually Transmitted Disease Claims – the Third, Fourth and Ninth Causes of Action***

Plaintiff allegedly learned, by her own admission, she contracted a sexually transmitted infection in April 2019. (Compl., ¶¶ 36-38.) Her false light invasion of privacy claim and publicity given to life claims stem from emails and text messages allegedly sent by defendant in July and November 2022. (Compl., ¶¶ 6, 94, 117, 200-216.)

14

For the reasons set forth above, the two-year statute of limitations should apply to all of these claims as the alleged injuries stem from personal injury/privacy torts. *See* N.J.S.A. § 2A:14-2(a); *Rumbauskas*, 138 N.J. 173 at 182; *Boring v. Google Inc.*, 200 U.S. App. LEXIS 1891 (3d Cir. 2010).

Under New Jersey's two-year limitations period, the transmission of a disease claim had to be filed by April 2021 at the latest. This is more than 4 years before plaintiff filed this action. Similarly, the other claims had to be filed by July 2024, and November 2024, respectively. Her failure to do so bars the bringing of such claims in this action filed on October 1, 2025.

## C.  *The Aiding & Abetting Claim – the Fifth Cause of Action*

Plaintiff alleges "upon information or belief" that defendant used unnamed third parties to send "spoof" phone calls to her friends and family, and to disseminate harassing messages including the lewd photographs. (Compl., ¶¶ 14, 118, 130-132, 217-223.) Plaintiff does not allege that any conduct occurring after November 2022 involved third parties. (Compl., ¶¶ 161-177, 217-223.) Thus, to the extent plaintiff alleges an aiding and abetting discrimination claim, it would also be subject to a two-year statute of limitations and time-barred. *See Warwick v. New Jersey Office of the AG*, 2022 U.S. Dist. LEXIS 96999 (D.N.J. 2022).

**POINT III:**   **PLAINTIFF FAILS TO STATE A CLAIM FOR THE TWO NON-TIME-BARRED CAUSES OF ACTION**

Plaintiff's remaining causes of action fail to state a claim.

**A.**   ***N.Y. Civil Rights Law § 79-n – the Eighth Cause of Action***

New York Civil Rights Law § 79-n provides a civil remedy for bias-related violence or intimidation. To state a claim under the statute, a plaintiff must allege that the defendant "intentionally select[ed] a person or property for harm" or engaged in qualifying conduct "in whole or in substantial part because of a belief or perception regarding the race, color, national origin, ancestry, gender, religion, religious practice, age, disability or sexual orientation of a person." N.Y. Civ. Rights Law § 79-n(2).

Bias motivation is not merely one element among several it is the sine qua non of the statute. Without it, the alleged conduct, regardless of how wrongful it may be, does not give rise to a § 79-n claim. The statute was enacted to provide a civil remedy specifically for hate-motivated conduct, not to serve as a general anti-harassment statute.

The Eighth Cause of Action consists of five paragraphs (Compl., ¶¶ 242–246.) The sole allegation purporting to satisfy the bias element is in paragraph 244, which states: "Defendant selected Plaintiff for such injury due to her gender, sexual orientation, and/or age." (Compl., ¶ 244.)

This is a textbook example of a "formulaic recitation of the elements of a cause of action" that the U.S. Supreme Court held as insufficient in *Twombly* and *Iqbal*. 550 U.S. at 555; 556 U.S. at 678. The allegation is entirely conclusory. It identifies three different protected characteristics in the disjunctive, those being "gender, sexual orientation, and/or age," without committing to which one actually motivated the alleged conduct. Plaintiff does not allege which of these characteristics purportedly motivated defendant, what statements or actions reflect such bias, or

16

how the alleged conduct was connected to any protected characteristic rather than to the personal dynamics of the parties' relationship.

To the contrary, the Complaint's 185 paragraphs of factual allegations tell a story that is entirely inconsistent with bias motivation. The Complaint describes a romantic relationship between that began in 2018 and ended in 2022, and alleges post-breakup harassment motivated by personal animus, not by bias toward any protected characteristic. In this regard, the Complaint contains the following:

| | |
|---|---|
| ¶¶ 1–14: | The parties' relationship and its deterioration due to personal dynamics; |
| ¶¶ 64–71: | Plaintiff's attempts to leave the relationship, thwarted by defendant's desire to maintain it; |
| ¶ 102: | Defendant "justified his behavior as being fair retaliation for Plaintiff talking to other men" (which would be personal jealousy, not prohibited bias); |
| ¶¶ 107–108: | Post-breakup contact motivated by desire to maintain the relationship and track plaintiff; |
| ¶¶ 225–228: | The IIED claim itself describes conduct motivated by a desire to control, retaliate, and "destroy Plaintiff's reputation" (all personal motivation based on a failed relationship). |

(Compl.)

