UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------x

JANE DOE,

                                Plaintiff,

      -against-

RONALD DAVID INGBER, AMY INGBER and
JOHN DOES 1-99,

                              Defendants.

------------------------------------------------------------------------------x

Docket No. 25-cv-5478
(JS) (AYS)

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION
PURSUANT TO FED. R. CIV. P. 72(A) AND 28 U.S.C. § 636(B)(1)(A) TO VACATE THE
MARCH 30, 2026 AND APRIL 13, 2026 COURT ORDERS AND, ALTERNATIVELY,
PURSUANT TO FED. R. CIV. P. 72(B) AND 28 U.S.C. § 636(B)(1)(B) TO PRESENT
OBJECTIONS TO THE MARCH 30, 2026 AND APRIL 13, 2026 COURT ORDERS**

**GUERCIO & GUERCIO LLP**
*Attorneys for Defendants*
*Ronald David Ingber and Amy Ingber*
Adam I. Kleinberg
Connor Mulry
77 Conklin Street
Farmingdale, New York 11735
(516) 694-3000

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT** .............................................................................................1

**PROCEDURAL HISTORY & APPLICABLE JUDICIAL RULES** .......................................3

    A. The Failed Service of the Original Complaint ..........................................................3

    B. Defendant Ronald Ingber's Pre-Motion Letter and the Transfer of Venue ..............4

    C. Defendant Ronald Ingber's Original Motion to Dismiss .........................................4

    D. Plaintiff's Motion to Serve an Amended Complaint ...............................................5

    E. The March 30, 2026 Order and Defendant's Letter to the Magistrate Judge............7

    F. Defendant's Motion to Vacate...................................................................................8

    G. The April 13, 2026 Order.........................................................................................9

**STANDARD OF REVIEW**....................................................................................................10

**ARGUMENT** ........................................................................................................................11

  **POINT I.**    **THE MARCH 30TH ORDER WAS ENTERED BEFORE THE OPPOSITION PERIOD EXPIRED**.......................................................... 11

  **POINT II.**  **BOTH ORDER IGNORE THE DEFICIENT SERVICE** ...........................13

  **POINT III. THE ORDER CANNOT REVIVE TIME-BARRED CLAIMS**...................15

  **POINT IV. PLAINTIFF HAS NOT SHOWN GOOD CAUSE AND THE DISCRETIONARY FACTORS FAVOR DEFENDANTS** ..........................16

  **POINT V.**   **THE DISTRICT JUDGE MUST ENTER A FINAL ORDER ON A FUNCTIONALLY DISPOSITIVE MOTION ABSENT A REFERRAL ORDER BY THE PARTIES** ...............................................................19

  **POINT VI. PLAINTIFF SHOULD NOT BENEFIT FROM IGNORING THE COURT'S RULES** .......................................................................................20

**CONCLUSION** ....................................................................................................................21

## TABLE OF AUTHORITIES

**Cases**

*Adams v. Abrahim*,
2026 U.S. Dist. LEXIS 23505, at *16 (S.D.N.Y. Feb. 3, 2026) ................................................ 16

*Antone v. General Motors*,
64 N.Y.2d 20, 27 (1984) ............................................................................................................ 15

*Beauvoir v. United States Secret Serv.*,
234 F.R.D. 55, 56–57 (E.D.N.Y. 2006) ..................................................................................... 18

*Bogle Assegai v. Connecticut*,
470 F.3d 498, 508-509 (2d Cir. 2006) .................................................................................. 16, 17

*Catskill Dev., L.L.C. v. Park Place Entm't Corp.*,
206 F.R.D. 78, 86 (S.D.N.Y. 2002) ........................................................................................... 10

*Counter Terrorist Group US v. N.Y. Magazine*,
374 Fed. Appx. 233 (2d Cir. 2010) ............................................................................................ 18

*Global Fin. Corp. v. Triarc Corp.*,
93 N.Y.2d 525, 528 (1999) ......................................................................................................... 15

*Goldberg v. Danaher*,
599 F.3d 181, 183-184 (2d Cir. 2010) ....................................................................................... 12

*Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*,
673 F.3d 50, 67-68 (2d Cir. 2012) ............................................................................................. 17

