Guercio & Guercio LLP
ATTORNEYS AT LAW

**Adam I. Kleinberg**
*Partner*
77 Conklin Street
Farmingdale, New York 11735
(516) 694-3000 x236
akleinberg@guerciolaw.com

September 27, 2026

**Via ECF**

Honorable Joanna Seybert
United States District Court
Eastern District of New York

Re: *Campos v. Ingber, et al.*
Docket No. 1:25-cv-5478 (JS) (AYS)

Your Honor:

We represent the named defendants. We write to supplement our pre-motion letters dated October 27, 2025 (ECF Doc. No. 12), April 3, 2026 (ECF Doc. No. 23), and June 5, 2026 (ECF Doc. No. 36). The purpose of this letter is narrow. Plaintiff has never served defendant Ronald Ingber, and her time to serve the second amended complaint has expired.

This appearance remains limited. Mr. Ingber has not been served, does not waive, and expressly preserves all defenses under Fed. R. Civ. P. 12(b)(2) and 12(b)(5). The undersigned's acceptance of service of the second amended complaint (ECF Doc. No. 32) was made on behalf of Amy Ingber alone and effects no appearance, waiver, or submission to jurisdiction for Mr. Ingber.

**Plaintiff Has Never Served Mr. Ingber**

Plaintiff commenced this action on October 1, 2025. Two days later, the undersigned inquired about a waiver of service under Rule 4(d) but plaintiff's counsel did not reply. (ECF Doc. No. 19, Ex. 6.) Instead, on October 14, 2025, plaintiff filed an executed summons asserting personal service on October 6, 2025. (ECF Doc. No. 8.) Mr. Ingber was not served. The process server's own affidavit states that service was made "with security camera" and that the papers were "left," conceding that nothing was delivered to Mr. Ingber or to anyone authorized to receive process for him, despite that the server claims to have observed Mr. Ingber's appearance through a Ring device that transmits no video image to a visitor. Mr. Ingber and his law partner have each attested to this under penalty of perjury.

The ninety-day period expired on December 30, 2025, and plaintiff's later pleadings did not reset that date. *See Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 607 (S.D.N.Y. 2012) ("The filing of an amended complaint, however, does not restart the 120 day period for service under Rule 4(m)") (period since shortened to ninety days); *Cioce v. County of Westchester*, No. 02 Civ. 3604 (HB), 2003 WL 21750052, at *3 (S.D.N.Y. July

28, 2003) (the period runs from "the institution of the lawsuit" and not from the filing of "any amended complaint"), *aff'd*, 128 F. App'x 181 (2d Cir. 2005).

On March 20, 2026, plaintiff filed an amended complaint (ECF Doc. No. 18) and moved to enlarge her time to serve (ECF Doc. No. 19). The Court granted an extension by order dated March 30, 2026, and defendants' Rule 72(a) objection to that order remains pending. (ECF Doc. No. 22).

We continue to believe the position asserted is valid, but the Court need not reach the objection as even if credited in full, any extension has expired and plaintiff did nothing with it. She did not serve Mr. Ingber, did not respond to defense counsel's inquiry about a waiver, and did not seek further time. She instead filed a second amended complaint on June 3, 2026 (ECF Doc. No. 32), and ninety days measured even from that pleading expired on September 1, 2026. No affidavit of service as to Mr. Ingber appears anywhere on the docket. Measured from the original complaint, from the Court's extension, or from plaintiff's own most recent pleading, her time to serve has run. Absent service the Court has no personal jurisdiction over him. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).

**No Further Extension Is Warranted**

An extension is mandatory only on a showing of good cause, which exists "only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control." *Kogan v. Facebook, Inc.*, 334 F.R.D. 393, 401 (S.D.N.Y. 2020) (citation omitted). Nothing here was beyond plaintiff's control. She pleaded Mr. Ingber's address (ECF Doc. No. 32, ¶¶ 19 -20), knew his counsel from the third day of the case, ignored an initial inquiry about a waiver, and in fact obtained service on the codefendant through that same counsel. She simply did not serve him.

A discretionary extension is equally unavailable, because "the plaintiff must ordinarily advance some colorable excuse for neglect." *Zapata v. City of New York*, 502 F.3d 192, 197 to 198 (2d Cir. 2007). Plaintiff's only excuse, her asserted reliance on the process server's affidavit, was spent on the first extension. It cannot explain the period after the defect was disclosed and litigated. Nor does the prospect of a limitations bar compel relief where a plaintiff offers no colorable excuse, "no weighing of the prejudices between the two parties can ignore that the situation is the result of the plaintiff's neglect." *Id.* at 198; *Tolchin v. County of Nassau*, 768 F. App'x 60, 61 to 62 (2d Cir. 2019) (affirming dismissal under Rule 4(m) absent a colorable excuse even though dismissal left the claims time barred).

**Relief Requested**

Defendants respectfully request a pre-motion conference and leave to move to dismiss the second amended complaint under Fed. R. Civ. P. 4(m), 12(b)(2), 12(b)(5), and 12(b)(6), and to strike under Rule 12(f), and ask that the Court decide the service question first, since it is jurisdictional and disposes of the action as to the principal defendant. In the alternative, defendants request an order directing plaintiff to show cause why the action should not be dismissed under Rule 4(m). *See Meilleur v. Strong*, 682 F.3d 56, 61 (2d Cir. 2012). Defendants otherwise rely on and renew the arguments set forth in the June 5, 2026 letter, including that the claims against Amy Ingber (as set forth in the second amended complaint) are derivative of the claims against Mr. Ingber[1] and cannot survive their dismissal.

[1] Defendants also renew the argument that the claims against Amy Ingber fail because the conveyance did not render Mr. Ingber insolvent.

Respectfully submitted,

GUERCIO & GUERCIO LLP

ADAM I. KLEINBERG

Cc: All counsel of record (via ECF)