UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------X

CRISTINA CAMPOS,

Plaintiff,

-against-

RONALD DAVID INGBER and AMY INGBER,

Defendants.

---------------------------------------------------------X

ORDER
25-cv-05478 (JS)(AYS)

APPEARANCES

For Plaintiff Cristina Campos: Daniel S. Szalkiewicz, Esq.
Veridian Legal P.C.
23 West 73rd Street, Suite 102
New York, New York 10023

For Defendants Ronald Ingber & Amy Ingber: Adam I. Kleinberg, Esq.
Guercio & Guercio LLP
77 Conklin Street
Farmingdale, New York 11735

SEYBERT, District Judge:

Presently before the Court is a Rule 72(a) Motion filed by Defendants Ronald Ingber ("Ronald") and Amy Ingber ("Amy", and collectively with Ronald, "Defendants") in the above-captioned action (the "Action"). (See Rule 72(a) Motion, ECF No. 29; Rule 72(a) Support Memo, ECF No. 29-9; Motion to Vacate, ECF No. 22.) Defendants seek to vacate two orders issued by Magistrate Judge

Anne Y. Shields in favor of Plaintiff Cristina Campos ("Plaintiff"). The first order, issued on March 30, 2026, granted a motion for an extension of time to serve Ronald with a summons and amended complaint, ten days after Plaintiff filed the motion, without opposition from Defendants. (Rule 72(a) Support Memo at 1; March 30, 2026 Order (the "March 30 Order"); see also Extension Motion, ECF No. 19; Extension Motion Support Memo, ECF No. 19-2, attached to Extension Motion.) The second order, issued on April 13, 2026, denied Defendants' initial motion to vacate the March 30 Order. (Rule 72(a) Support Memo at 1; see also April 13, 2026 Order (the "April 13 Order", and collectively with the March 30 Order, the "Magistrate Orders").) Because Judge Shields ruled on the March 30 Order before the 14-day response period under E.D.N.Y. Local Civil Rule 6.1 expired, the Court GRANTS Defendants' Rule 72(a) Motion. Nevertheless, the Court has serious concerns about the manner in which Ronald has raised his service-of-process defense, as discussed below.

# I. **Factual Background**

## A. **Attempted Service of Process**

On October 1, 2025, Plaintiff filed her initial complaint against Ronald, under a "Jane Doe" pseudonym, in Brooklyn, New York.[1] (See Initial Compl., ECF No. 1.) On October

[1] On October 3, 2025, Defendants' counsel emailed Plaintiff indicating he was authorized to execute a waiver of service, but, according to Defendants, Plaintiff's counsel never responded.

6, 2025, Plaintiff attempted to serve Ronald through Terrance Kelly ("Kelly"), a process server with ABC Legal. (See Proof of Service, ECF No. 8; Szalkiewicz Decl. ¶ 3, ECF No. 19-1, attached to Extension Motion.) Kelly and Ronald have diverging accounts of what transpired during the service attempt.

1. **Kelly's Version of Events**

In his Proof of Service, Kelly certified that he personally served the summons on Ronald at his residence in Dix Hills, New York, on October 6, 2025, and stated:

> I delivered the documents, SUMMONS; COMPLAINT; MOTION FOR LEAVE; MEMO OF LAW, to Ron Ingber with identity confirmed by subject saying yes when named. The individual accepted service with security camera (documents left, seen by subject). The individual appeared to be a brown-haired white male contact 5'10"-6'0" tall and weighing over 300 lbs.

(Proof of Service at 1.)

2. **Ronald's Version of Events**

In a declaration filed with the Court, Ronald, an attorney, represents that he was at his law office in Mineola, New York, at the time he was supposedly served in Dix Hills. (See Ronald Decl. ¶ 4, ECF No. 29-5, attached to Rule 72(a) Motion.) While in Mineola, Ronald said he spoke to the process server remotely through his Ring doorbell system, which allows users to

---

(See Oct. 3, 2025 Email Exchange, ECF No. 19-8, attached to Extension Motion; Rule 72(a) Support Memo at 16.)

communicate with individuals standing at their door. (Id. ¶¶ 5-6.) Ronald explains he told the process server through the Ring system that no one was home to accept service, so the server "proceeded to leave the papers in an envelope at or near the door." (Id. ¶ 7.) Ronald further contends Kelly misidentified his height as no more than six feet tall, when he is six feet five inches tall. (Id. ¶ 14.) No subsequent attempts were made to serve Ronald after October 6, 2025. (Rule 72(a) Support Memo at 4.)

