UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

CHRISTINA CAMPOS,

Plaintiff,

-against-

RONALD DAVID INGBER, AMY INGBER, and JOHN DOES 1-99,

Defendants.

---------------------------------------------------------------X

Docket No.: 25-CV-5478 (JS) (AYS)

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO SERVE PURSUANT TO FED. R. CIV. P. 4(m)**

**GUERCIO & GUERCIO LLP**
*Attorneys for Defendants*
*Ronald David Ingber and Amy Ingber*
Adam I. Kleinberg
Connor Mulry
77 Conklin Street
Farmingdale, New York 11735
(516) 694-3000

## TABLE OF CONTENTS


**PRELIMINARY STATEMENT** ........................................................................................1

**STATEMENT OF FACTS**............................................................................................2

**ARGUMENT**..............................................................................................................3

**POINT I. PLAINTIFF NEVER SERVED MR. INGBER** ...............................................3

**POINT II. PLAINTIFF CANNOT SHOW GOOD CAUSE** ...............................................4

**POINT III. THE COURT SHOULD DECLINE A DISCRETIONARY EXTENSION** .........................................................................................5

**POINT IV. MR. INGBER TIMELY RAISED THE SERVICE DEFENSE & DID NOT DECLINE SERVICE** ...................................................................7

**POINT V. PLAINTIFF'S LATEST ATTEMPT AT SERVICE DOES NOT CURE THE SERVICE DEFECT** ...................................................................9

**POINT VI. PRESERVATION OF DEFENSES AND ALTERNATIVE REQUEST FOR A HEARING** ............................................................................9

**CONCLUSION** ..........................................................................................................8

# TABLE OF AUTHORITIES

## Cases

*Bossuk v. Steinberg*,
58 N.Y.2d 916 (1983) .................... 4
*Hall v. Wong*,
119 A.D.3d 897 (2d Dept. 2014) .................... 4
*Harmon v. Bogart*,
788 F. App'x 808, 810 (2d Cir. 2019) .................... 6
*Hernandez v. Lira of N.Y. Inc.*,
2023 U.S. Dist. LEXIS 52077, *7 (S.D.N.Y. March 27, 2023) .................... 9
*Macchia v. Russo*,
67 N.Y.2d 592 (1986) .................... 4
*Moss v. Ciferri*,
2023 U.S. Dist. LEXIS 59334 (E.D.N.Y. March 31, 2023) .................... *passim*
*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
526 U.S. 344, 350 (1999) .................... 8
*Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*,
301 F.3d 54, 57 (2d Cir. 2002) .................... 3, 10
*Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*,
484 U.S. 97, 104 (1987) .................... 3
*Ostrow v. Parker*,
2014 U.S. Dist. LEXIS 2251 (E.D.N.Y. Jan. 7, 2014) .................... *passim*
*Rosales v. Pepe's Rest. Grp. LLC*,
2025 U.S. Dist. LEXIS 130631, *15 .................... 9
*Tolchin v. County of Nassau*,
768 Fed. Appx. 60, 61 (2d Cir. May 17, 2019) .................... 6
*Zapata v. City of New York*,
502 F.3d 192, 197 (2d Cir. 2007) .................... 5, 6

## Statutes

Fed. R. Civ. P. 4(c)(1) .................... 4
Fed. R. Civ. P. 4(d)(1) .................... 2, 5
Fed. R. Civ. P. 4(e)(2)(A) .................... 3
Fed. R. Civ. P. 4(e)(2)(B) .................... 3
N.Y. C.P.L.R. 308(1) .................... 3
N.Y. C.P.L.R. 308(2) .................... 3
N.Y. C.P.L.R. 308(4) .................... 3

## PRELIMINARY STATEMENT

Defendant Ronald David Ingber ("Mr. Ingber") respectfully submits this memorandum of law, pursuant to the Court Order dated October 9, 2026 (ECF Doc. No. 44), in opposition to Plaintiff's motion for extension of time to serve Mr. Ingber. (ECF Doc. No. 19) (the "Extension Motion").[1]

Plaintiff had every opportunity to timely serve Mr. Ingber and passed on each one. Three days before her process server went to Mr. Ingber's home, Mr. Ingber's counsel offered in writing to accept service by executing a waiver. Plaintiff never responded. Instead, determined to try to further embarrass Mr. Ingber, Plaintiff sought to serve him at home. But Plaintiff's process server left papers at the door of an unoccupied house, and the process server's own affidavit says so: the documents were "left," and service was "accepted . . . with security camera." Plaintiff filed that affidavit on October 14, 2025, with 77 days remaining in the Rule 4(m) period. Mr. Ingber raised the defect in his first Rule 12 motion on March 2, 2026.

