# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JANE DOE,

Plaintiff,

-against-

RONALD DAVID INGBER and JOHN DOES 1-99,

Defendants.

-----------------------------------------------------------------X

Docket No.: 25-CV-5478 (JS) (AYS)

**DECLARATION OF RONALD INGBER**

I, RONALD INGBER, an attorney duly admitted to practice before this Court, declares under penalty of perjury that the following is true and correct:

1. I am the defendant in this action. I submit this declaration in support of my motion to dismiss the complaint.

2. I was admitted to the New York State bar in 1998. Since then, I have remained an attorney in good standing and have never faced any disciplinary action.

3. My partner in the law firm of Siler & Ingber, LLP is Jeffrey B. Siler. Our firm's office has been located at 301 Mineola Boulevard, Mineola, NY, in Nassau County, since approximately 2008.

4. On the morning of October 6, 2025, both my law partner and I were working in our Mineola office. This includes the time of the alleged service of the complaint in this action at 9:50 a.m.

5. I reside at 23 Majestic Drive, in Dix Hills, NY, in Suffolk County. I have a Ring Video doorbell camera attached to the front door of my home. This allows me to monitor who is

coming and going from my house and has an audio feature that lets me communicate from my cell phone with people who ring the doorbell.

6. On the morning of October 6, 2025, someone approached my house and rang the doorbell. I had already been in the office for quite some time before this encounter. I spoke with the person through the audio feature of the Ring Video doorbell system. Neither I nor anyone in my family was home at the time.

7. I advised the person outside my front door that no one was there to accept service. He then proceeded to leave the papers in an envelope at or near the door.

8. I was not personally served on that date, nor was I personally served on any other date, or ever receive a copy of the summons and complaint by mail.

9. As I spoke with the process server that morning, my law partner entered my office and heard the communication.

10. I attach the video camera footage from the Ring Video camera doorbell from the morning of the alleged service of October 6, 2025 for the Court's consideration as Exhibit 1.

11. I have reviewed the affidavit of service dated October 6, 2025, which was filed with the Court in this action.

12. While the process server alleges at the bottom of his affidavit of service that I "appeared to be a brown-haired white male contact 5'10"-6'0" tall and weighing over 300 lbs," the camera does not show the person outside my home any video feed. While the camera permits me to see the person outside my home, and communicate by two-way audio, there is no accompanying video shown to a visitor. Thus, there is no way the process server could have seen me, as I was located in Mineola, approximately 18 miles away.

13. I did not return home that day until the evening, long after my surveillance camera showed the visitor leaving the vicinity of my house.

14. While the process server apparently guessed my height, I am 6’5”, not 5’10”-6’0” as set forth in the affidavit of service.

Dated: Mineola, New York
March 2, 2026

DocuSigned by:
Ron Ingber
376F78152386484...

Ronald Ingber

# EXHIBIT 1

## Ring Video of Purported Service of Complaint

## *To be provided under separate cover*