Guercio & Guercio LLP
ATTORNEYS AT LAW

**Adam I. Kleinberg**
*Partner*
77 Conklin Street
Farmingdale, New York 11735
(516) 694-3000 x236
akleinberg@guerciolaw.com

October 22, 2026

**Via ECF**
Honorable Joanna Seybert
Eastern District of New York

Re: *Campos v. Ingber, et. al.*
Docket No. 1:25-cv-5478 (JS) (AYS)

Your Honor:

We represent the named defendants in this matter. We write to request a pre-motion conference in anticipation of moving to dismiss the second amended complaint under FRCP 4(m), 12(b)(2), (5) and (6).

Plaintiff alleges she and defendant Ronald Ingber dated on-and-off between 2018 and 2022. (ECF Doc. No. 32, ¶¶ 23, 123.) At the beginning of their relationship (2018 and/or 2019 until 2021), plaintiff resided in New Jersey, while he resided in Dix Hills, Suffolk County. (*Id.*, ¶¶ 24-25.) Plaintiff frequently made trips to Nassau and Suffolk County to visit him during this time. (*Id.*, ¶ 31.) The bulk of the allegations asserted occurred between 2021 and 2022, during which time Ronald Ingber allegedly bought plaintiff an apartment in Nassau County, and she principally resided there until November 2022 when she left and moved back to New Jersey. (*Id.*, ¶¶ 13-15, 48-129.) Plaintiff levies various heinous and untrue allegations against Ronald Ingber. She also asserts that Ronald Ingber transferred his residence to his wife Amy for no consideration to "avoid paying the inevitable resulting judgment." (*Id.*, ¶¶ 17, 206-211.)

The nonresident plaintiff sets forth sixteen causes of action, including one under federal law, seven under New York state law, and eight under New Jersey state law. They are for: (i) a violation of 15 USC § 6851, (ii) violation of N.J.S.A. 2A:58D-1, (iii) false light invasion of privacy, (iv) publicity given to private life, (v) aiding and abetting, (vi) intentional infliction of emotional distress ("IIED"), (vii) N.Y. Civil Rights Law § 52-b, (viii) harassment under N.Y. Civil Rights Law § 79-n, (ix) intentional/negligent transmission of a sexual disease, (x) intrusion upon seclusion, (xi) fraud, (xii)-(xiv) voidable transfer under N.Y. Debt. & Cred. Law § 273(a)(1)(2), and § 274(a), (xv) civil conspiracy, and (xvi) unjust enrichment. (ECF Doc. No. 32, at pp. 34-55.) All of plaintiff's claims should be dismissed as either time barred or non-actionable.

### *Improper Service of Original Complaint & New Service is Untimely and Ineffective*

Plaintiff's failure to properly serve defendant requires dismissal of suit. On October 14, 2025, plaintiff filed an executed summons which asserted the process server personally served Defendant Ronald Ingber. (ECF Doc. No. 8.) But he was not personally served. Home security camera footage from outside defendants' residence affirms this, as does a declaration of Mr. Ingber's law partner. Without valid service, this Court has no jurisdiction. *See Barreto v. Cerciello*, 2020 U.S. Dist. LEXIS 190442, * 2-3 (E.D.N.Y. 2020).

Plaintiff's latest attempt at serving the second amended complaint was effectuated on October 15, 2026. But Rule 4(m) required service within 90 days after the October 1, 2025 filing. Service attempted more than nine months after that period closed with no extension in place. And service of the second amended complaint does not restart the service period. *Hernandez v. Lira of N.Y. Inc.*, 2023 U.S. Dist. LEXIS 52077, *7 (S.D.N.Y. March 27, 2023) (amended complaint does not restart the service period as to defendants named in the original complaint).

The Extension Motion should be denied for the reasons stated in Mr. Ingber's opposition. *See also Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007); *Moss v. Ciferri*, 2023 U.S. Dist. LEXIS 59334 (E.D.N.Y. Mar. 31, 2023); *Ostrow v. Parker*, 2014 U.S. Dist. LEXIS 2251 (E.D.N.Y. Jan. 7, 2014). Plaintiff left a written offer to waive service unanswered and made no further attempt for more than a year. Her renewed effort to serve is also difficult to reconcile with her position that the October 6, 2025 attempt was effective.

***Dissemination Causes of Action***

15 U.S.C. § 6851 creates a federal civil cause of action for the nonconsensual disclosure of intimate images. Likewise, N.J.S.A. § 2A:58D-1 imposes civil liability for the unauthorized photography, filming, videotaping, recording, or reproduction of another person's intimate parts or sexual act. NY Civil Rights Law § 52-b provides a private right of action for the unlawful dissemination or publication of intimate images.

