UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CRISTINA CAMPOS,<br><br>Plaintiff,<br><br>-against-<br><br>RONALD DAVID INGBER, AMY INGBER, and JOHN DOES 1-99,<br><br>Defendant. | Case No.: 25-cv-5478 |

**REPLY MEMORANDUM OF LAW**
**IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO EXTEND SERVICE PERIOD**

VERIDIAN LEGAL P.C.

Daniel S. Szalkiewicz, Esq.
Cali P. Madia, Esq.
23 West 73rd Street, Suite 102
New York, NY 10023
(212) 706-1007
daniel@veridianlegal.com
*Attorneys for Plaintiff*

**ARGUMENT**

Plaintiff respectfully submits this reply to Defendant Ronald Ingber's opposition (ECF No. 45) to Plaintiff's motion for an extension of time to serve pursuant to Fed. R. Civ. P. 4(m).

As this Court recognized in its October 9, 2026 Order (ECF No. 44), Plaintiff retained a professional process server who represented that service was effectuated on October 6, 2025. Plaintiff received multiple confirmations from ABC Legal, including a sworn affidavit of personal service, upon which counsel reasonably relied. The Court further observed that, despite Defendant's purported knowledge of defective service, he actively litigated this matter without raising the issue until March 2026, including in his initial pre-motion conference request. Indeed, the Court expressly identified serious concerns regarding Defendant's conduct in asserting this defense, emphasizing his knowledge of service rules as an attorney. (ECF No. 44 at 12–13).

Defendant's opposition provides no compelling reason to depart from the considerations already identified by the Court. As Judge Seybert observed, Rule 4(m) is intended to encourage diligent service, not reward defendants who strategically withhold objections. (*Id.* at 12) Here, Plaintiff promptly retained a professional process server, received affirmative confirmation of service, and reasonably believed that service had been completed. Defendant, meanwhile, indisputably had actual notice of the action and actively participated in the litigation. Moreover, even absent a finding of good cause, the Court retains discretion to extend the service period. *(See Zapata v City of NY,* 502 F3d 192, 196 [2d Cir 2007]). Such an extension is particularly appropriate where, as here, Plaintiff has provided a reasonable explanation for the service defect, Defendant has had actual notice throughout the litigation, and dismissal could substantially prejudice Plaintiff without advancing any legitimate purpose of Rule 4(m).

Defendant identifies no meaningful prejudice from granting the extension, particularly where Plaintiff has now undertaken additional service efforts (*See* Exhibit 1).

Finally, as the Court expressly recognized, the Second Circuit favors resolving litigation on its merits. (ECF No. 44 at 12). Denying Plaintiff an extension under these circumstances would elevate a disputed defect in service over that fundamental principle.

Accordingly, Plaintiff respectfully requests that the Court grant her motion to extend the time for service pursuant to Fed. R. Civ. P. 4(m) or deem Defendant properly served on October 14, 2026.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this court deny Defendant Ingber's motion in its entirety.

Dated: October 30, 2026
New York, New York

VERIDIAN LEGAL P.C.

By: _________/Daniel S. Szalkiewicz___________
Daniel S. Szalkiewicz
Cali P. Madia
*Attorneys for Plaintiff*