Not a single factual allegation in the Complaint suggests that defendant harbored animus toward women as a class, toward any particular sexual orientation, or toward persons of a particular age. The Complaint does not allege that defendant made any statements reflecting gender-based, orientation-based, or age-based bias. There is no allegation that Defendant used slurs or epithets related to any protected characteristic. There is no allegation that Defendant treated Plaintiff differently because of her membership in a protected class.

17

What is left is a single comment made by an unknown person asking how was their "ho ho ho." (Compl., ¶ 165-166). However, even these exact words when coupled with more alleged incidents were found to be episodic at best and insufficient to sustain a gender-based claim. *See Husser v. New York City Dep't of Educ.*, 137 F.Supp.3d 253, 276-277 (E.D.N.Y. 2015).

It remains that the Second Circuit has consistently held that conclusory allegations of discriminatory intent are insufficient to survive a motion to dismiss where the factual allegations point to non-discriminatory motivations. *See Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007) (affirming dismissal where complaint failed to allege specific facts supporting discriminatory motive); *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015) (a plaintiff must plead facts giving rise to at least a minimal inference of discriminatory motivation); *Morrison v Shalach,* 67 Misc.3d 451, 124 N.Y.S.3d 512 (Sup. Ct., Westchester County 2020) (a § 79-n claim could not lie when the allegations were insufficient to support claim that a representative of defendant caused injury to plaintiff because of a "belief or perception regarding her sexual orientation.")

## B.    *Intentional Infliction of Emotional Distress – the Sixth Cause of Action*

To allege a viable claim for intentional infliction of emotional distress ("IIED"), a plaintiff must allege: (i) the defendant acted intentionally or recklessly, (ii) the conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community, (iii) defendant's actions must have been the proximate cause of the plaintiff's emotional distress, and (iv) the emotional distress suffered by the plaintiff must be so severe that no reasonable person could be expected to endure it. *See Schachtel v. Hughes*, LEXIS 2609, *20-21 (N.J. Super. Ct. 2024). "New Jersey courts have found that the emotional distress must meet an 'elevated threshold' which is only satisfied in 'extreme cases.'" *Griffin v. Tops Appliance City, Inc.* 337 N.J. Super. 15, 766 A.2d 292, 296 (N.J. Super. Ct. App. Div. 2001) In New Jersey, the statute of limitations for an

18

IIED claim is two years. *Gould v. JPMorgan Chase Bank, N.A.*, 2021 U.S. Dist. LEXIS 180230, *8-9 (D.N.J. 2021) (citing N.J.S.A. 2A:14-2).

Like Plaintiff's § 79-n claim, the only timely allegations for the purpose of her IIED claim are that plaintiff claims defendant sent "harassing" messages to her in September and December 2024. (Compl., ¶¶ 161-163, 165-166, 170-175.) These messages - which do not expressly link defendant as the source - standing alone are insufficient to support a claim and are exactly the sort of "naked assertion[s]" devoid of "further factual enhancement" to establish a plausible claim. *Twombly*, 550 U.S. at 544, 555, 557.

Even accepting the allegations as true at this stage of the case, they do not reach the elevated threshold required to maintain an IIED claim, and amount to, at most, "indignities, threats, annoyances, petty oppressions, or other trivialities." *See E.S. v. Elizabeth Bd. of Educ.*, 2024 U.S. Dist. LEXIS 49749, *43 (D.N.J. 2024) (citation omitted). And "[p]erceived unkindness has no remedy at law" for purposes of an IIED claim. *See id*; *see also Buckley v. Trenton Sav. Fund Soc.*, 111 N.J. 355 (1988) (The Supreme Court of New Jersey held that an IIED claim requires conduct so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and isolated offensive communications standing alone do not meet the standard.)