*Link v. Wabash R.R. Co.*,
370 U.S. 626, 633–34 (1962) ..................................................................................................... 17

*Macchia v. Russo*,
67 NY2d 592 (1986) .................................................................................................................... 13

*McNeil v. N.Y. State Office of Substance Alcoholism & Substance Abuse Servs.*,
2015 U.S. Dist. LEXIS 127802 (E.D.N.Y 2015) ....................................................................... 17

*Meilleur v. Strong*,
682 F.3d 56, 63 (2d Cir. 2012) ................................................................................................... 16

*Mullane v. Cent. Hanover Bank & Trust Co.*,
339 U.S. 306, 314 (1950) ........................................................................................................... 11

*Old Republic Ins. Co. v. Pac. Fin. Servs.*,
301 F.3d 54, 57 (2d Cir. 2002) .............................................................................................. 13, 17

*Portfolio Recovery Assocs. v. King*,
14 N.Y.3d 410, 416 (2010) ......................................................................................................... 15

*Williams v. Beemiller, Inc.*,
527 F.3d 259, 266 (2d Cir. 2008) .......................................................................................... 10, 19

*Zapata v. City of New York*,
502 F.3d 192, 197 (2d Cir. 2007) ............................................................................................... 15

*Zervos v. Verizon N.Y., Inc.*,
    252 F.3d 163, 168 (2d Cir. 2001) ........................................................................... 10

**Statutes**

28 U.S.C. § 636(b)(1)(B) ..................................................................................... 10, 19
Fed. R. Civ. P. 4(c) ................................................................................................... 17
Fed. R. Civ. P. 4(e)(2)(A) ................................................................................... 13, 14
NY CPLR § 308(1) ............................................................................................... 13, 14

**PRELIMINARY STATEMENT**

Defendants Ronald and Amy Ingber respectfully move pursuant to Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A) to vacate two Orders entered by the Magistrate Judge in this matter. Specifically, these are: (i) the March 30, 2026 Order granting plaintiff an extension of time to serve a summons and amended complaint (hereinafter the "March 30th Order") (ECF Doc. No. 19); and (ii) the April 13, 2026 Order denying defendants' motion to vacate the March 30th Order (hereinafter the "April 13th Order") (ECF Doc. No. 25.)

In the alternative, defendants submit that both Orders are potentially functionally dispositive as the statute of limitations expired on various causes of action before plaintiff sought the extension to serve. Defendant Ronald Ingber's original motion to dismiss, which was served on plaintiff pursuant to this Court's briefing schedule and had not yet been presented to this Court pursuant to adherence to the Court's bundle rule, argued that plaintiff's failure to properly serve the summons and complaint was dispositive and resulted in a set of time-barred claims. Therefore, this Court may conduct a de novo review under Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(B).

Under either standard, the Orders should be set aside. Through the March 30th Order, Magistrate Judge Shields prematurely granted plaintiff's extension request filed under Fed. R. Civ. P. 4(b) as unopposed four days before defendants' fourteen-day period to oppose the motion expired. Fed. R. Civ. P. 6 and Local Civil Rule 6.1(b) afforded defendants with this fourteen-day period and, here, the motion was deemed unopposed just ten days after plaintiff's improper filing that bypassed the Court's Individual Rules. (ECF Doc. No. 19.)

As such, defendants promptly moved to vacate the March 30th Order. (ECF Doc. No. 22.) However, the Magistrate Judge denied defendants' request through the April 13th Order, which affirmed the prior decision to permit plaintiff to serve an amended complaint without opposition. (ECF Doc. No. 25).

As set forth below, plaintiff effectively shielded the Court from the dispositive issue of her failure to serve the summons and original complaint and time-barred claims while disregarding the Court's Individual Rules. The premature decision on the extension motion was issued four days before opposition papers were due and without the Court having the benefit of the basis for defendants' opposition and the relevant facts and timeline of events as to the dispositive service failure and time-barred claims.

What resulted is a one-paragraph Order granting plaintiff a service extension four days before defendants' opposition window was set to close under Local Civil Rule 6.1(b). When defendants timely filed a pre-motion letter requesting leave to vacate the Order, the Magistrate Judge treated the letter as the motion itself and denied it without permitting any briefing.