3. **Subsequent Litigation Activity**

Despite the allegedly deficient service, Ronald quickly began litigating in the Action by filing (1) an October 20, 2025 Motion to Change Venue from Brooklyn to Central Islip, New York; (2) an October 20, 2025 Opposition to Plaintiff's Motion to Proceed Under a Pseudonym; and (3) an October 27, 2025 Letter Motion for a Pre-Motion Conference in anticipation of moving to dismiss Plaintiff's Initial Complaint. (See Motion to Change Venue, ECF No. 9; Pseudonym Opp'n, ECF No. 11; First PMC Request, ECF No. 12.) None of these filings contended service was improper.[2]

---

[2] Although Ronald did not raise arguments as to service-of-process in these filings, declarations from Ronald's counsel attached to the Motion to Change Venue and Pseudonym Opposition state "Plaintiff commenced suit on October 1, 2025, and claims to have effectuated service of process on October 6, 2025." (See Kleinberg Venue Decl. ¶ 2, ECF No. 9-1, attached to Motion to Change Venue; Kleinberg Pseudonym Decl. ¶ 2, ECF No. 11-1, attached to Pseudonym Opp'n.)

On January 16, 2026, Magistrate Judge Peggy Kuo granted the Motion to Change Venue. (See Jan. 16, 2026 Order.) On January 21, 2026, the Action was reassigned to Judge Seybert and Magistrate Judge Shields. (See Jan. 21, 2026 Order.) On February 2, 2026, the Court granted Ronald's First PMC Request and set March 2, 2026, as the deadline for service of his anticipated motion to dismiss on Plaintiff. (See Feb. 2, 2026 Order.)

4. **Ronald's Motion to Dismiss, Service of Process Argument, and Plaintiff's Motions**

On March 2, 2026, Ronald served his Motion to Dismiss and accompanying Support Memo, arguing Plaintiff's Initial Complaint should be dismissed for failure to serve process. (See Motion to Dismiss Support Memo, ECF No. 29-8, attached to Rule 72(a) Motion.) The Motion was accompanied by Ronald's Declaration, as well as a declaration from his law partner, Jeffrey Siler. (See Ronald Decl.; Siler Decl., ECF No. 29-7, attached to Rule 72(a) Motion.) Siler stated he was with Ronald in Mineola on October 6, 2025 and personally heard Ronald speak with the process server.[3] (See Siler Decl.)

On March 20, 2026, Plaintiff responded by filing (1) her First Amended Complaint (the "FAC", ECF No. 18) and (2) a Motion

[3] The Motion also included an exhibit stating the Ring doorbell footage from the attempted service would "be provided under separate cover," but does not include any kind of link to access the footage. (Ex. 1, ECF No. 29-6, attached to Rule 72(a) Motion.)

for Extension of Time to serve the FAC under Federal Rule of Civil Procedure 4(m).[4] (See Extension Motion; Extension Motion Support Memo.) In a declaration accompanying the Extension Motion, Plaintiff's counsel stated "[d]espite multiple filings, and several emails back and forth between counsel, the first time any issues of service were raised was in the defendant's motion to dismiss" and took the position that "[w]hile service may have been proper, to avoid all doubts, Plaintiff files this motion to extend the period of time to re-serve" Ronald. (Szalkiewicz Decl. ¶¶ 9, 11, ECF No. 19-1, attached to Extension Motion.) Plaintiff's counsel also exhibits several documents from ABC Legal facially substantiating service of process, including: emails from ABC Legal confirming Ronald had been served; a separate message from Kelly confirming the same; and GPS coordinates and photos of Ronald's house. (See ABC Legal Service Confirmation, ECF No. 19-3, attached to Extension Motion; ABC Legal Service Signature Confirmation, ECF No. 19-4, attached to Extension Motion; ABC Legal Screenshots, ECF No. 19-6, attached to Extension Motion.)

### 5. **The Magistrate Orders, Motion to Vacate, and Rule 72(a) Motion**

At the time Judge Shields granted the Extension Motion in the March 30 Order, Defendants had not yet served or filed an

[4] The FAC added Amy as a Defendant and asserted additional causes of action. (See generally FAC.)

opposition to the Extension Motion. (See March 30 Order.) Later that day, shortly after the March 30 Order was posted, Defendants' counsel filed a letter with the Court explaining that counsel for both parties had been in contact that morning; Plaintiff's counsel had previously consented to a one-week extension for Defendants to respond to the FAC; and Defendants were awaiting Plaintiff's response to their proposal to address the Extension Motion.[5] (Defs.' Mar. 30 Letter, ECF No. 20, at 1.)