Plaintiff's choices foreclose a finding of good cause. Nor does the record warrant a discretionary extension. This Court has denied such extensions to a *pro se* plaintiff who failed to cure after notice—*See Moss v. Ciferri*, 2023 U.S. Dist. LEXIS 59334 (E.D.N.Y. March 31, 2023)—and to represented plaintiffs who offered no explanation—*See Ostrow v. Parker*, 2014 U.S. Dist. LEXIS 2251 (E.D.N.Y. Jan. 7, 2014). Plaintiff is represented, ignored an offer to accept service, filed an affidavit that disclosed the defect on its face, and did nothing after formal notice. The extension motion should be denied and the action dismissed in its entirety.

[1] This opposition is submitted on behalf of Mr. Ingber solely, to whom the Extension Motion is directed.

## STATEMENT OF FACTS

Plaintiff commenced this action on October 1, 2025. (ECF Doc No. 1.) On October 3, 2025, defense counsel advised Plaintiff's counsel by email that he was authorized to execute a waiver of service. (ECF Doc. No. 19-8; ECF Doc. No. 44.) Plaintiff did not respond and never sent a waiver request under Fed. R. Civ. P. 4(d)(1). She instead sought to further humiliate Mr. Ingber, and the *New York Post* published her allegations on October 11, 2025. (Ex. C.)

On October 6, 2025, at approximately 9:50 a.m., process server Terrance Kelly of ABC Legal went to Mr. Ingber's home in Suffolk County, NY. (ECF Doc. No. 8; ECF Doc. No. 19-1 ¶ 3.) Mr. Ingber was at his law office in Nassau County with his law partner, Jeffrey Siler. (ECF Doc. No. 29-5, ¶ 4; ECF Doc. No. 29-7.) Speaking remotely through his Ring doorbell, Mr. Ingber told the process server that no one was home to accept service. The server left an envelope at the door and departed. (ECF Doc. No. 29-5, ¶¶ 5 to 7.) The Ring footage of the exchange is attached as Exhibit A, and was previously served on Plaintiff's counsel on March 2, 2026 pursuant to Mr. Ingber's initial motion to dismiss. (Ex. A; NYSCEF Doc No. 17.)

Plaintiff filed the server's affidavit on October 14, 2025. (ECF Doc. No. 8.) It opens by stating that the documents were "delivered . . . to Ron Ingber," but read in its entirety it describes something else:

> The individual accepted service with security camera (documents left, seen by subject). The individual appeared to be a brown-haired white male contact 5'10"-6'0" tall and weighing over 300 lbs.

(*Id.* at 1.) The Ring system transmits no video to the visitor, so the server could not have seen the man he describes as he was 19 miles away in another county, and Mr. Ingber is six feet five inches tall. (ECF Doc. No. 23 at 1; ECF Doc. No. 29-5, ¶ 14.)

The Rule 4(m) period expired on December 30, 2025. Mr. Ingber has not answered. He raised insufficient service in his first Rule 12 motion, served March 2, 2026 (ECF Doc. No. 29-8

at 3-4, 7-11), and in each pre-motion letter filed since the case was reassigned to this Court (ECF Doc. No. 23 at 1-2; ECF Doc. No. 36 at 1.) Plaintiff moved for an extension on March 20, 2026, eighty days after the deadline, with counsel stating only that "service may have been proper." (ECF Doc. No. 19-1 ¶ 11.)

## ARGUMENT

### POINT I: PLAINTIFF NEVER SERVED MR. INGBER

Plaintiff cannot meet the requisite burden to establish she effectively achieved sufficient service on Mr. Ingber. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). On a challenge to service, "the plaintiff bears the burden of establishing that service was sufficient." *Moss,* 2023 U.S. Dist. LEXIS 59334, at *8 (quoting *Khan v. Khan*, 360 F. App'x 202, 203 (2d Cir. 2010)). A process server's affidavit is no more than p*rima facie* evidence, and a defendant's sworn denial "rebuts the presumption of proper service." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57 (2d Cir. 2002). The return "is not conclusive as to the facts of service" where the defendant submits affidavits controverting it. *Ostrow*, 2014 U.S. Dist. LEXIS 2251, at * 6.