U.S.C. § 6851 does not include an express limitations period, so federal courts apply the most analogous state statute of limitations. *See North Star Steel Co. v. Thomas,* 515 U.S. 29, 34 (1995) (in the absence of a federal limitations period, "resort to state law is the accepted practice"); *see also Owens v. Okure*, 488 U.S. 235 (1989). 15 USC § 6851 is most analogous to a personal injury claim. *See Ericson v. Syracuse Univ.*, 35 F. Supp.2d 326, 330 (S.D.N.Y. 1999).

In New Jersey, there is a two-year limitations period for personal injury and privacy torts under N.J.S.A. § 2A:14-2, which provides "[e]xcept as otherwise provided by law, every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State shall be commenced within two years next after the cause of any such action shall have accrued." N.J.S.A. § 2A:14-2(a). The two-year statute of limitations has been applied to New Jersey claims involving invasion of privacy, emotional distress, and harassment. In *Rumbauskas v. Cantor*, 138 N.J. 173, 180-182 (1994), a case involving co-workers, the Supreme Court of New Jersey held that an action for intrusion on seclusion based on conduct such as stalking or threats of violence constitutes a claim for injury that is governed by the two-year statute of limitations set forth in N.J.S.A. 2A:14-2. Similarly in *Barker v. United Airlines, Inc.,* 2024 U.S. Dist. LEXIS 17659, *12 (D.N.J. 2024), a New Jersey federal district court dismissed a cause of action for invasion of privacy as time barred by applying a two-year statute of limitations.

New York Civil Rights Law § 52-b allows a claim to be filed within three years of dissemination or one year from discovery. However, the timeliness of suit is governed by New York's borrowing statute, CPLR § 202. *See* Civil Rights Law § 52-b(3). The statute mandates that "an action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either New York or the place without the state where the cause of action accrued." *Global Fin. Corp. v. Triarc Corp.*, 93 N.Y.2d 525, 528 (1999).

Because the alleged dissemination in November 2022 and January 2023 would have been during the period at or after plaintiff moved back to New Jersey, the resulting harm allegedly occurred in New Jersey and

the cause of action would have accrued there. *See Antone v. General Motors Corp.*, 64 N.Y.2d 20, 27 (1984). And applying CPLR § 202, this Court must borrow the shorter of the two periods which would be New Jersey's two-year statute because the cause of action accrued in New Jersey. *See Global Fin. Corp.*, 93 N.Y.2d at 529. Defendants' New York residency does not alter this result as CPLR § 202 applies to all causes of action accruing outside of New York State as alleged by plaintiff. *See Portfolio Recovery Assocs., LLC v. King*, 14 N.Y.3d 410 (2010).

Plaintiff alleges Mr. Ingber disseminated lewd photographs of her to plaintiff's friends, colleagues and family members in November 2022, and an ex-boyfriend reported receiving lewd photographs in January 2023. (ECF Doc No. 32, ¶¶ 121-124, 160). Each alleged disclosure is a discrete act that accrues separately as a single publication tort. Thus, the Court cannot consider these allegations as any asserted dissemination cause of action must have been asserted by November 2024 or at latest January 2025. The September and December 2024 messages are not alleged to have been image disclosures and cannot revive the time-barred claims.

### *False Light Invasion of Privacy, Publicity, Intrusion Upon Seclusion & Transmission of STD*

Plaintiff allegedly learned she contracted a sexually transmitted infection in April 2019. (ECF Doc No. 32, ¶¶ 37-39.) Her false light invasion of privacy and publicity given to life claims stem from emails and text messages allegedly sent in July and November 2022. (*Id.*, ¶¶ 6, 97, 121, 236-242.) Her intrusion upon seclusion claim is premised on alleged "surveillance" tactics, principally through November 2022. (*Id.*, ¶¶ 283-293.)

For the reasons set forth above, the two-year statute of limitations should apply as the alleged injuries are personal injury/privacy torts. *See* N.J.S.A. § 2A:14-2(a); *Rumbauskas*, 138 N.J. 173 at 182.; *Boring v. Google Inc.*, 2010 U.S. App. LEXIS 1891 (3d Cir. 2010). Thus, plaintiff should have brought the referenced causes of action actions by April 2021, and July and November 2024, respectively. Her failure to do so bars the bringing of such claims now.

### *Aiding and Abetting & Fraud*

Plaintiff alleges "upon information or belief" that Mr. Ingber used third parties to send "spoof" phone calls to her friends and family and disseminate harassing messages (including the lewd photographs). (ECF Doc No. 32, ¶¶ 14, 122, 136-138, 243-250.) Plaintiff does not allege that any conduct occurring after November 2022 involved third parties (*Id.*, ¶¶ 167-183, 243-250.) Thus, to the extent plaintiff alleges an aiding and abetting discrimination claim, it would also be subject to a two-year statute of limitations, and also be time barred. *See Warwick v. New Jersey Office of the AG*, 2022 U.S. Dist. LEXIS 96999 (D.N.J. 2022).