**POINT IV:**     **THE PUBLICITY GIVEN TO PRIVATE LIFE CLAIM CANNOT STAND**

Notwithstanding the procedural bar discussed above, the publicity given to life claim should also be dismissed on substantive grounds.

New Jersey law recognizes a tort of publicity given to private life when disclosure is to the public at large, not to a limited group of individuals. *See Romaine v. Kallinger*, 109 N.J. 282 (1988); *see also Adler v Penn Credit Corp.*, 2022 U.S. Dist. LEXIS 43518 (S.D.N.Y. 2022) ("Plaintiff cannot state a harm akin to the tort of public disclosure of private facts - referred otherwise as publicity given to private life - given that a small number of people, at most, would have learned of Plaintiff's private debt information.") (citing Restatement (Second) of Torts § 652D, comment a (1977) defining "Publicity" as "[a] matter . . . made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge. . . . Thus it is not an invasion of the right of privacy, within the rule stated in this Section, to communicate a fact concerning the plaintiff's private life to a single person or even to a small group of persons"; *Sherr v. HealthEast Care Sys.*, 262 F. Supp. 3d 869, 881 (D. Minn. 2017) ("In addition to its conclusory nature, the allegation that information was disseminated to a community of 35-40 individuals does not constitute publicity."))

It follows that Eastern District Judge Allyne R. Ross found that "it is typically not enough if the defendant communicates 'a fact concerning the plaintiff's private life to a single person or even to a small group of persons'; instead, the defendant must communicate the matter 'to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge.'" *Tavor v. Troia*, 2024 U.S. Dist. LEXIS 17147, * 8 (E.D.N.Y. 2024) (citing Restatement § 652D.)

Here plaintiff alleges that images were sent to a closed identifiable group of friends, family, and colleagues. (Compl., ¶¶ 117-119.) Thus, even if the claim had been timely asserted, plaintiff cannot satisfy the publicity element, and the claim should be dismissed as a matter of law.

**POINT V:**    **SEVERAL PORTIONS OF THE COMPLAINT SHOULD BE STRICKEN**

Plaintiff sets forth several allegations purely to ridicule, embarrass, and prejudice the defendant before the Court and the public at large. These allegations serve no tangible purpose to any of plaintiff's claims and should be stricken from the Complaint.

Rule 12(f) of the Federal Rules of Civil Procedure allows the court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "'Immaterial' matter is that which has no essential or important relationship to the claim for relief, and 'impertinent' material consists of statements that do not pertain to, and are not necessary to resolve, the disputed issues." *Doe v. Jesuit*, 2024 U.S. Dist. LEXIS 216335, *30-31 (W.D.N.Y. 2024) (citing *Jordan v. Dep't of Corr.*, 2024 U.S. Dist. LEXIS 194828, 2024 WL 4581645, at *1 (D. Conn. 2024) (quoting *Brady v. Basic Rsch.*, L.L.C., 101 F. Supp. 3d 217, 225 (E.D.N.Y. 2015)). "A scandalous allegation is one that reflects unnecessarily on the defendant's moral character, or uses repulsive language that detracts from the dignity of the court." *Id*.

Defendant moves to strike in whole or at least in part paragraphs 26, 32-40, 72-79, 179, and 247-253 from the Complaint. These sensational allegations, which include blatant fat-shaming, wild claims of sexual proclivities, grossly embarrassing incidents, and unnecessary commentary regarding defendant's family, are the exact sort of immaterial, impertinent, and/or scandalous allegations designed to prejudice prospective jury members and should be removed. *See Bray v. Purple Eagle Entm't, Inc.*, 2019 U.S. Dist. LEXIS 10202, *24 (S.D.N.Y. 2019).

The requested relief is consistent with sound judicial administration, as permitting scandalous allegations bearing no relationship to any cause of action to remain in the record serves no legitimate purpose other than to try to humiliate the defendant and influence prospective jurors.

**CONCLUSION**

For all of the foregoing reasons, defendant respectfully submits that this Court should dismiss the Complaint in its entirety, together with such other and further relief as this Court may deem just, equitable, and proper.

Dated: Farmingdale, New York
March 2, 2026

**GUERCIO & GUERCIO LLP**
*Attorneys for Defendant*

By:    Adam I. Kleinberg
Connor Mulry
77 Conklin Street
Farmingdale, NY 11735
(516) 694-3000
akleinberg@guerciolaw.com
cmulry@guerciolaw.com

23