Both rulings require review and a different result. They were entered without notice, without an opportunity to be heard, and without any analysis of the governing Rule 4(m) standard to extend the time to serve a pleading or the threshold question of whether plaintiff effectuated service at all. They should be vacated as the Orders may also be found functionally dispositive. Plaintiff will argue that the service extension could revive otherwise time-barred causes of action under CPLR § 202 and the Court's borrowing rule. A ruling with that practical effect is dispositive regardless of its label and defendants respectfully submit that under either standard, the Orders must be set aside.

2

## PROCEDURAL HISTORY & APPLICABLE JUDICIAL RULES

### A. The Failed Service of the Original Complaint

On October 1, 2025, plaintiff filed this federal action against defendant Ronald Ingber and immediately moved for a protective order to proceed under a pseudonym. (ECF Doc. Nos. 1 and 2.). Also, on October 1, 2025, the Clerk of the Court issued a summons to be served upon defendant Ronald Ingber. (ECF Doc. No. 4.)

On October 14, 2025, plaintiff filed an executed summons with the Court. (ECF Doc. No. 8.) The document provided that an individual named Terence Kelly "personally served the summons on the individual at 23 Majestic Dr, Dix Hills, NY 11746 on 10/06/2025 at 9:50 AM." (ECF Doc. No. 8.)

Yet, such service did not occur as defendant Ronald Ingber was not personally served at his home, as captured on a home security camera situated outside his residence and affirmed through a declaration of his law partner. (Ex. B at Exs. A and B.)[1] He was working from his law office at 301 Mineola Boulevard in Mineola, NY, at the time of the attempted service. (Ex. B at Exs. A and B.) When the process server approached the front door of the residence, he rang the doorbell. (Ex. B at Exs. A and B.) Defendant Ronald Ingber used his cell phone to speak to the process server through the Ring Video Doorbell camera. (Ex. B at Exs. A and B.) Ingber stated that he was not on the premises, nor was anyone else there to accept service. (Ex. B at Exs. A and B.) The process server then left a set of papers on or near the front door of the residence before driving away shortly thereafter. (Ex. B at Exs. A and B.)

---

[1] The referenced exhibits are attached to the accompanying attorney declaration of Adam I. Kleinberg submitted in support of defendants' motion.

3

This was the lone attempt made to serve defendant Ronald Ingber with the summons and complaint, and it occurred 147 days before the service of his dispositive motion seeking to dismiss the original complaint on March 2, 2026. (ECF Doc. No. 17; Ex. A; Ex. B; Ex. C.)

**B. Defendant Ronald Ingber's Pre-Motion Letter and the Transfer of Venue**

On October 27, 2025, defendant Ronald Ingber requested a pre-motion conference in anticipation of moving to dismiss the original complaint in its entirety. (ECF Doc. No. 12.) The request was made to Magistrate Judge Peggy Kuo who was originally assigned the matter when it was assigned to the Brooklyn courthouse.

On January 16, 2026, Magistrate Judge Kuo granted defendant's motion to change venue to the Central Islip courthouse. (*See* Court Order dated January 16, 2026.) The case was then reassigned to Your Honor and Magistrate Judge Anne Y. Shields. (*See* Court Order dated January 21, 2026.)

On February 2, 2026, Your Honor waived the pre-motion conference requirement and set forth a briefing schedule for defendant's motion to dismiss the complaint. (ECF Doc. No. 15.) Plaintiff's 90-day period to effectuate service of process expired between the time defendant filed the pre-motion letter with the Court and the Court's waiver of the pre-motion conference requirement.

**C. Defendant Ronald Ingber's Original Motion to Dismiss**

On March 2, 2026, defendant Ronald Ingber served his initial motion papers seeking to dismiss the original complaint and filed a cover letter with the Court. (ECF Doc. No. 17; Ex. A; Ex. B; Ex. C.) Within the motion, defendant argued, among other things, that plaintiff's failure to properly serve defendant with the summons and complaint in and of itself required dismissal of this action. (Ex. C at pp. 7-11.)