On March 31, 2026, Ronald filed a pre-motion letter before Judge Shields seeking to vacate the March 30 Order, to which Plaintiff filed an opposition on April 7, 2026. (See PMC to Vacate, ECF No. 22; PMC to Vacate Opp'n, ECF No. 24.) On April 13, 2026, Judge Shields issued the April 13 Order, which stated:

> The Court construes Defendant's pre-motion conference request as the motion to vacate itself and, as such, denies the motion. Defendant has offered no proper basis for vacating the Court's Order, particularly in light of the fact that Defendant has now sought leave from the District Court to move to dismiss the Amended Complaint. The Court's Order permitting Plaintiff additional time to serve Defendant with the Amended Complaint remains in effect. So Ordered by Magistrate Judge Anne Y. Shields on 4/13/2026.

(April 13 Order.)

---

[5] Defendants' proposal was for Plaintiff to "withdra[w] the motion and fil[e] the required pre-motion letter, and one week thereafter for [Defendants'] response." (Id.)

On May 26, 2026, Defendants filed their Rule 72(a) Motion before this Court, arguing the March 30 Order and, by extension, the April 13 Order should be vacated because the March 30 Order was prematurely issued.[6] (Rule 72(a) Support Memo at 1, 11-12.) Under E.D.N.Y. Local Civil Rule 6.1(b), Defendants contend they should have been afforded 14 days to respond to the Extension Motion, rather than the 10 they were given. (Id. at 11-12; see also E.D.N.Y. Local Civ. R. 6.1(b) (providing, for civil motions other than those made under Federal Rules 26 through 37, "any opposing or response papers must be served within 14 days after service of the moving papers").)

Although Plaintiff did not file an opposition to the Rule 72(a) Motion, her opposition to the PMC to Vacate characterized Defendants' request as one for relief under Rule 60(b), which "is generally not favored" and is "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances." (PMC to Vacate Opp'n at 1 (citing SEC v. Cohen, 671 F. Supp. 3d 319, 322 (E.D.N.Y. 2023)).)

[6] Defendants had previously served the Rule 72(a) Motion on Plaintiff on April 27, 2026 and filed their Motion Cover Letter on the docket. (See Rule 72(a) Motion Cover Letter, ECF No. 27.)

## DISCUSSION

### I. Applicable Law

Pursuant to Federal Rule of Civil Procedure 72(a), a party has the option of objecting to a magistrate judge's order concerning any non-dispositive pretrial matter. See FED. R. CIV. P. 72(a). The district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Id.; see also 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any [non-dispositive] pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). "An order is 'clearly erroneous' only if a reviewing court, considering the entirety of the evidence, 'is left with the definite and firm conviction that a mistake has been committed'; an order is 'contrary to law' when it 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" Centro De La Comunidad Hispana De Locust Valley v. Town of Oyster Bay, 954 F. Supp. 2d 127, 139 (E.D.N.Y. 2013), aff'd, 868 F.3d 104 (2d Cir. 2017) (quotations and citations omitted). Moreover, "[u]nder the clearly erroneous standard of review of Rule 72(a), the magistrate judge's findings should not be rejected merely because the court would have decided the matter differently." Ross Univ. Sch. of Med., Ltd. v. Brooklyn-Queens Health Care, Inc., No. 09-CV-1410,

2013 WL 1334271, *5 (E.D.N.Y. Mar. 28, 2013) (citation and internal quotation marks omitted).

## II. Application

### A. The March 30 Order Was Prematurely Issued

Under E.D.N.Y. Local Civil Rule 6.1, "[o]n all civil motions, petitions, and applications, other than" those made under Federal Rules of Civil Procedure 26 through 37 and 45(d)(3), "any opposing or response papers must be served within 14 days after service of the moving papers." E.D.N.Y. Local Civ. R. 6.1(b). Because Plaintiff's Extension Motion was made pursuant to Federal Rule of Civil Procedure 4(m), Defendants are correct: Local Rule 6.1(b) afforded them 14 days to file an opposition. Accordingly, the Court is left "with the definite and firm conviction that a mistake has been committed", because Defendants were subjected to an unforeseen decision that foreclosed their opportunity to respond. Centro De La Comunidad Hispana De Locust Valley, 954 F. Supp. 2d at 139. Although no party has affirmatively raised this issue, at least one district court has held that the "clearly erroneous or contrary to law" standard applies to a magistrate judge's application of local rules in the same manner as it applies to statutes. See Schrader v. Wynn, No. 19-CV-2159, 2021 WL 619376, at *4 (D. Nev. Feb. 17, 2021) ("the magistrate judge clearly erred in her application of LR 7-2"); see also Sooroojballie v. Port Auth. of New York & New Jersey, 816 F. App'x 536, 551 n.8 (2d Cir. 2020) (holding a district court erred by prematurely granting a

fee application before the 14-day period in Local Civil Rule 6.1 expired).