Plaintiff's affidavit of service contradicts itself. Personal service requires "delivering a copy of the summons and of the complaint to the individual personally." Fed. R. Civ. P. 4(e)(2)(A); *see* N.Y. C.P.L.R. 308(1). The affidavit admits that the documents were "left" and that service was "accepted" through a "security camera." Neither Rule 4(e) nor CPLR 308 recognizes that method. Nothing was handed to Mr. Ingber, nothing was left with a person of suitable age and discretion, and nothing was mailed. Fed. R. Civ. P. 4(e)(2)(B); N.Y. C.P.L.R. 308(2), (4). The physical description confirms the point. A server speaking to a doorbell that sends no video could not have

observed the man he describes, and the height he recorded is wrong by at least five inches. In *Ostrow*, this Court rejected a return that recited delivery to an "adult Asian female" the defendant swore did not exist. 2014 U.S. Dist. LEXIS 2251, at *6-7. This return fails for the same reason, and the sworn declarations of Mr. Ingber and Mr. Siler, together with the Ring footage, place Mr. Ingber in Mineola.[2] (Ex. A, Ex. B.)

The decision in *Bossuk v. Steinberg*, 58 N.Y.2d 916 (1983), does not save the attempt. It permits a server to leave process outside the door only "if the person to be served interposes a door between himself and the process server," and only where "the person to be served is made aware that he is doing so." *Id.* at 918; *see Hall v. Wong*, 119 A.D.3d 897 (2d Dept. 2014) (defendant spoke to server through the closed door of her home). The rule presupposes that the defendant is physically behind the door. Here, Mr. Ingber was in another town, and a video doorbell carries a voice, not a person. The papers were left at an empty house, not in his general vicinity. And Mr. Ingber's awareness of the suit does not cure the defect either. *Macchia v. Russo*, 67 N.Y.2d 592 (1986) (no personal delivery under CPLR 308(1) where server handed summons to defendant's son, who brought it to defendant); *Moss*, 2023 U.S. Dist. LEXIS 59334, at *20 ("[A]ctual notice cannot 'cure a failure to comply with the statutory requirements for serving process.'") (quoting *Sikhs for Justice v. Nath*, 850 F. Supp. 2d 435, 441 (S.D.N.Y. 2012)).

## POINT II: PLAINTIFF CANNOT SHOW GOOD CAUSE

"The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). Good cause "is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of

[2] Defendant was at work in Mineola, over 19 miles away in the next county from his home. Additional phone records are available for the Court showing the location of Defendant if sought.

circumstances beyond its control." *Moss*, 2023 U.S. Dist. LEXIS 59334, at *15 (citation omitted); *accord Ostrow*, 2014 U.S. Dist. LEXIS 2251, at *9 to 10. "A mistaken belief that service was proper is not good cause under Rule 4(m)." *Moss*, 2023 U.S. Dist. LEXIS 59334, at *15. And "good cause does not exist where the plaintiff, upon learning that a defendant was not properly served, fails either to serve that defendant again within the time remaining under Rule 4(m) or to seek additional time within which to do so." *Id.* at *15 to 16.

Each principle defeats the motion. Nothing outside Plaintiff's control prevented service. Her counsel was offered a waiver, the simplest method the Rules provide, and ignored the offer. *See* Fed. R. Civ. P. 4(d)(1). Her own server's affidavit, which she filed on October 14, 2025, disclosed that the papers were "left" and "accepted" by camera, leaving 77 days to cure within the Rule 4(m) period. The ABC Legal confirmations (ECF Doc. Nos. 19-3, 19-4, 19-6) cannot change what the sworn affidavit says, and reliance on a vendor's assurances is the "mistaken belief" that *Moss* holds insufficient. Counsel's statement that service "may have been proper." (ECF Doc. No. 19-1 ¶ 11) concedes the doubt.

Plaintiff cannot recast these choices as evasion. A defendant's evasion supports good cause only where the evasion, rather than the Plaintiff's own mistaken belief that service was proper, caused the failure. *Moss*, 2023 U.S. Dist. LEXIS 59334, at *16 n.9. Mr. Ingber offered, through counsel, to accept service before any attempt was made, and he told the server the truth. A defendant who volunteered to waive service is the opposite of an evasive one.