For similar reasons, the "fraud" claim should be dismissed. It is largely based on the assertion that Mr. Ingber fabricated a criminal investigation by a New Jersey Prosecutor's Office in July 2022. (ECF Doc No. 32, ¶¶ 294-305.) This is patently untrue, but regardless plaintiff's own allegations establish discovery of this supposed "fraud" by November 2022. (*Id.*, ¶¶ 13, 151-152.) The two-year New Jersey statute of limitations expired November 2024. *Piscopo v. Public Serv. Elec. & Gas Co.*, 650 Fed. Appx. 106, 110 (3d Cir. 2016)

### *N.Y. Civil Rights Law § 79-n*

NY Civil Rights Law § 79-n (2) provides that a person who intentionally selects a person for harm or causes physical injury because of a belief or perception regarding that person's gender shall be liable to that

person for injunctive relief, damages, or any other appropriate relief in law or equity. *See id.* This cause of action is inapplicable to the allegations levied.

The timeliness of this claim is also governed by New York's borrowing statute. *See* N.Y.C.P.L.R § 202. And the only "timely allegations," that plaintiff claims defendant sent harassing messages to her in September and December 2024, do not connote any harm due to a "belief or perception" regarding plaintiff's sex. (ECF Doc No. 32, ¶¶ 161-163, 165-166, 170-175.) These allegations do not maintain that defendant "intended to cause physical injury or harm because of a belief or perception regarding [her] gender."

### *IIED*

For a viable claim, plaintiff must allege: (i) defendant acted intentionally or recklessly, (ii) the conduct must be so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community, (iii) defendant's actions must have been the proximate cause of plaintiff's emotional distress, and (iv) the emotional distress suffered must be so severe that no reasonable person could be expected to endure it. *See Schachtel v. Hughes*, 2024 N.J. Super. Unpub. LEXIS 2609, *20-21. In New Jersey, the statute of limitations is two years. *Gould v. JPMorgan Chase Bank, N.A.*, 2021 U.S. Dist. LEXIS 180230, *8-9 (D.N.J. 2021) (citing N.J.S.A. 2A:14-2).

Again, the only "timely allegations" are that plaintiff claims defendant sent "harassing" messages to her in September and December 2024. (ECF Doc No. 32, ¶¶ 161-163, 165-166, 170-175.) This alleged complained-of conduct amounts to, at most, "indignities, threats, annoyances, petty oppressions, or other trivialities." *See E.S. v. Elizabeth Bd. of Educ.*, 2024 U.S. Dist. LEXIS 49749, *43 (citation omitted). And "[p]erceived unkindness has no remedy at law" for the purposes of plaintiff's IIED claim. *See id.*

### *Voidable Transfer, Civil Conspiracy & Unjust Enrichment*

All claims against Amy Ingber must also be dismissed. The three "theories" under New York debtor and creditor law fail for a myriad of reasons. First, as discussed most of plaintiff's claims are time-barred so she lacks standing as a "creditor." *Wall St. Assocs. v. Brodsky*, 257 A.D.2d 526, 528 (1st Dep't 1999). Second, plaintiff has no "right to payment" because she cannot be considered as a creditor under the statute. Third, the transfer of the home was legitimate agreement, which is presumed legitimate absent evidence of concealment or insolvency. *United States v. McCombs*, 30 F.3d 310, 323 (2d Cir. 1994). Fourth, plaintiff fails to allege insolvency, a requirement for a constructive fraud claim. *In re Sharp Int'l Corp.*, 403 F.3d 43, 53 (2d Cir. 2005). Fifth, plaintiff fails to plead actual intent with particularity, defeating that prospective claim as well. *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006).

As for the civil conspiracy clam, New York does not recognize an independent tort of civil conspiracy. *Alexander & Alexander of N.Y., Inc. v. Fritzen*, 68 N.Y.2d 968, 969 (1986). Thus, without an actionable underlying tort, the conspiracy claim collapses, and there is no other actionable tort here. An unjust enrichment claim, is duplicative of the fraudulent conveyance claim, and cannot be used as a "catchall cause of action to be used when others fail." *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790 (2012). Moreover, Plaintiff and Amy Ingber have no direct relationship giving rise to an unjust enrichment claim. *See Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 182 (2011).

***Motion to Strike***

Last, defendants also seek permission under Fed. R. Civ. P. 12(f) to strike various scandalous portions of the second amended complaint that are wholly irrelevant to the actual causes of action pleaded. Due to spatial considerations, we cannot list all of these in this letter, but fat-shaming allegations are blatant violations of this rule.

We look forward to discussing these issues with the Court at a pre-motion conference.

Respectfully submitted,

GUERCIO & GUERCIO LLP

ADAM I. KLEINBERG

Cc: All counsel of record (via ECF)