**D. Plaintiff's Motion to Serve an Amended Complaint**

On March 20, 2026, in response to defendant's motion to dismiss, plaintiff filed an amended complaint naming Ronald Ingber's wife as an additional defendant and a motion seeking to extend the service period. (ECF Doc. Nos. 18, 19.) Rather than file a pre-motion letter before the Magistrate Judge as required by this Court for the extension sought, plaintiff directed the motion to Your Honor and also filed a set of motion papers in full, ignoring the Court's individual practices, the pre-motion requirement of both assigned Judges, and the Court's bundling rule. (ECF Doc. No. 19.)

Your Honor's Individual Rules state in pertinent part:

> **III. MOTIONS**
>
> **A. Strict compliance with the Federal Rules of Civil Procedure, Local Rules of the Eastern District of New York, and this Court's Individual Rules is required. Submissions not in compliance, including, but not limited to untimely submissions, may not be considered by the Court.**
>
> **B. Pre-Motion Conference Requests in Civil Cases are required for dismissal motions pursuant to Rule 12 of the Federal Rules of Civil Procedure and summary judgment motions pursuant to Rule 56 of the Federal Rules of Civil Procedure.** If warranted, the Court will set a briefing schedule for proposed motion(s) at the pre-motion conference.
>
> **. . .**
>
> **3. Court May Construe Pre-Motion Conference Request as Motion.**
>
> **PARTIES ARE ON NOTICE:** In the Court's discretion, in appropriate cases, the pre-motion conference request and response thereto may be

5

construed as the proposed underlying motion and corresponding opposition. In such an instance, the parties will be notified, and the Court will set a hearing on the motion. Arguments not raised in the pre-motion conference request or during the subsequent hearing shall be deemed waived.

**. . .**

**H. Motions Referred to the Assigned Magistrate Judge**

**1. Discovery and Non-Dispositive Motions.**

All discovery and non-dispositive pretrial motions and applications shall be made to the assigned Magistrate Judge in accordance with that Magistrate Judge's individual rules. Non-dispositive motions and applications include, but are not limited to:

. . .

b. Requests to amend the pleadings;

c. Requests for an extension of time to serve, answer or file amended pleadings;

(*See* Your Honor's Individual Practices at pp. 3-4, 6.) (emphasis in original.)

Magistrate Judge Shields' Individual Rules state in pertinent part:

**X. Motions**

**A. Judge to Whom Motions are to be Made**

In the first instance Counsel must conform with the Rules of the assigned District Court Judge when determining whether a motion is properly filed with that Court. All dispositive motions are to be made to the assigned District Court Judge in accord with the rules of that Court. Unless specifically ordered otherwise, all non-dispositive motions are to be made to this Court.

6

. . .

C. Pre-Motion Conferences in Civil Cases

For procedures regarding discovery motions, see Rule VI(C) requiring that discovery disputes be raised first by way of conference call. For all other motions where parties are represented by counsel, a pre-motion conference is necessary. A pre-motion conference can be requested by way of an electronically filed letter. Such letters are to be filed as ECF motions seeking a court conference. Letters requesting pre-motion conferences shall state, in brief, the grounds for the motion, shall not exceed two pages, and shall not include affidavits or exhibits. All parties served with a pre-motion letter shall serve and file a letter response, not to exceed two pages, within seven days from service of the pre-motion conference letter.

(*See* Magistrate Judge Shields' Individual Rules at p. 7.)

**E. The March 30, 2026 Order and Defendant's Letter to the Magistrate Judge**

On the morning of March 30, 2026, only ten days after plaintiff filed her extension papers outlined above, Magistrate Judge Shields deemed the motion unopposed and granted the requested relief. (ECF Doc. No. 19.) However, defendants had no notice that the motion would be deemed accepted and decided by the Magistrate Judge within ten days, which was four days shy of the fourteen days afforded to defendants to submit opposition to the motion under Fed. R. Civ. P. 6 and Local Rule 6.1(b).

The March 30th Order did not address plaintiff's failure to timely serve her original pleading in accordance with Fed. R. Civ. P. 4(m). (ECF Doc. No. 19.) As defendant complied with the Court's bundle rule on the motion, defendant Ronald Ingber's full motion to dismiss the complaint was not yet before the Court for review. As such, the March 30th Order does not address any good cause shown by plaintiff for the failure to timely serve, any discretionary factors to permit

7

an extension of time to serve to try to cure plaintiff's service failure, nor even acknowledge that the statute of limitations period had run. These issues were omitted from plaintiff's motion papers, so they were not before the Magistrate Judge. When coupled with plaintiff's above-described procedural failures, the Magistrate Judge issued a single sentence granting wholesale relief four days before defendants' time to submit opposition had run.