Plaintiff's attempt to characterize the Magistrate Orders as final orders subject to Rule 60(b) is unavailing, as Rule 60(b) applies only to a "final judgment, order, or proceeding." See FED. R. CIV. P. 60(b). This proposed interpretation is inconsistent with the Supreme Court's recent analysis of Rule 60(b) in Waetzig v. Halliburton Energy Services, Inc., which explained a court's power under Rule 60(b) "kicks in" only "[a]fter a case is finally terminated," as "a court no longer presides" at that point. 604 U.S. 305, 313 (2025). Accordingly, the Rule 72(a) Motion is GRANTED to the extent the Magistrate Orders are vacated.

B. **The Court's Concerns on the Service of Process Issue**

Although the Court is granting the Rule 72(a) Motion, and reserves decision on the Extension Motion, it nonetheless wishes to remind the parties of some basic principles relevant to Rule 4(m).

Under Federal Rule of Civil Procedure 4(m), a plaintiff has ninety days after the filing of the complaint to serve the defendant, although the Court must extend the time for service if "good cause" is shown. See Fed. R. Civ. P. 4(m). "The purpose of Rule 4(m) is to prod the slow-footed plaintiff, not to reward the

crafty or evasive defendant." Adams v. Abrahim, No. 24-CV-9378, 2026 WL 1080330, at *5 (S.D.N.Y. Feb. 3, 2026), report and recommendation adopted sub nom. Adams v. Gharib, No. 24-CV-9378, 2026 WL 810313 (S.D.N.Y. Mar. 23, 2026). Additionally, the Second Circuit has a longstanding "preference that litigation disputes be resolved on the merits." Cody v. Mello, 59 F.3d 13, 15 (2d Cir. 1995).

Against this backdrop, the Court has serious concerns about how Ronald raised the service issue. In the weeks following the alleged October 6, 2025 service attempt, Ronald litigated venue and pseudonym issues in this Action without mentioning or asserting any problem with service. (See Motion to Change Venue; Pseudonym Opp'n.) Most egregiously, his First PMC Request asserted no service-of-process defense. (See First PMC Request.) Because a central purpose of the pre-motion conference process is to identify the issues to be raised in an upcoming motion to dismiss, this omission is particularly troubling.[7] See Farag v. XYZ Two Way Radio Serv., Inc., No. 20-CV-4191, 2022 WL 3030346, at *6 n.12 (E.D.N.Y. Aug. 1, 2022) (explaining the pre-motion conference

[7] Ronald's First PMC Request was filed before the case was assigned to Judge Seybert. Had it been filed after Judge Seybert received the case, his failure to raise the service-of-process defense in the First PMC Request would have waived the issue. See Seybert Individual Rule III(B)(3) ("[a]rguments not raised in the pre-motion conference request or during the subsequent hearing shall be deemed waived.") (emphasis in original).

procedure provides a venue for plaintiffs to decide "whether 'they want to proceed to briefing and arguing the motion based on complaint as is ... or, having heard a preview of the defense's arguments, [whether they] want to avail [themselves] of right to amend at this stage'") (further citation omitted), aff'd, No. 22-1795, 2023 WL 2770219 (2d Cir. Apr. 4, 2023).

The Court's concerns are further bolstered by the fact that, while Ronald has apparently known about the alleged service issues since October 6, 2025, Plaintiff's counsel does not appear to have had actual knowledge of the service issues or, at least, received several representations from ABC Legal that service was effectuated without issue. (See ABC Legal Service Confirmation; ABC Legal Service Signature Confirmation; ABC Legal Screenshots.) As an attorney, Ronald should understand the implications of declining to accept service.

## CONCLUSION

For the stated reasons, IT IS HEREBY ORDERED that Defendants' Rule 72(a) Motion is GRANTED to the extent (1) March 30 and April 13, 2026 Orders issued by Judge Shields are VACATED;

and (2) Defendants' response to Plaintiff's Extension Motion, if any, shall be filed by no later than October 23, 2026.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: October 9, 2026
Central Islip, New York