## POINT III: THE COURT SHOULD DECLINE A DISCRETIONARY EXTENSION

A court "may grant an extension in the absence of good cause, but it is not required to do so." *Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007). The plaintiff "must ordinarily advance some colorable excuse for neglect," and absent good cause "no weighing of the prejudices

between the two parties can ignore that the situation is the result of the plaintiff's neglect." *Id.* at 198. Courts consider whether the limitations period would bar a refiled action, whether the defendant had actual notice, whether the defendant attempted to conceal the defect, and whether the defendant would be prejudiced. *Ostrow*, 2014 U.S. Dist. LEXIS 2251, at *11. Plaintiff offers no colorable excuse, and the factors favor dismissal.

That dismissal may leave claims time barred "is not dispositive." *Moss*, 2023 U.S. Dist. LEXIS 59334, at *19. The Second Circuit has repeatedly affirmed Rule 4(m) dismissals with that consequence. *Zapata*, 502 F.3d at 197 to 98; *Harmon v. Bogart*, 788 F. App'x 808, 810 (2d Cir. 2019) (summary order); *Tolchin v. County of Nassau*, 768 Fed. Appx. 60, 61 (2d Cir. May 17, 2019) (summary order) (affirming dismissal where counsel's neglect caused a delay of more than sixteen months). Extending service beyond the limitations period "imposes a corresponding prejudice on defendants," which the Court should weigh especially where, as here, the defendant "did not conceal the defect in service." *Moss*, 2023 U.S. Dist. LEXIS 59334, at *19 (quoting *Deptula*, 558 F. Supp. 3d at 89).

Mr. Ingber's knowledge of the suit flows from his own offer to accept service. Notice acquired that way should not be turned against the party who volunteered it, and in any event it cannot cure defective service. *Moss*, 2023 U.S. Dist. LEXIS 59334, at *20.

There was no concealment. Counsel offered a waiver before any attempt. Counsel's early declarations stated only that Plaintiff "claims to have effectuated service of process" (ECF Doc. No. 44 at 4 n.2), conceding nothing. Mr. Ingber raised the defense in his first Rule 12 motion and his pre-motion letters filed with this Court.

Mr. Ingber would be prejudiced by being compelled to defend, more than a year after filing and after the limitations period, claims Plaintiff made no effort to serve properly. That is the

prejudice *Zapata* identifies. 502 F.3d at 198. Any prejudice to Plaintiff "is the result of the plaintiff's neglect." *Id.*

This Court's own decisions compel the same result. In *Moss*, the Court denied a discretionary extension to a *pro se* plaintiff who failed to cure after the defendants' pre-motion letter put him on notice of the defect, notwithstanding the limitations consequences. 2023 U.S. Dist. LEXIS 59334, at *17 to 21. In *Ostrow*, the Court denied an extension where plaintiffs "proffered no explanation" for their failure. 2014 U.S. Dist. LEXIS 2251, at *10 to 12. Here, Plaintiff has counsel, rejected an offer to accept service, filed an affidavit that disclosed the defect, and did nothing. "[I]f the Rules are to mean anything, parties must diligently try to follow them and courts must enforce them, even if that means that cases must sometimes be finally determined on procedural grounds rather than on their substantive merits." *Moss*, 2023 U.S. Dist. LEXIS 59334, at *20-21 (quoting *Fowler v. City of New York*, No. 13 Civ. 2372, 2015 WL 9462097, at * 8 (E.D.N.Y. Dec. 23, 2015)). This Circuit's preference for resolution on the merits (*see Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995)), does not relieve a represented party of a deadline she chose not to meet.

## POINT IV. MR. INGBER TIMELY RAISED THE SERVICE DEFENSE & DID NOT DECLINE SERVICE

Mr. Ingber respectfully addresses the concerns raised by the Court in the October 9th Order (ECF Doc. No. 44.) The defense was timely raised.

Insufficient service is waived only if omitted from a Rule 12 motion or a responsive pleading. Fed. R. Civ. P. 12(g)(2), (h)(1). A defendant must raise it in his "first defensive move, be it a Rule 12 motion or a responsive pleading." *Ostrow*, 2014 U.S. Dist. LEXIS 2251, at * 8 (quoting *Index Fund, Inc. v. Hagopian*, 107 F.R.D. 95, 101 (S.D.N.Y. 1985)). Mr. Ingber did exactly that. The request to transfer the case to the Central Islip courthouse (ECF Doc. No. 9), the

opposition to Plaintiff's pseudonym motion (ECF Doc. No. 11), and the October 27, 2025 pre-motion letter (ECF Doc. No. 12) were not Rule 12 motions, and limited appearances of that kind do not waive jurisdictional defenses. *See id.* at * 7-8. The October 9th Order recognizes that Individual Rule III(B)(3) did not govern the first pre-motion conference request, which preceded judicial reassignment (October 9th Order at 12, n.7), and every pre-motion letter filed since reassignment has raised service as an issue. (ECF Doc. No. 23 at 1-2; ECF Doc. No. 36 at 1).