Upon receipt of the March 30th Order, defendant's counsel filed a letter with the Court just 23 minutes later seeking to quickly address the issue. (ECF Doc. No. 20.) Defendant's counsel explained that he was in contact with plaintiff's counsel that very morning regarding the amended complaint and extension request before the March 30th Order was issued. (ECF Doc. No. 20.) The letter explained:

> I was waiting to hear back from plaintiff's counsel on the issue of the motion which was directed to Judge Seybert. It was our understanding that under Section III(H) of Judge Seybert's Rules, the motion should have been made before Your Honor, who requires a pre-motion letter under Section X(C) of the individual rules. We had proposed plaintiff withdrawing the motion and filing the required pre-motion letter, and one week thereafter for our response. We intended to file a letter at the end of the day today if we did not hear back from plaintiff's counsel on the issue. We intend to challenge the motion, as we believe the claims are all time barred.

(ECF Doc. No. 20.)

**F. Defendant's Motion to Vacate**

The following day, on March 31, 2026, defendants filed a letter requesting a pre-motion conference for permission to move to vacate the March 30th Order. (ECF Doc. No. 22.) Defendants maintained that plaintiff's extension request - ordinarily a non-dispositive motion - was improperly filed because Your Honor's Individual Rules refer such motions to the assigned Magistrate Judge,

8

and Section X(C) of Magistrate Judge Shields' Individual Rules requires a pre-motion letter. (ECF Doc. No. 22.) Defendants were strictly complying with the very rule that plaintiff ignored.

**G. The April 13, 2026 Order**

On April 13, 2026, Magistrate Judge Shields denied defendants' request to vacate the March 30th Order. (ECF Doc. No. 25.) Magistrate Judge Shields treated the letter as the motion itself and wrote that defendants "offered no proper basis for vacating the Court's Order." (ECF Doc. No. 25.)

Defendants have effectively been denied due process and been barred from opposing plaintiff's extension to serve. Defendants contend they have a proper basis to do so, and request the Court afford them the opportunity by granting the instant motion.

## STANDARD OF REVIEW

Under Rule 72(a), a District Judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Under Rule 72(b)(2), a party "may serve and file specific written objections to the proposed findings and recommendations" of the Magistrate Judge. Pursuant to either Rule 72(a) or 72(b), defendants are afforded 14 days to object. Fed. R. Civ. P. 72(a) and (b)(2).

An order is erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 168 (2d Cir. 2001). An order is contrary to law when it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002). If the orders are functionally dispositive, such as to seek to revive time barred claims, the standard is de novo review.

Under 28 U.S.C. § 636(b)(1)(B), a Magistrate Judge may only issue a report and recommendation on dispositive matters. The Second Circuit applies a functional test. The inquiry is whether the ruling has the practical effect of disposing of a claim or defense, regardless of its label. *See Williams v. Beemiller, Inc.*, 527 F.3d 259, 266 (2d Cir. 2008). Here, in seeking the service extension, plaintiff is looking to try to revive time barred claims set forth in the original and amended complaint and denying this request would end the case; thus, the motion can be treated as functionally dispositive.

## ARGUMENT

**POINT I:**      **THE MARCH 30ᵀᴴ ORDER WAS ENTERED BEFORE THE OPPOSITION PERIOD EXPIRED**

The March 30th Order granting plaintiff's extension request was premature and contrary to law since it prevented defendants from the opportunity to submit opposition within the statutory time frame.

Plaintiff filed the extension motion on March 20, 2026, and Magistrate Judge Shields granted it ten days later, on March 30, 2026. (ECF Doc. No. 19.) As detailed above, plaintiff erroneously: (i) filed the extension motion without a pre-motion conference letter; (ii) directed it to Your Honor in violation of the Court's Individual Rules; and (iii) ignored the Court's bundle rule. (*See supra* at pp. 3, 6.)