When the first pre-motion conference request was filed on October 27, 2025, the Rule 4(m) period had more than two months to run. More fundamentally, Rule 4(c)(1) places responsibility for proper service on the plaintiff, not the defendant. Plaintiff did not need Mr. Ingber to tell her what her own process server swore to. The affidavit she filed on October 14, 2025 disclosed that the papers were "left" and that service was "accepted" by camera, and the ABC Legal confirmations on which she relies could not change that. (ECF Doc. No. 8 at 1.)

Mr. Ingber did not decline service. The October 9th Order observes that "[a]s an attorney, Ronald should understand the implications of declining to accept service." (October 9th Order at 13.) Respectfully, Mr. Ingber never declined service. Through counsel, he offered to accept it, and Plaintiff declined that offer preferring to try to serve him in front of his family. On October 6th, Mr. Ingber was at work and told the process server, accurately, that no one was home. Rule 4 makes no exception for attorneys. Its requirements for serving "an individual" apply to every defendant, Fed. R. Civ. P. 4(e), and the principle that "[i]n the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant," *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999), draws no distinction by occupation. "The purpose of Rule 4(m) is to prod the slow-footed plaintiff, not to reward the crafty or evasive defendant." (October 9th Order at 11-12

(quoting *Adams v. Abrahim*, No. 24 Civ. 9378, 2026 WL 1080330, at *5 (S.D.N.Y. Feb. 3, 2026)).) This record presents the former, not the latter.

The Ring footage was previously served to Plaintiff's counsel on March 2, 2026, pursuant to Mr. Ingber's initial motion to dismiss. (Ex. A; NYSCEF Doc. No. 17.) It was not before the Court then because of the Court's bundle rule for dispositive motions. The footage is now submitted in full herein by conventional filing.

**POINT V: PLAINTIFF'S LATEST ATTEMPT AT SERVICE DOES NOT CURE THE SERVICE DEFECT**

Plaintiff's recent attempt to serve the second amended complaint was effectuated on October 15, 2026. But Rule 4(m) required service within 90 days after the original October 1, 2025 filing. (ECF Doc No. 1.)

Plaintiff's latest attempt at service was more than nine months after the 90-day period to effectuate closed, with no extension in place. And service of the second amended complaint does not restart the service period. *Hernandez v. Lira of N.Y. Inc.*, 2023 U.S. Dist. LEXIS 52077, *7 (S.D.N.Y. March 27, 2023) (amended complaint does not restart the service period as to defendants named in the original complaint); *see also Rosales v. Pepe's Rest. Grp. LLC*, 2025 U.S. Dist. LEXIS 130631, *15 (same). Thus, Plaintiff's latest attempt at effectuating service does not cure the service defect.

**POINT VI: PRESERVATION OF DEFENSES AND ALTERNATIVE REQUEST FOR A HEARING**

Mr. Ingber submits this opposition as directed by the October 9th Order and does not consent to jurisdiction. He preserves all defenses, including lack of personal jurisdiction, insufficient process, insufficient service of process, all other defenses under Rule 12(b), and the limitations defense under CPLR 202.

Should the Court find that the affidavit and the sworn declarations present a factual dispute, Mr. Ingber requests an evidentiary hearing before any finding that service was made. *See Old Republic*, 301 F.3d at 57. He further requests that any ruling set out findings on good cause and on each discretionary factor.

**CONCLUSION**

The Court should deny the extension motion and dismiss the action as against Mr. Ingber in its entirety. In the alternative, any extension should be brief, without prejudice to all other defenses, including the CPLR § 202 limitations defense, and accompanied by a schedule for Mr. Ingber's motion to dismiss the Second Amended Complaint.

Dated: Farmingdale, New York
October 22, 2026

**GUERCIO & GUERCIO LLP**
*Attorneys for Defendants*
*Ronald and Amy Ingber*

By: Adam I. Kleinberg
Connor Mulry