Local Civil Rule 6.1(b) of the Southern and Eastern Districts of New York provided defendants with fourteen days to oppose plaintiff's extension request as the motion was brought pursuant to Fed R. Civ. P 4(m). (*See Local Rules of the United States District Courts for the Southern and Eastern Districts of New York* at p. 18; *see also* ECF Doc. No. 19.) Thus, the deadline for defendants to respond to plaintiff's motion was Friday, April 3, 2026, but the Court granted the motion as unopposed with four days remaining on defendants' deadline to submit opposition. (*See id.*)

No rule, statute, or case authorizes a court to grant a contested motion before the opposition period has closed. And due process requires, at a minimum, notice and an opportunity to be heard. *See e.g., Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Here, defendants had no notice the motion was accepted, pending, or would be decided by the Magistrate Judge within just ten days. Thus, by barring defendants from filing opposition prior to the deadline, they were deprived both notice and an opportunity to be heard.

11

Moreover, even an unopposed motion must satisfy the applicable legal standard on its face. *See Goldberg v. Danaher*, 599 F.3d 181, 183-184 (2d Cir. 2010) (a court may not grant an unopposed motion without first examining whether the movant has met her burden). The March 30th Order contains no analysis of whether plaintiff demonstrated good cause under Rule 4(m), no discussion of whether the discretionary factors favored an extension, and no mention of the expired statute of limitations as to plaintiff's causes of action. (ECF Doc. No. 19.) Rather, it is a one paragraph Order that grants a motion on a record that was, by definition, incomplete because the opposition period had not closed. The March 30th Order is thus contrary to law as it misapplied the relevant rules of procedure for this Court and converted a procedural deficiency by plaintiff into a structural denial of process to defendants.

**POINT II:**     **BOTH ORDERS IGNORE THE DEFICIENT SERVICE**

Neither the March 30th Order nor the April 13th Order addresses the fact that the Proof of Service filed with this Court is contradictory, false, and should result in the dismissal of various claims as time barred. (Ex. B at Exs. A and B; Ex. C at pp. 7-11.)

The Proof of Service has a check in the box for personal service while simultaneously stating that documents were "left" after a conversation through a "security camera." (ECF Doc. No. 8.)  It describes the person served as "5'10" - 6'0" tall." (*Id*.) Defendant Ronald Ingber's height, however, is 6'5." (Ex. B at Exs. A and B.) And, more importantly, defendant Ronald Ingber was sitting at his law office in Mineola, 18 miles away, when the process server went to his home. (Ex. B at Exs. A and B.)

Personal service requires hand-to-hand delivery of the papers to the person to be served. *See* Fed. R. Civ. P. 4(e)(2)(A); CPLR § 308(1); *Macchia v. Russo*, 67 NY2d 592 (1986) (personal service requires actual delivery to the person). Leaving papers on a doorstep after speaking through a camera is not personal service under any recognized standard. An affidavit that contradicts itself on its face is entitled to no presumption of validity. *See Old Republic Ins. Co. v. Pac. Fin. Servs.*, 301 F.3d 54, 57 (2d Cir. 2002) (bare affidavit of service can be overcome by a sworn denial and supporting facts). Thus, service of process was not timely effectuated.

The Ring Video doorbell camera does not display outbound video to visitors. The homeowner can see the visitor, but the visitor cannot see the homeowner. There was no way for the process server to observe Mr. Ingber's appearance, height, or physical characteristics. The physical description as to height and weight in the affidavit was fabricated.

Plaintiff uploaded this document to the Court docket and purportedly relied on it to establish compliance with service requirements. However, it is indisputable that as set forth in defendant's motion to dismiss the complaint:

- The process server checked the box for "personal service" (as per Fed. R. Civ. P. 4(e)(2)(A) and CPLR § 308(1)) yet described nothing more than an insufficient doorstep deposit; and

- The physical description (5'10" to 6'0," 300 + lbs., and brown hair) bears no resemblance to defendant (6'5") and the process server could not even see defendant as he was located 18 miles away in his law office and the Ring Doorbell video system is a one-way system which would not allow the process server (or any other visitor) to see a person communicating through the audio function.

Thus, the document is false proof.

As set forth fully in defendant's motion to dismiss the original complaint, plaintiff's claims are now time-barred, *inter alia*, under Rule 12(b)(5) due to insufficient service of process and under Fed. R. Civ. P. 4(m) for failure to effectuate service within the required statutory period. (Ex. C at pp. 7-11.)

**POINT III:**      **THE ORDERS CANNOT REVIVE TIME-BARRED CLAIMS**

Even if service could be perfected, the sixteen causes of action set forth in plaintiff's amended complaint are barred by CPLR § 202. (*See* Ex. C at pp. 12-15; *see also* ECF Doc No. 23.)

Plaintiff is a New Jersey domiciliary who accrued her claims in New Jersey. (ECF Doc No. 1, ¶ 12.) She maintained a Jersey City apartment throughout the relationship with defendant Ingber, and left his Mineola, NY apartment months before the alleged November 2022 dissemination. (*Id.* at 13-15, 46-123.)

Under CPLR § 202, a nonresident's cause of action accruing outside New York is subject to the shorter of New York's or the foreign state's limitations period. *Global Fin. Corp. v. Triarc Corp.*, 93 N.Y.2d 525, 528 (1999). A tort cause of action accrues where the injury is sustained. *Antone v. General Motors*, 64 N.Y.2d 20, 27 (1984). Under New Jersey's two-year statute of limitations, N.J.S.A. § 2A:14 2, every claim is untimely. *See Portfolio Recovery Assocs. v. King*, 14 N.Y.3d 410, 416 (2010) (CPLR § 202 mandates application of shorter foreign limitations period to nonresident's claims).

Extending the service period to preserve facially time-barred claims is not a neutral procedural accommodation. An extension is futile when the underlying claims cannot survive a motion to dismiss. *See Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007) (futility of service extension is a proper consideration under Rule 4(m)). Thus, the extension should be denied.

**POINT IV:    PLAINTIFF HAS NOT SHOWN GOOD CAUSE AND THE DISCRETIONARY FACTORS FAVOR DEFENDANTS**

There is no good cause for plaintiff's failure to properly serve the summons and complaint. As pointed out by plaintiff's counsel, defense counsel offered plaintiff a waiver of service under Rule 4(d) on October 3, 2025, just three days after the original complaint was filed. (ECF Doc. No. 19 at Ex. 6.) Plaintiff's counsel had a frictionless, free, and immediate way to effectuate service just three days after the complaint was filed, but ignored it.

Instead, they filed a fabricated proof of service form which by its very contents could not have been interpreted to comply with personal service requirements. Similar to the falsities contained in the civil cover sheet that originally resulted in plaintiff's venue shopping and this case being assigned to the Brooklyn courthouse, the proof of service was also a knowingly false document as it described an impossible means of alleged personal service. (ECF Doc No. 8.)

The process server attested that he spoke to someone through a camera, left papers on a doorstep, and provided a physical description despite not seeing the defendant with his own eyes. (ECF Doc No. 8; Ex. B at Exs. A and B.) Plaintiff's counsel took no corrective action for five months, and moved for an extension only after defendant filed a motion to dismiss. Inadvertence and reactive litigation tactics do not constitute good cause. *See Bogle Assegai v. Connecticut*, 470 F.3d 498, 508-509 (2d Cir. 2006).

The discretionary factors also all weigh in favor of defendants. *See Adams v. Abrahim*, 2026 U.S. Dist. LEXIS 23505, at *16 (S.D.N.Y. Feb. 3, 2026). The statute of limitations has independently expired under CPLR § 202. This fact, standing alone, should result in the Court denying an extension. *Zapata*, 502 F.3d at 197; *see also Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (a plaintiff who allows both the service period and the limitations period to lapse bears the consequences of her own inaction).

16

Actual notice does not cure defective service. Service of process is not a mere formality, and actual notice alone is insufficient to confer personal jurisdiction. *See McNeil v. N.Y. State Office of Substance Alcoholism & Substance Abuse Servs.,* 2015 U.S. Dist. LEXIS 127802 (E.D.N.Y 2015); *see also Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 67-68 (2d Cir. 2012); *Old Republic*, 301 F.3d at 57.

Defendants did not hide anything from plaintiff. Defendants' counsel offered to waive service before anyone even tried to serve the complaint, which plaintiff's counsel ignored. (ECF Doc No. 19 at Ex. 6.) On October 6, 2025, a process server rang the doorbell, to which defendant Ronald Ingber responded by speaking through a Ring doorbell camera while at his office in Mineola, told the process server no one was home, and the process server left papers on the doorstep. (Ex. B at Exs. A and B.)

On October 7, 2026, Defendant's counsel filed a Notice of Appearance that expressly reserved all jurisdictional defenses. (ECF Doc. No. 19 at Ex. 5.) Upon expiration of the time to serve and plaintiff's failure to timely cure, defendant raised the service defect through the dispositive motion process. That is not concealment and plaintiff was afforded an opportunity to submit opposition to the motion and an explanation as to the process server's apparent failure.

A defendant has no obligation to inform a plaintiff that service was defective. The burden of proper service rests entirely on plaintiff. *See* Fed. R. Civ. P. 4(c)(1); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633–34 (1962) (holding that a party is bound by the acts and omissions of his chosen attorney and agents).

Finally, the prejudice against defendants is neither hypothetical nor excusable. The accusations levied against defendants are severe, and a matured statute of limitations defense is a substantive right, not a technicality. *See Bogle*, 470 F.3d 498 at 508-509 (affirming denial of

17

extension where plaintiff failed to show good cause or excusable neglect); *Beauvoir v. United States Secret Serv.*, 234 F.R.D. 55, 56–57 (E.D.N.Y. 2006) (holding that inadvertence and ignorance of the rules do not suffice); *Counter Terrorist Group US v. N.Y. Magazine,* 374 Fed. Appx. 233 (2d Cir. 2010) (attorney error does not constitute good cause under Rule 4(m)).

**POINT V:**       **THE DISTRICT JUDGE MUST ENTER A FINAL ORDER ON A FUNCTIONALLY DISPOSITIVE MOTION ABSENT A REFERRAL ORDER BY THE PARTIES**

The March 30th and April 13th Orders serve a functionally dispositive purpose. When the statute of limitations has expired, granting or denying a service extension determines whether the entire case lives or dies. Under 28 U.S.C. § 636(b)(1)(B), dispositive matters require a report and recommendation with de novo review by the District Judge. Under Rule 72(b), the Magistrate Judge must enter proposed findings of fact and afford the parties a 14-day objection period. None of that happened here.

The Second Circuit's functional test in *Williams v. Beemiller, Inc.*, 527 F.3d 259, 266 (2d Cir. 2008), requires courts to look beyond the label of a motion to its practical effect. In *Williams*, the Second Circuit held that a remand order was dispositive because it effectively ended the federal litigation. *See id*. Here, the extension order had the same effect in reverse, as plaintiff contends through an amended complaint that she has revived claims that would otherwise be dead. A motion that determines the entire case's viability is dispositive regardless of whether it is styled as a service extension.

Defendants have been deprived of due process as they have not been afforded a full opportunity to submit opposition to the extension motion. If Your Honor agrees that the March 30th and April 13th Orders are functionally dispositive, the appropriate remedy is to treat them as reports and recommendations, afford defendants the opportunity to file objections under Rule 72(b), and conduct a de novo review.

**POINT VI:**    **PLAINTIFF SHOULD NOT BENEFIT FROM IGNORING THE COURT'S RULES**

The procedural history here tells a simple story. Plaintiff filed a motion without a pre-motion letter and the Magistrate Judge, without the benefit of the related service and statute of limitations issues on the underlying claims, granted it before the opposition period expired. (ECF Doc No. 19.) When defendants followed the rules of the Court and filed a pre motion letter, the Court treated it as the motion and denied it without briefing. (ECF Doc. Nos. 22, 25.) Plaintiff was rewarded for ignoring the rules, while defendants were penalized for following them.

This Court has the inherent authority to correct that imbalance, and we respectfully submit that justice requires it to do so.

## CONCLUSION

For all of the foregoing reasons, defendants respectfully submit that this Court should vacate the March 30th and April 13th Orders, deny plaintiff's motion to extend the service period, or alternatively treat both orders as reports and recommendations under Rule 72(b) and afford defendants the opportunity for de novo review, together with such further relief as this Court may deem just, equitable, and proper.

Dated:  Farmingdale, New York
      April 27, 2026

**GUERCIO & GUERCIO LLP**
*Attorneys for Defendants*

By:    Adam I. Kleinberg
        Connor Mulry
        77 Conklin Street
        Farmingdale, NY 11735
        (516) 694-3000